UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG, | Case Number: 3:22-cv-02010-RS |
| Plaintiff(s), | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, AND CASHMAN FAMILY INVESTMETNS II LLC, | |
| Defendant(s). | |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

Judges of the Northern District of California and Civil Local Rule 16-9.


1.      Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has jurisdiction over this action under 28 U.S.C. 1332(a) and 1441(a), in

that it is a civil action between citizens of different States, and the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs.

*Form updated January 17, 2023*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.      Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Prior to November 2021, Plaintiff was Chief of Staff at Founders Fund, a venture capital firm.  Plaintiff was introduced to Carlos Cashman, the former CEO of Thrasio, by a mutual connection, Tom Copeman.  Plaintiff alleges that, in May 2021, Copeman conveyed to Plaintiff that he was working with Cashman to create an investment platform and to raise a fund to work with early-stage founders.  Plaintiff further alleges that Copeman recruited her to join him at Cashman's fund.  Plaintiff alleges that she later met with Copeman and Cashman to discuss the investment platform and her prospective role in the fund.  During this time, Plaintiff continued to work for Founders Fund.  Plaintiff contends in her Complaint that in the Fall of 2021, she started working for the platform (called Arrowside), sourcing deals, conducting due diligence on the companies, and/or participating in the decision to invest.  Plaintiff further alleges that Cashman gave her an Arrowside email address, assigned her tasks on behalf of Arrowside, and held her out to third parties as an Arrowside partner.  In November 2021, Plaintiff resigned from Founders Fund.  Plaintiff then alleges that, in December 2021, Copeman told her that the "new economics" did not allow her to remain part of the fund and offered a settlement of one-month's pay and carried interest for the three deals she had brought to the fund.  Plaintiff contends she rejected the offer and has not received any compensation or reimbursement for her out-of-pocket expenses.  Plaintiff further contends that she has been unable to obtain full-time employment since she was ousted by Arrowside.

Defendants dispute that Plaintiff was recruited to join and/or that she ever, in fact, joined or worked with, or for, Carlos Cashman, Arrowside Ventures, LLC or any other Defendant entity.  Defendants also dispute that there existed any employment or contractual relationship between Plaintiff and any Defendant.  Defendants further dispute that Cashman assigned Plaintiff tasks or held her out to third parties as an "Arrowside partner."  Defendants further dispute the nature and total number of transactions that Plaintiff alleges she sourced and/or closed during the time in which she explored investment opportunities with Cashman, Arrowside Ventures, LLC or any other Defendant entity.  Defendants further dispute the

*Form updated January 17, 2023*

1    amount of money to which Plaintiff is entitled as a result of the investment opportunities in

2    which she participated. Finally, Defendants contend that Plaintiff has failed to mitigate her

3    alleged damages.

4

5    3.    Legal Issues

6    *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

7          The existence of an alleged employment or contractual relationship is in dispute, as

8    well as whether plaintiff is entitled to any relief.  Defendants also maintain that Plaintiff has

9    failed to meet the prerequisites, and is therefore not entitled to relief, under the California

10   Labor Code.

11   4.    Motions

     *All prior and pending motions, their current status, and any anticipated motions.*

12          On June 6, 2022, Defendants Arrowside Capital, LLC and Arrowside Fund GP, LLC

13   filed a motion to dismiss the original complaint, and Defendants Arrowside Ventures, LLC,

14   Carlos Cashman, and Cashman Family Investments II LLC filed a motion for a more definite

15   statement.  Dkt. Nos. 18, 19.  Following this action's reassignment to Judge Seeborg, both sets

16   of Defendants refiled their respective motions on June 17, 2022.  Dkt. Nos. 25, 26.  Plaintiff

17   subsequently filed her First Amended Complaint on July 25, 2022.  Dkt. No. 32.  Defendants

18   Arrowside Capital, LLC and Arrowside Fund GP, LLC filed their Answer to the First

19   Amended Complaint on August 8, 2022.  Dkt. No. 35.  Defendants Arrowside Ventures, LLC,

20   Carlos Cashman, and Cashman Family Investments II LLC filed their Motion for a More

21   Definite Statement on August 8, 2022.  Dkt. No. 33.  By Order dated September 12, 2022, the

22   Court denied the Motion for a More Definite Statement.  Dkt. No. 38.  The Parties' Joint

23   Stipulation and Proposed Order to Extend Scheduling Order Deadlines is currently pending

24   before the Court.  Upon completion of discovery, the parties will consider whether motions for

25   summary judgment are warranted.

26   5.    Amendment of Pleadings

27   *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

28

*Form updated January 17, 2023*

The parties do not anticipate any further amendments to their pleadings at this time. Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave.

6.    Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

Pursuant to Fed. R. Civ. P. 26, the parties served their initial disclosures on October 3, 2022.  Plaintiff disclosed the following individuals as likely to have discoverable information relevant to this case:  Carlos Cashman, Tom Copeman, Tucker Walsh, Scott Briggs, Lauren Gross, Michelle Nunez, Melissa Ciana, Kylie Ruschioni, Brett Dietz, and Derek Montolio. Defendants disclosed the following individuals as likely to have discoverable information relevant to this case:  Carlos Cashman, Tom Copeman, Tucker Walsh, and Scott Briggs.

