UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACY CHANG,

                    Plaintiff,

          v.

CARLOS CASHMAN, ARROWSIDE
CAPITAL, LLC, ARROWSIDE FUND GP,
LLC, ARROWSIDE VENTURES, LLC, and
CASHMAN FAMILY INVESTMENTS II
LLC,

                    Defendants.

Case No. 3:22-cv-02010-RS

STIPULATED
PROTECTIVE ORDER

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

this Stipulated Protective Order does not entitle them to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

        2.1      Challenging Party: a Party or Non-Party that challenges the designation of

information or items under this Order.

        2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is

United States District Court
Northern District of California

generated, stored or maintained) or tangible things that contain confidential, non-public business, commercial, financial, proprietary, or other sensitive personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, proprietary, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15 <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

1    defentes in this action, with or without prejudice; and (2) final judgment herein after the completion

2    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

3    time limits for filing any motions or applications for extension of time pursuant to applicable law.

4    5.       DESIGNATING PROTECTED MATERIAL

5            5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

6    Non-Party that designates information or items for protection under this Order must take care to

7    limit any such designation to specific material that qualifies under the appropriate standards. To the

8    extent it is practical to do so, the Designating Party must designate for protection only those parts of

9    material, documents, items, or oral or written communications that qualify – so that other portions of

10   the material, documents, items, or communications for which protection is not warranted are not

11   swept unjustifiably within the ambit of this Order.

12           Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

13   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

14   encumber or retard the case development process or to impose unnecessary expenses and burdens on

15   other parties) may expose the Designating Party to sanctions.

16           If it comes to a Designating Party's attention that information or items that it designated for

17   protection do not qualify for protection at all or do not qualify for the level of protection initially

18   asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the

19   mistaken designation.

20           5.2     Manner and Timing of Designations. Except as otherwise stipulated or ordered,

21   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

22   designated before the material is disclosed or produced.

23           Designation in conformity with this Order requires:

24                  (a) for information in documentary form (e.g., paper or electronic documents, but

25   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

26   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

27   EYES ONLY" to each page that contains protected material. If only a portion or portions of the

28   material on a page qualifies for protection, the Producing Party also must clearly identify the

4

1   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

2   each portion, the level of protection being asserted.

3   A Party or Non-Party that makes original documents or materials available for inspection need not

4   designate them for protection until after the inspecting Party has indicated which material it would

5   like copied and produced. During the inspection and before the designation, all of the material made

6   available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

7   EYES ONLY." After the inspecting Party has identified the documents it wants copied and

8   produced, the Producing Party must determine which documents, or portions thereof, qualify for

9   protection under this Order. Then, before producing the specified documents, the Producing Party

10  must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  OUTSIDE COUNSEL'S EYES ONLY") to each page that contains Protected Material. If only a

12  portion or portions of the material on a page qualifies for protection, the Producing Party also must

13  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

14  must specify, for each portion, the level of protection being asserted.

15          (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

16  Designating Party identify on the record, before the close of the deposition, hearing, or other

17  proceeding, all protected testimony and specify the level of protection being asserted. When it is

18  impractical to identify separately each portion of testimony that is entitled to protection and it appears that

19  substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the

20  record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to

21  identify the specific portions of the testimony as to which protection is sought and to specify the level of

22  protection being asserted. Only those portions of the testimony that are appropriately designated for

23  protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

24  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

25  properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27          **Unless the other parties otherwise agree, depositions shall be noticed at least 20 days in**

28  **advance of the deposition to ensure that a Party or Non-Party gives the other Parties at least 10 days'**

**notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are otherwise permitted to receive the Protected Material are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

1    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

2    or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

3    confidentiality designation by electing not to mount a challenge promptly after the original

4    designation is disclosed.

5         6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

6    by providing written notice of each designation it is challenging and describing the basis for each

7    challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

8    recite that the challenge to confidentiality is being made in accordance with this specific paragraph

9    of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

10   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

11   are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

12   Party must explain the basis for its belief that the confidentiality designation was not proper and

13   must give the Designating Party an opportunity to review the designated material, to reconsider the

14   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

15   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

16   has engaged in this meet and confer process first or establishes that the Designating Party is

17   unwilling to participate in the meet and confer process in a timely manner.

18        6.3    Judicial Intervention. If a Challenging Party cannot resolve a challenge with the

19   Designating Party without court intervention, the Challenging Party shall file and serve a motion to

20   challenge confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

21   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

22   that the meet and confer process will not resolve their dispute, whichever is earlier. Each such

23   motion must be accompanied by a competent declaration affirming that the movant has complied

24   with the meet and confer requirements imposed in the preceding paragraph. Failure by the

25   Challenging Party to make such a motion including the required declaration within 21 days (or 14

26   days, if applicable) shall automatically confirm the confidentiality designation for each challenged

27   designation. In addition, the Designating Party may file a motion to retain a confidentiality

28   designation at any time if there is good cause for doing so, including a challenge to the designation

7

1  of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision

2  must be accompanied by a competent declaration affirming that the movant has complied with the

3  meet and confer requirements imposed by the preceding paragraph.

