UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STACY CHANG, | ) | Case No.: 3:22-cv-02010-RS |
|                     Plaintiff, | )<br>) | **PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| vs. | ) | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC, | )<br>)<br>)<br>)<br>) | |
|                     Defendants. | )<br>) | |

Pursuant to Federal Rules of Civil Procedure 34 and 26(d)(2), plaintiff Stacy Chang ("Plaintiff" or "Chang"), by her undersigned counsel, hereby demands that defendants Carlos Cashman ("Cashman"), Arrowside Capital, LLC ("Capital"), Arrowside Fund GP, LLC ("Fund"), Arrowside Ventures, LLC ("Ventures"), and Cashman Family Investments II LLC ("Family Investments") produce the requested documents (each a "Request," and collectively, the "Requests") described below in their possession, custody, or control, or in the possession, custody, or control of their employees, attorneys, accountants, agents, representatives, or others acting with them or on their behalf to the undersigned counsel located at 44 Montgomery Street, Floor 41, San Francisco, CA 94104.

**DEFINITIONS**

A.     The applicable definitions and rules of construction contained in the Federal Rules of Civil Procedure and other applicable rules are hereby incorporated by reference.

B.     "Action" means the above-captioned lawsuit pending in the Northern District of California.

C.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope. Similarly, references to the singular shall include the plural and references to the plural shall include the singular.

D.     "Answer" means the answer filed by Defendants Capital and Fund in this case on August 8, 2022 at Dkt. No. 35.

E.     "Any" means "each and every" as well as "any one."

F.     "Arrowside" means the collective entity that includes Arrowside Capital, LLC, Arrowside Fund GP, LLC, Arrowside Ventures, LLC, and Cashman Family Investments II LLC.

G.     "Communication" means any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or oral transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computers, and memoranda to file, as well includes, without limitation, mail, telephone, facsimile transmission, e-mail, text message, messages through social media, messages on any social networking website or on-line, web-based or cloud-based electronic accounts (including but not limited to Facebook, LinkedIn, SnapChat,

Instagram and Twitter), and any electronic instant messenger technology, including but not limited to, WhatsApp, Instant Messenger and Gmail chat.

      H.      "Amended Complaint" means the amended complaint filed by Plaintiff on July 25, 2022, which is the operative complaint.

      I.      "Concerning," "reflecting," or "relating to" means bearing upon, regarding, referencing, referring, describing, discussing, supporting, substantiating, indicating, stating, mentioning, embodying, pertaining to, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing or having any logical or factual connection whatsoever to the subject matter in question, in whole or in part.

      J.      "Date" means the exact date, month and year, if ascertainable; otherwise, "date" means the best available approximation, including relationships to other events.

      K.      "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and other applicable rules.  By way of example, but not limitation, "document" means any written, recorded, or graphic material, whether prepared by you or any other Person, that is in your possession, custody, or control, including notes, calendar or diary entries, memoranda, reports, forms, filings, new account applications and forms with underlying documentation, letters, email, text messages, posts on social media, other electronic correspondence, and any other communications or information recorded in any form or medium, including photographs, and voicemail or other audio or video recordings. The term "document" includes both hard copy and electronic/computer data files, including any data stored on computers, smart phones, on social media accounts or any other electronic device or data storage device of any nature or other information storage/retrieval systems (including the "cloud") together with instructions and all other materials necessary to use or interpret such data

compilations. The term also includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings).

      L.      "Including" means "including without limitation," "including but not limited to" and "includes without limitation" and is intended to illustrate the kinds of matters that are responsive to the Request but not to limit the scope of the request in any way. Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the Request.

      M.      "Person" or "individual" means the singular, as well as the plural, and includes any natural person, proprietorship, partnership, corporation, association, organization, joint venture, government, trust, estate or other entity, and any representatives thereof.

      N.      "You" or "Your" means each individual Defendant as well as Defendants collectively.

## INSTRUCTIONS

      1.      In responding to the following requests for production (collectively the "Request" or the "Requests"), You shall furnish all information that is available to You, including information in the possession, custody, or control of Your attorneys, accountants, investigators, experts, representatives, or other agents.

      2.      These Requests shall be deemed continuing in nature so as to require further and supplemental production if You obtain additional information or documents between the time of initial production and the time of trial.

      3.      If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document request herein on any other ground, state the basis for your claim that

such a document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

      a.    whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

      b.    whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

      c.    any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

      d.    the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

      e.    the type of document, e.g. letter or memorandum; the general subject of the document; and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, and other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4. With respect to the documents requested, these Requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

5. These Requests specifically contemplate the production of all electronic, computer or magnetic data, including any associated metadata.

6. Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

7. If in responding to any Request, You claim any ambiguity in the Request, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for

refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

8. The documents produced in response to these Requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

    a. that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

    b. that all pages now stapled or fastened together be produced stapled or fastened together; and

    c. that all documents which cannot legibly be copied be produced in their original form.

9. The documents furnished in response to these Requests shall comprise all responsive documents in your possession, custody, or control.

10. If any document(s) requested were at any time in your possession, custody or control but are no longer, You should produce, simultaneous with the documents produced in response to these Requests, a log stating: (i) the documents that were once in Your possession, custody or control; (ii) the applicable date(s) on which that was so; (iii) the date(s) on which such control or access was relinquished, or the date(s) when such documents were disposed of or destroyed; (iv) to whose possession, custody or control such documents passed; and (v) where such documents are currently located.

11. Unless a different timeframe is specified in a particular request, these Requests seek documents and communications created, modified, received, or sent during the period from January 1, 2020 through the present (the "Relevant Period").

## REQUESTS FOR PRODUCTION

**REQUEST NO. 16:**

All written agreements between (a) Tom Copeman, and (b) Carlos Cashman, any named Defendant, or other Arrowside entity, concerning Mr. Copeman's work on behalf of any Arrowside entity, including any agreements that purportedly entitle Mr. Copeman to compensation or other benefits.

**REQUEST NO. 17:**

All documents and communications relating to the formation of Arrowside Ventures.

**REQUEST NO. 18:**

All settlement agreements, cease and desist letters, demand letters, and deposition testimony from Carlos Cashman in previous litigation or threatened litigation involving Mr. Cashman, including in *Sasha Hoffman v. Thras.io Inc.*, et al., Case No. 1:20-cv-12224-PBS (D. Mass.) and actual or threatened litigation involving OrionCKB.

Dated:   September 12, 2023

**GLENN AGRE BERGMAN & FUENTES LLP**

By: */s/ L. Reid Skibell*
    L. Reid Skibell (admitted *pro hac vice*)
    Lyn R. Agre (Cal. Bar No. 178218)
    Edward E. Shapiro (Cal. Bar No. 326182)
    44 Montgomery Street, Floor 41
    San Francisco, CA 94104
    Telephone: (332) 233-5784
    rskibell@glennagre.com
    lagre@glennagre.com
    eshapiro@glennagre.com
    *Attorneys for Plaintiff*