GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
azitrin@glennagre.com

<u>Attorneys for Plaintiff</u>

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG, | Case No.: 3:22-cv-02010-AMO |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO COMPEL** |
| vs. | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC, | Judge: Hon. Donna M. Ryu<br>Oakland Courthouse, Courtroom 4<br>Hearing Date: Thurs February 8, 2024<br>Time: 1:00 p.m. |
| Defendants. | Action Filed: March 1, 2022<br>Trial Date: September 17, 2024 |

PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO COMPEL
Case No. 3:22-cv-02010-AMO

**PRELIMINARY STATEMENT**

Defendant Carlos Cashman ("Cashman") expressly waived the attorney-client and attorney work product privileges by testifying in his deposition and declaring to this Court the details of specific advice he received from his attorneys relating to the formation of the entities he controls, Arrowside Ventures LLC ("Ventures") and Perseverus LLC ("Perseverus"). Although his waiver may have been partial—*i.e.*, he merely disclosed what Cashman thought would be beneficial to his defense—that does not make the waiver any less explicit. Cashman's arguments predicated on the erroneous assumption that the waiver at issue was implied rather than express should be disregarded.

In the alternative, should the Court find no express waiver, Cashman implicitly waived privilege as to the formation of Ventures and Perseverus by the affirmative act of testifying and declaring that their formation was reasonable, putting the formation of the same at issue, information about which is vital to Plaintiff's claims that Cashman is the alter ego of all of the Defendant entities, satisfying the Ninth Circuit's test for implicit waiver.

**ARGUMENT**

**A. Cashman Expressly Waived Privilege in his Deposition and Declaration**

Defendants' Opposition to the instant motion relies entirely on the implied waiver doctrine. Defendants' Opposition to Plaintiff's Motion to Compel ("Defendants' Opposition" or "Defs. Opp.") (Dkt. No. 83). However, Cashman expressly waived his attorney-client and attorney work product privileges both in his deposition testimony and in his declaration appended to Defendants' Opposition by revealing details of the advice from his attorneys relating to the formation of Ventures and Perseverus.

Cashman volunteered at his deposition that legal counsel advised him to form Ventures as a warehouse for the investments with which Plaintiff Chang was involved in reaction to her request for compensation. Declaration of Ashley Zitrin in Support of Plaintiff's Motion to Compel ("Zitrin Decl.") Exh. A, Cashman Depo. at 279 (Dkt. No. 74-2). Cashman also declared to this Court in support of Defendants' Opposition that his attorneys advised him to create Ventures due to Plaintiff's

lawsuit and in order to keep any disputed investments separate from future investments which would be made via Perseverus. Declaration of Carlos Cashman ("Cashman Decl.") (Dkt. No. 83-1). These were voluntary disclosures, with no privilege objection from Counsel at the time of the deposition or after, and, in fact, Cashman doubled down on the disclosure with his Declaration further supporting that this was an express waiver. *See Omni Home Financing, Inc. v. Hartford Life and Annuity Ins. Co.*, No. 06-CV-0921IEG (JMA), 2008 WL 66562, at *3 (S.D. Cal., Jan. 7, 2008).

The fact that Cashman only *partially* disclosed what he discussed with his attorneys is not an argument for characterizing the waiver as implied. In fact, that is the entire reason that the requested documents should be produced. Federal Rule of Evidence 502(a) provides that the "disclosure of a communication or information covered by the attorney-client privilege" in a federal proceeding "waives the attorney-client privilege" with regard "to an undisclosed communication or information" where "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

First, Cashman has intentionally and repeatedly disclosed the content of his attorneys' advice, not just the subject matter, as required for express waiver. *See Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 23 (9th Cir. 1981) (finding waiver where fund officer "testified that the Fund had been advised by its Blue Sky counsel that 'it would be best to register wherever the Fund had a single shareholder.'"). Cashman testified and declared that his attorneys advised it would be better to form Ventures as a fund solely containing investments with which Chang was involved, in the ill-conceived hope that any investments through Perseverus would not be subject to the instant litigation. This is detailed information that would otherwise be privileged except that Cashman has now waived that privilege.

Second, the undisclosed communications and documents Plaintiff seeks involve the same

subject matter – formation of the Ventures and Perseverus entities and Cashman's purpose and intent regarding the same.

