UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS CASHMAN, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-02010-AMO (DMR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 74 |

　　　　　The parties filed a joint discovery letter in which Plaintiff Stacy Chang moved to compel Defendant Carlos Cashman to provide further responses to two Requests for Production (RFPs). In relevant part, Plaintiff challenges Defendant's assertion of attorney-client privilege over documents responsive to RFP No. 17 and argues that Defendant waived any privilege.  Defendant disputes that any waiver occurred.  The court denied the joint letter without prejudice and granted Plaintiff leave to file a regularly noticed motion to compel regarding documents responsive to RFP No. 17 and set page limits for the motion, Defendant's opposition, and the reply.  [Docket No. 69 (Dec. 15, 2023 Order).]  The court ordered Plaintiff to submit Defendant's privilege log with her motion and "address each challenged document."  It also ordered the parties to "address which law of privilege applies" and provide evidentiary support for their positions.  *Id*.

　　　　　Plaintiff filed a motion to compel which is now fully briefed.  [Docket Nos. 74, 83, 84.] Plaintiff's motion does not comply with the court's December 15, 2023 Order.  To begin with, Plaintiff did not brief which law of privilege applies and did not include a statement of the applicable legal standard.  The two cases cited in her motion address federal privilege law, but state law governs resolution of issues arising out of the invocation of the attorney-client privilege in this diversity action.  *See* Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision"); Am. Comp. ¶ 21

(alleging diversity jurisdiction). Only two pages of the 10-page motion include legal argument. Plaintiff's motion also does not "address each challenged document." Instead, it cites a paragraph of her attorney's declaration that lists the documents that appear to be at issue, without indicating where on the 60-page privilege log they appear. The privilege log itself is not highlighted or numbered to indicate which entries are in dispute, complicating the court's review.

Plaintiff's motion is deficient in other respects. Plaintiff's motion appears to raise the attorney work product doctrine, even though the privilege log cites the attorney-client privilege as the sole basis for every withheld document. *See* Mot. 8 ("Cashman waived attorney client and attorney work product privileges."). The motion also does not brief the standard for evaluating claims of attorney work product. Additionally, Plaintiff's reply inappropriately raises the issue of express waiver of the attorney-client privilege (as opposed to implied waiver) for the first time.

For his part, Defendant's opposition does not address which law of privilege applies and cites both federal and state law on the attorney-client privilege, even though the standards are different. Defendant also does not cite any evidence in support of any of the factual allegations made in his opposition. Defendant's privilege log also does not comply with the court's Standing Order, as it does not include the "identity and position" of each document or communication's authors, addressees, and recipients. *See* Dec. 15, 2023 Order at 5-6.

Accordingly, the motion to compel is denied without prejudice for both parties' failure to comply with the December 15, 2023 Order, and to engage in a meaningful way with the relevant law and facts.

**IT IS SO ORDERED.**

Dated: February 5, 2024



Judge Donna M. Ryu
Chief Magistrate Judge