GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
azitrin@glennagre.com

<u>Attorneys for Plaintiff</u>

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG, | Case No.: 3:22-cv-02010-AMO |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| vs. | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC, | Judge: Hon. Araceli Martínez-Olguín
San Francisco Courthouse, Courtroom 10
Hearing Date: Thursday March 14, 2024
Time: 2:00 p.m. |
| Defendants. | Action Filed: March 1, 2022
Trial Date: September 17, 2024 |

Pursuant to the Court's Order dated March 1, 2024, Plaintiff, through her undersigned counsel, provides this supplemental brief to address why good cause exists to modify the Court's scheduling order, pursuant to Federal Rule of Civil Procedure 16(b).

## LEGAL STANDARD

Rule 16(b)(4) states "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause inquiry primarily focuses on the diligence of the party seeking modification." *Sudhir v. PHH Mortgage Corp.*, 2017 WL 3142114, at *1 (N.D. Cal., July 25, 2017) (citation omitted). "The district court may modify the pretrial schedule 'if it

cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

Plaintiff satisfies this standard because after learning of the existence of the entities discussed below and their respective roles in Defendant Cashman's scheme to shield assets from any recovery, she promptly sought Defendants' agreement to amend her pleading, and when they declined, filed this motion. She is only seeking minimal additional discovery related to this amendment. Good cause to modify the scheduling order is found where, as here, the modification is based on newly discovered information. *See e.g.*, *Akey v. Placer County,* 2017 WL 1831944, at *3 (E.D. Cal., May 8, 2017) (allowing modification based on "new and pertinent information.") (citation omitted). Further, where defendants' litigation tactics have caused the delay in seeking amendment, also as here, courts have found good cause to modify. *See, e.g. Stoddart v. Express Services*, 2017 WL 3333994, at *3 (E.D. Cal., Aug. 4, 2017) (citation omitted)

## APPLICATION AND ARGUMENT

Plaintiff's diligence in seeking leave to amend is outlined in her previous briefings, and below each proposed defendant and cause of action is addressed.

**A. Proposed Additional Defendants**

<u>Perseverus LLC ("Perseverus")</u>: Defendants neglected to include Perseverus in their initial disclosures. Plaintiff sought all documents and communications relating to any agreements between Defendant Cashman and/or his Arrowside entities and Mr. Copeman in her Request for Production 16, in part, to probe for undisclosed entities, such as Perseverus. Declaration of Ashley Zitrin ("Zitrin Decl.") (Dkt. No. 81), Ex. E. Defendants also failed to produce responsive documents that would have revealed the existence of Perseverus and its involvement in Defendants' wrongdoing, and in fact overtly misled Plaintiff as to the existence of documents that would have revealed Perseverus's existence. *Id*. ¶ 9, Ex. I. It was only on November 9, 2023, that Plaintiff learned of Perseverus's existence during Mr. Copeman's deposition testimony. *Id.* ¶ 4, Ex. D. Plaintiff immediately demanded production of Mr. Copeman's Perseverus employment agreement and his severance agreement with Arrowside Ventures LLC ("Ventures") and Perseverus, which were produced on

1

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT**
Case No. 3:22-cv-02010-AMO

1  November 28. *See id.* Ex. H. Less than two weeks later, Plaintiff requested Defendants' agreement
2  to amend her complaint. The parties then met and conferred and Plaintiff filed the instant motion on
3  December 29. *Id.* ¶ 10. Thus, Plaintiff diligently sought information regarding additional entities,
4  but was stymied by Defendants' failure to produce responsive documents. This is not a situation
5  where, for example, Plaintiff waited a year to serve written discovery or delayed for months to meet
6  and confer about discovery requests. *See, e.g.*, *Gilmore v. Safe Box Logistics, Inc.*, 2023 WL
7  7106883, at *3 (N.D. Cal. Sept. 15, 2023) (Martínez-Olguín, J.) (declining to find good cause) .

8  <u>Cashman Opportunity Fund, LLC ("Opportunity Fund")</u>: Defendants produced the executed
9  operating agreement for Arrowside Ventures ("Ventures") after much delay on October 17, 2023.
10 *See id.* ¶ 2. The operating agreement revealed that Opportunity Fund still held an investment in
11 Ventures even after Ventures's formation. *Id.* Ex. B. After learning this fact, Plaintiff probed the
12 documents related to Opportunity Fund and learned that this investment holding was never legally
13 transferred to Ventures. This indicated that Ventures is a sham entity, devoid of holdings, and an
14 alter ego of Defendant Cashman as Plaintiff proposes to allege in her new theory of liability
15 described below. Moreover this information entwines Opportunity Fund in the instant litigation and
16 justifies its addition as a defendant here.

17 <u>Arrowside Fund LP ("Fund LP") and Cashman Family Investment LLC ("Family I")</u>:
18 Plaintiff did not know until Fall 2023, when Perseverus's existence and Ventures's true nature was
19 revealed following depositions of Defendant Cashman and Mr. Copeman, *id.* Ex. C & D, that
20 Defendant Cashman had endeavored to avoid liability by shuffling assets into certain entities..
21 Following Plaintiff's discovery of this scheme, she investigated Defendant Cashman's involvement
22 in Fund LP and in turn, the Family Investment's funding of Fund LP, and uncovered that both entities
23 are completely controlled and dominated by Defendant Cashman as a means to fund Arrowside
24 Capital, LLC, a named defendant in the instant litigation.

25 **B. Proposed Additional Theories of Liability**

26 <u>Alter Ego and, in the alternative, Civil Conspiracy:</u> Plaintiff seeks to add all entity
27 Defendants to her present causes of action as they are all Defendant Cashman's alter ego, or in the
28

2
**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT**
Case No. 3:22-cv-02010-AMO

alternative, all entered into a civil conspiracy with him to wrong Plaintiff. Until Fall 2023, Plaintiff was unaware, and could not have reasonably discovered, Defendant Cashman's complete disregard of the corporate form. First, Plaintiff diligently requested the Arrowside Ventures Operating agreement but did not receive the executed version until late October 2023. *See id.* ¶ 2. Only at this point did she learn that Arrowside Ventures is a sham entity. Second, Plaintiff could not know that Defendant Cashman had used his various entities to avoid liability here until he and Mr. Copeman testified to the same at depositions. *See id.* Exs. C & D. Third, while Perseverus should have been identified in Defendants' initial disclosures and in response to Plaintiff's discovery requests, its existence was only revealed during Mr. Copeman's deposition on November 9, 2023. *See id.* Ex. D.

<u>Successor-in-Interest Liability Against Perseverus:</u> Plaintiff could not have known, despite her diligent discovery requests, that Perseverus existed nor that it was a successor-in-interest to Arrowside Ventures until Mr. Copeman testified about the connection between the two entities and Defendants were forced to produce his separation agreement with the two entities in November 2023. *Id.* ¶ 4, Exs. D & F.

## CONCLUSION

Plaintiff has diligently attempted to abide by the Court's scheduling order and has moved as swiftly to amend her complaint as Defendants' obstructionist tactics allowed. Therefore good cause exists under Rule 16(b)(4) for the Court to modify the scheduling order and allow Plaintiff leave to amend her complaint and grant a short extension to the discovery schedule for the new defendant.

DATED: March 5, 2024                Respectfully submitted,

By:    */s/ Reid Skibell*
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
Glenn Agre Bergman & Fuentes LLP
44 Montgomery Street, Suite 2410
San Francisco, CA 94104
Telephone: (415) 599-0880
rskibell@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

3

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR LEAVE TO AMEND THE COMPLAINT**
Case No. 3:22-cv-02010-AMO