Plaintiff identified the following descriptions of documents that may be used to support her case:  emails, text messages, receipts for expenses, presentations and analyses created and performed for Arrowside and Carlos Cashman, applications and project management tools, and documents related to Founders Fund compensation.  Defendants identified the following descriptions of documents that may be used to support their case:  emails and texts, investment documents and share purchase agreements, investment memoranda, powerpoint presentations, and all documents produced by Plaintiff supporting or contradicting Plaintiff's allegations.

Plaintiff disclosed that she seeks monetary damages she believes to exceed $10 million, as well as restitution provided by Business and Professions Code Section 17200, et seq. and

*Form updated January 17, 2023*

reasonable costs and disbursements.  Plaintiff and Defendants disclosed that they have no

applicable insurance policy.

8.      Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

        The parties have been engaged in fact discovery, including third-party discovery.  The

parties have now conducted the depositions of Tucker Walsh, Carlos Cashman, and Stacy

Chang.  The parties have scheduled Tom Copeman's deposition to take place at the beginning

of November.  In addition, the parties are working with third-party Founders Fund to schedule

either one or two depositions, both to take place later this month or in early-to-mid November.

Following those depositions, the parties do not anticipate any additional fact depositions.

        The parties also exchanged supplemental discovery requests following the depositions

of Mr. Walsh, Mr. Cashman, and Ms. Chang.

9.      Class Actions

*If a class action, a proposal for how and when the class will be certified.*

 N/A

10.     Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

        There are no related cases or proceedings pending before another judge of this court, or

before another court or administrative body.

11.     Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

        Plaintiff has alleged and seeks monetary damages she believes to exceed $10 million,

as well as restitution provided by Business and Professions Code Section 17200, *et seq.* and

reasonable costs and disbursements.  From Plaintiff's perspective, monetary damages include,

but are not limited to, (1) compensation from Arrowside, (2) what Plaintiff lost by leaving

Founders Fund, and (3) damage to her career, given that she has only been able to find part-

time employment since her termination from Arrowside.  In connection with some of

*Form updated January 17, 2023*

Plaintiff's claims, she has alleged and seeks double damages (e.g., Third Cause of Action) and attorney's fees (e.g., Eighth Cause of Action).  In addition, Plaintiff has alleged that she is owed reimbursement for certain out-of-pocket expenses incurred on behalf of Arrowside. Defendants contend that should liability be established (which Defendants strongly contest), damages should be calculated based on Plaintiff's limited involvement with the investment opportunities in which she participated.

## 12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have engaged in initial settlement discussions during the pendency of this litigation.  Following the conclusion of fact discovery, the parties may be interested in mediation and/or a settlement conference with a Magistrate Judge.

## 13. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.  The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case, and discuss how resolution of these issues may be expedited.*

N/A

## 15. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

## 16. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Page **6** of **9**

Below are the deadlines set by Your Honor's Order dated August 3, 2023 (Dkt. No. 45) that currently govern the remainder of the case:

- Fact Discovery:  October 16, 2023
- Designation of Affirmative Experts:  November 16, 2023
- Designation of Supplemental and Rebuttal Experts:  December 15, 2023
- Expert Discovery:  January 15, 2024
- Pretrial Motions:  February 16, 2024
- Pretrial Conference:  April 16, 2024
- Trial:  April 29, 2024

Because of some difficulties with obtaining third-party discovery that the parties and Founders Fund are almost finished resolving, the parties recently proposed a modified schedule, in the form of a stipulation and proposed order dated September 26, 2023 (Dkt. No. 57).  While that proposed order is still pending before the Court, the proposed revised schedule is as follows:

- Fact Discovery:  December 15, 2023
- Designation of Affirmative Experts:  January 15, 2024
- Designation of Supplemental and Rebuttal Experts:  February 15, 2024
- Expert Discovery:  March 15, 2024
- Pretrial Motions:  April 15, 2024
- Pretrial Conference:  June 3, 2024
- Trial:  June 10, 2024

17.    Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a jury trial.  The parties expect the trial to last 5-7 days.

18.    Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

*Form updated January 17, 2023*

Plaintiff and Defendants have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.  Plaintiff restates that other than Plaintiff, there is no such interest to report.  Defendants restate that Tom Copeman maintains a 20% profit participation on each investment after return of capital with Arrowside Ventures, LLC and Tucker Walsh is the managing partner with a significant ownership interest in Arrowside Capital, LLC and Arrowside Fund GP, LLC.

19.    Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20.    Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

N/A

*Form updated January 17, 2023*

1

Dated: October 5, 2023                     */s/ L. Reid Skibell*
2                                           _____
                                            Counsel for plaintiff
3

4

Dated: October 5, 2023                     */s/ Jeffrey T. Collins*
5                                           _____
                                            Counsel for defendant
6

7                              CASE MANAGEMENT ORDER

8   The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

9   as the Case Management Order for this case and all parties shall comply with its provisions. [In

10  addition, the Court makes the further orders stated below:]

11

12

13  IT IS SO ORDERED.

14   Dated:                                 _____

15                                          UNITED STATES DISTRICT/MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

*Form updated January 17, 2023*