4        The burden of persuasion in any such challenge proceeding shall be on the Designating

5  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

6  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

8  retain confidentiality as described above, all parties shall continue to afford the material in question

9  the level of protection to which it is entitled under the Producing Party's designation until the court

10  rules on the challenge.

11  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

12        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

13  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

15  the categories of persons and under the conditions described in this Order. When the litigation has

16  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

17  DISPOSITION).

18        Protected Material must be stored and maintained by a Receiving Party at a location and in a

19  secure manner that ensures that access is limited to the persons authorized under this Order.

20        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

21  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22  information or item designated "CONFIDENTIAL" only to:

23        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

24  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

25  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

26  attached hereto as Exhibit A;

27        (b) the officers, directors, and employees (including House Counsel) of the Receiving

28  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

8

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such Potential Witness shall only be shown information or item(s) designated "CONFIDENTIAL" as counsel shall reasonably deem necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness; and

(i) any neutral engaged by the parties to mediate their dispute, and his or her staff, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY COUNSEL'S EYES ONLY" only to:

9

1           (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

2 said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

3 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

4 hereto as Exhibit A;

5           (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

6 litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as

7 to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

8           (c) the court and its personnel;

9           (d) court reporters and their staff, professional jury or trial consultants,[1] and Professional

10 Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

11 "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

12           (f) the author or recipient of a document containing the information or a custodian or other

13 person who otherwise possessed or knew the information.

14         7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –

15 OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.[2]

16           (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

17 Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has

18 been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to

19 paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general

20 categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information that the

21 Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the

22 city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume,

23 (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert

24 has received compensation or funding for work in his or her areas of expertise or to whom the expert has

25

26 [2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-
party, then the Expert should provide whatever information the Expert believes can be disclosed
27 without violating any confidentiality agreements, and the Party seeking to disclose to the Expert
shall be available to meet and confer with the Designating Party regarding any such engagement.
28

1    provided professional services, including in connection with a litigation, at any time during the preceding

2    five years,[3] and (6) identifies (by name and number of the case, filing date, and location of court) any

3    litigation in connection with which the Expert has offered expert testimony, including through a

4    declaration, report, or testimony at a deposition or trial, during the preceding five years.[4]

5             (b) A Party that makes a request and provides the information specified in the preceding

6    respective paragraphs may disclose the subject Protected Material to the identified Designated House

7    Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

8    from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

9             (c) A Party that receives a timely written objection must meet and confer with the

10   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within

11   seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to

12   Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in

13   compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such

14   motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure

15   to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the

16   disclosure would entail, and suggest any additional means that could be used to reduce that risk. In

17   addition, any such motion must be accompanied by a competent declaration describing the parties' efforts

18   to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

19   setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

20   In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that

21   the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving

22   Party's need to disclose the Protected Material to its Designated House Counsel or Expert.).

23   8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
         LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all

2    of the information requested is subject to a confidentiality agreement with a Non-Party;

3    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

4    this litigation, the relevant discovery request(s), and a reasonably specific description of the

5    information requested; and

6    (3) make the information requested available for inspection by the Non-Party.

7    (c) If the Non-Party fails to object or seek a protective order from this court within 14

8    days of receiving the notice and accompanying information, the Receiving Party may produce the

9    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

10   seeks a protective order, the Receiving Party shall not produce any information in its possession or

11   control that is subject to the confidentiality agreement with the Non-Party before a determination by

12   the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

13   seeking protection in this court of its Protected Material.

14   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

17   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

19   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

20   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

21   Be Bound" that is attached hereto as Exhibit A.

22   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

23          MATERIAL

24   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

25   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

26   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

27   modify whatever procedure may be established in an e-discovery order that provides for production

28   without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

13

1  parties reach an agreement on the effect of disclosure of a communication or information covered by

2  the attorney-client privilege or work product protection, the parties may incorporate their agreement

3  in the stipulated protective order submitted to the court.

4  12.    MISCELLANEOUS

5        12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

6  its modification by the court in the future.

7        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

8  no Party waives any right it otherwise would have to object to disclosing or producing any

9  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

10  Party waives any right to object on any ground to use in evidence of any of the material covered by

11  this Protective Order.

12        12.3    Filing Protected Material. Without written permission from the Designating Party or a

13  court order secured after appropriate notice to all interested persons, a Party may not file in the

14  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

15  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

16  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

17  to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

18  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

19  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

20  to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in

21  the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

22  13.    FINAL DISPOSITION

23        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

24  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

25  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

26  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

27  the Protected Material is returned or destroyed, the Receiving Party must submit a written

28  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

14

1   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

2   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

3   abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

4   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

5   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

6   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

7   and expert work product, even if such materials contain Protected Material. Any such archival copies

8   that contain or constitute Protected Material remain subject to this Protective Order as set forth in

9   Section 4 (DURATION).

10   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11

12   DATED: _____12/14/23_____   ___/s/ Reid Skibell_____
                                                          Attorney for Plaintiff

13

14

15   DATED: _____12/14/23_____   ___/s/ Gregory Manousos_____
                                                          Attorney for Defendants

16

17

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20   DATED: _____   _____
                                                          United States District/Magistrate Judge

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Stacy Chang v. Carlos Cashman et al.*, Case No. 3:22-cv-02010-RS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

16