Third, fairness dictates that Plaintiff be able to see all the documents and communications on the subject of formation in order to refute Cashman's claim that the formation of Ventures and Perseverus was a reasonable, "entirely appropriate decision, and a sensible one, as it would keep these entities separate and distinguishable; there was no intent whatsoever to shield any individual or entity from discovery or liability," as stated in Defendants' Opposition at 5. This is particularly true given Plaintiff's pending motion for leave to amend her complaint seeking to add Perseverus and other entities as defendants, and to add allegations that Cashman is the alter ego of all of the Defendant entities, a fact that Defendants completely ignore in their Opposition. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 306 F.R.D. 234, 243 (N.D. Cal. 2015) (Fairness requires that "[a] party may neither disclose nor dispute contents of documents while simultaneously concealing other portions under a claim of privilege, when the truth of the party's statements 'can only be assessed by examination of the privileged communication.'"). Plaintiff will assert alter ego allegations against Defendants regardless of whether she can amend her Complaint, as pleading alter ego liability specifically is not required to recover on that theory. *See A.J. Fistes Corp. v GDL Best Contractors, Inc.*, 38 Cal.App.5th 677, 696, (2019) (Plaintiff need not plead the words "alter ego" to recover on alter ego theory).

Cashman has expressly waived his privilege regarding documents and communications relating to the formation of Ventures and Perseverus and fairness requires Defendants produce them.

**B.  Cashman also Implicitly Waived Privilege by Contending Formation was Reasonable**

The 9th Circuit's three-part test for implicit waiver requires (1) an affirmative act, (2) putting the assertion of privilege at issue, and (3) that the privileged information is vital to the seeker. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). However, Defendants' contention that only an

affirmative claim or defense constitutes an affirmative act is far too narrow a reading of the test. Affirmative statements in declarations and arguments in motions can support implicit waiver. *See e.g., Apple,* 306 F.R.D. at 241-43 (declarations and motion arguments supported finding implied waiver); *Roberts v. Legacy Meridian Park Hosp., Inc.,* 97 F. Supp. 3d 1245, 1253 (D. Or. 2015) (statements in declaration in support of opposition to motion sufficient to find implied waiver); *Starsight Telecast, Inc. v. Gemstar Development Corp.*, 158 F.R.D. 650, 654 (N.D. Cal. 1994) (declaration statements constitute implied waiver).

Plaintiff has affirmatively asserted alter ego liability and will seek to pierce the corporate veil relating to all Defendants. Cashman, in turn, affirmatively refutes Plaintiff's alter ego claims by stating at his deposition and now in his declaration (and presumably in his forthcoming opposition to Plaintiff's motion for leave to amend the complaint) that his formation of Ventures and Perseverus was reasonable and not an attempt to avoid liability here based on attorney advice.

Plaintiff is at a severe disadvantage in refuting Defendants' assertion of reasonableness without access to the sought documents as they are vital to prosecuting her alter ego allegations. Without the sought documents and communications, Plaintiff has only Cashman's declaration and cannot effectively make her claims that he abused the corporate form and attempted to avoid liability in creating Ventures and Perseverus. This is the very definition of using privilege as both a sword and a shield. *See Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992). Defendants thrust their argument on Plaintiff and this Court that Arrowside and Perseverus were created for entirely proper purposes while shielding themselves from Plaintiff's alter ego assertions by claiming information relating to that same formation is privileged.

Defendants' argument that all information necessary for Plaintiff's prosecution of this case is found in the Operating Agreements themselves makes no sense. Plainly, there is no information in those documents as to *why* these entities were formed, which is at the crux of alter ego liability. *See,*

- 4 -
PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HER MOTION TO COMPEL
Case No. 3:22-cv-02010-AMO

*e.g., Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 539 (2000) (requiring bad faith for alter ego liability); *see also Ministry of Defense of the Islamic Republic of Iran v. Gould, Inc.,* 969 F.2d 764, 769 (9th Cir. 1992) (noting intent as a factor for piercing the corporate veil).

Nor does the Court need to give Defendants a chance to abandon their claims in order to preserve their privilege prior to compelling production here. Certainly, if Cashman would like to admit that he abused the corporate form in setting up Arrowside and Perseverus, Plaintiff would welcome it. However, Cashmann has not abandoned his claim of reasonable formation even after multiple opportunities to do so since he was put on notice that he potentially waived privilege after counsels' first discussions on this matter in October 2023, and "the Ninth Circuit has never required prior notice from a court of a potential waiver," prior to finding waiver and ordering production. *Apple*, 306 F.R.D. at 243.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel the production of all documents and communications relating to the formation of Ventures and Perseverus and find that Defendants have waived the attorney-client and attorney work product privileges relating to the same.

DATED: January 12, 2024             Respectfully submitted,

By:      */s/ Reid Skibell*
    L. Reid Skibell (admitted *pro hac vice*)
    Ashley Zitrin (SBN 262238)
    Glenn Agre Bergman & Fuentes LLP
    44 Montgomery Street, Floor 41
    San Francisco, CA 94104
    Telephone: (332) 233-5784
    rskibell@glennagre.com
    azitrin@glennagre.com

*Attorneys for Plaintiff*