GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (332) 233-5784
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>        Plaintiff,<br><br>    vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, AND CASHMAN FAMILY INVESTMENTS II LLC,<br><br>        Defendants. | Case Number: 3:22-cv-02010-AMO (DMR)<br><br>**NOTICE OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Donna M. Ryu<br>Oakland Courthouse, Courtroom 4<br>Hearing Date: Thursday April 11, 2024<br>Time: 1:00 p.m.<br><br>Action Filed:  March 1, 2022<br>Trial Date:  September 17, 2024 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, Plaintiff Stacy Chang, by her undersigned attorneys, hereby notices the instant Motion to Compel Discovery, to be heard on Thursday, April 11, 2024 at 1:00pm PT in the Oakland Courthouse of the Northern District of California, Courtroom 4, by the Honorable Donna M. Ryu, or as soon thereafter as counsel may be heard.

1   Plaintiff's instant Motion to Compel is made pursuant to this Court's Order, dated December

2   15, 2023 (Dkt. No 69), the Court's Order denying Plaintiff's Motion to Compel without prejudice,

3   dated February 5, 2024 (Dkt. No. 88), Fed. Rule of Civ. Proc. 26 and Local Rule 7-3. Plaintiff has

4   endeavoured herein to meet the Court's briefing requirements in both its December 15, 2023 and

5   February 5, 2024 Orders and respectfully renews her request that this Court find that Defendant

6   Cashman has waived his attorney-client privilege relating to communications with his attorneys

7   relating to the formation of the Arrowside and Perseverus entities and that the Court order Defendants

8   to produce all documents and communications relating to the same.

9   **PRELIMINARY STATEMENT**

10   This is a fraud case wherein Plaintiff Chang alleges, among other things, that Defendant

11   Carlos Cashman ("Cashman") and his investment manager, Thomas Copeman, recruited Plaintiff and

12   promised her a partnership position at an investment platform they were forming. Defendants

13   summarily reneged on that agreement without compensating Plaintiff for her considerable efforts or

14   for the lucrative compensation she left at her previous employer in reliance on Defendants' promises.

15   Plaintiff has provided detailed summaries of her allegations case in several filings before this Court

16   and therefore addresses only those facts relevant to the discovery dispute here.

17   After pushing Plaintiff out, Defendant Cashman and Mr. Copeman both testified at deposition,

18   and Defendant Cashman affirmed in a declaration to this Court, that Defendant Cashman's attorneys

19   advised that the purpose of Defendant entity Arrowside Ventures, LLC ("Arrowside Ventures" or

20   "Ventures") be changed after Plaintiff indicated she would pursue legal action. At the time Plaintiff

21   worked at Arrowside, Defendant Cashman intended to form Arrowside Ventures as an active

22   investment vehicle. However, when faced with Plaintiff's imminent litigation, Defendant Cashman

23   and his attorneys devised a plan to form Ventures as an inactive investment vehicle to "warehouse"

24   investments Plaintiff had worked on in order to limit liability and shield Defendant Cashman's other

25   assets from the reach of this litigation.

26   Defendant Cashman in his declaration and Mr. Copeman in his deposition also disclosed that

27   Defendant Cashman's attorneys advised him to form a new entity, Perseverus, LLC ("Perseverus")

28

- 2 -

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1  to make new investments. Mr. Copeman testified that Perseverus was formed based on the same

2  investment thesis contemplated by the parties that Plaintiff Chang and Mr. Copeman were to have

3  executed on behalf of Defendant Cashman. Perseverus was even initially named Arrowside Ventures

4  II, LLC in communications with corporate counsel just days prior to Plaintiff filing the instant

5  litigation. However, Mr. Copeman testified the new entity was ultimately named Perseverus based on

6  recommendations from Defendant Cashman's attorneys. Presumably this was done in order to hide

7  Perseverus and Defendant Cashman's assets therein from discovery in the instant litigation, as an

8  entity named Arrowside Ventures II would be easy for Plaintiff to discover, while the existence of

9  Perseverus, on the other hand, did not come to light until after Mr. Copeman revealed it during his

10  deposition on November 9, 2023.

11          Defendant Cashman has repeatedly sought to use the corporate form as a means of avoiding

12  liability here, first by creating Ventures to hold limited assets, and then naming Perseverus in a way

13  that would avoid Plaintiff's detection and shield his other assets from liability here. Defendant

14  Cashman has explicitly waived his attorney client privilege with respect to the formation of these

15  entities through his direct deposition testimony, the deposition testimony of the entities' investment

16  manager Mr. Copeman, and Defendant Cashman's declaration to this Court. He has also created an

17  at-issue waiver under California law by putting the essential element of reasonableness of the

18  formation of these entities and his conversations with his attorneys regarding the same directly at

19  issue. Defendant Cashman cannot now claim those same conversations are privileged attorney-client

20  communications. Defendant Cashman cannot use the attorney-client privilege as both a sword and a

21  shield, and therefore this Court should find that he waived the privilege and compel him to produce

22  all documents and communications relating to the formation of the Arrowside entities and Perseverus,

23  regardless of claimed privilege.

24                          **RELEVANT FACTUAL BACKGROUND**

25      **A.  Procedural History and Attorney-Client Communications Disclosures**

26          Plaintiff commenced this action by filing her complaint on March 29, 2022 (Dkt. No. 1).

27  Plaintiff amended her complaint on July 25, 2022, asserting nine causes of action: (1) Fraudulent

28

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1 Inducement, (2) Negligent Misrepresentation, (3) Misrepresentations in Violation of California Labor

2 Code § 970, (4) Breach of Contract, (5) Promissory Estoppel, (6) Unjust Enrichment, (7) Failure to

3 Pay All Wages Due Upon Separation of Employment, (8) Violation of Business and Professions Code

4 Sections 17200 *et seq.*, and (9) Failure to Reimburse Expenses and Losses in Violation of California

5 Labor Code § 2802. (Dkt. No. 32).

6       The parties have concluded fact discovery and stipulated to a schedule on December 15, 2023,

7 which the Court approved with modification as follows: Fact discovery closing January 31, 2024;

8 ADR deadline March 15, 2024; Expert discovery closing May 1, 2024; deadline to file dispositive

9 pretrial motions on April 15, 2024, and heard no later than May 30, 2024; pretrial conference on

10 August 22, 2024; and jury trial on September 17, 2024. (Dkt. No. 72).

11       On September 7, 2023, Plaintiff took the deposition of Defendant Cashman wherein he

12 disclosed the following content of his attorney-client communications:

13
14
15
16
> Arrowside Ventures was formed and we would house these investments because Stacy had come to us, taking a position that was difficult to talk about.  And then she stopped communicating with us.  And we felt that it would be better, *on legal advice*, to form the entity and put the investments into it, that she had been around for while we discussed this. Q: I see. *So the creation of the Arrowside Ventures entity was made in reaction to Ms. Chang's request for compensation? ... A. Yes, mostly.*

17 Declaration of Ashley Zitrin ("Zitrin Decl."), Exhibit A, Cashman Deposition at 278-79

18 (emphasis added).

19       On September 12, 2023, Plaintiff served Defendants with her second Request for Production

20 ("RFP"), including Request No. 17 for "All documents and communications relating to the formation

21 of Arrowside Ventures." Zitrin Decl. Ex. B, Plaintiff's Second RFP. Defendant objected, produced

22 one document responsive to the request, and then provided a lengthy privilege log withholding a large

23 number of communications and documents relating to the formation of the Arrowside entities on the

24 basis of attorney-client privilege. Zitrin Decl. Ex. C, Defendants' Response and Objections and

25 Privilege Log, paginated by Plaintiff with challenged entries highlighted.

26       Defendants privilege log further revealed that on March 29, 2022, the same day that Plaintiff

27 filed the instant litigation, Defendant Cashman and Mr. Copeman had discussions with Cashman's

28

- 4 -

1    attorneys relating to the formation of "Arrowside Ventures II," an entity that, upon information and

2    belief, was never formed under that name but rather was renamed Perseverus after Plaintiff filed her

3    complaint here. *See* Zitrin Decl. Ex. C, Defendants' Privilege Log, pgs. 1-2, Nos. REV_0000158 to

4    169, REV_0000172, and pg. 15, No. REV_0002789. Perseverus is the fund contemplated by the

5    parties and directly at issue in this case, however Defendant Cashman used his attorneys to rename

6    the fund outside of the Arrowside "tent" presumably to avoid its detection by Plaintiff and to shield

7    its assets from the reach of Plaintiff's lawsuit.

8          After numerous emails from Plaintiff challenging Defendants' claim of privilege due to

9    Defendant Cashman's waiver of the same at deposition, the parties met and conferred via telephone

10    on November 6, 2023 and were not able to come to an agreement regarding the instant dispute.

11          On November 9, 2023, Plaintiff took the deposition of Mr. Copeman who was the investment

12    manager for both Arrowside Ventures and Perseverus. Mr. Copeman, while represented by

13    Defendants' counsel, also disclosed privileged attorney-client communications relating to the

14    formation of the Arrowside and Perseverus entities. Mr. Copeman testified that the formation of

15    Arrowside Ventures and the newly discovered fund Perseverus, "was all sort of orchestrated and

16    engineered by Carlos' family office attorneys." Zitrin Decl. Ex. D, Copeman Deposition at 269.

17    Further, Mr. Copeman testified that his salary was moved from Arrowside Ventures to Perseverus

18    shortly after Mr. Copeman and Defendant Cashman learned of Plaintiff's allegations here, as "the

19    lawyers wanted to switch to a different entity…Carlos [Cashman's] family office, he and one of his

20    attorneys decided it was better to have a different operating entity [pay Mr. Copeman's salary]." *Id.*,

21    Copeman Deposition at 257-58. Mr. Copeman further testified that:

22
23      A. [Cashman's] attorneys had mentioned to me that they wanted to start a new entity, to have a different record of investments that would be happening going forward…And we landed on Proseverus [*sic*] [as a name for that entity]. Q. And so that was to separate out the previously warehoused funds that ended up in Arrowside Ventures from future investments? A. That's right. *That's what his attorneys wanted to do*.

24

25

26    *Id.*, Copeman Deposition at 276 (emphasis added). Counsel did not object at deposition, or at any

27    other time, to assert privilege.

28

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1    Finally, Defendant Cashman again disclosed the content of privileged attorney-client

2  communications in his declaration to this Court filed on January 5, 2024 (Dkt. 83-1), declaring that:

3         because Plaintiff Stacy Chang was raising a dispute about the investments that
          were made in 2021 while she was working with Defendants toward the possible
4         creation of Arrowside Ventures, LLC and since she had filed a lawsuit over it, *at
          the advice of counsel*, a separate entity was created to house the disputed
5         investments.

6  Declaration of Carlos Cashman ¶ 2 (emphasis added).

7                                        **ARGUMENT**

8     **A.  Applicable Legal Standard**

9         In the instant federal diversity jurisdiction civil case, California state law governs claims of

10  privilege. *See* Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a claim or

11  defense for which state law supplies the rule of decision"); Am. Comp. ¶ 21 (alleging diversity

12  jurisdiction). Under the California Evidence Code, the attorney-client privilege is waived if the holder

13  of the privilege has voluntarily disclosed a significant part of the communication to a third party or

14  consented to such disclosure. Cal. Evid. Code § 912(a). "Waiver occurs where disclosure is made to

15  'strangers to the attorney-client consultation' or to persons who 'possess interests adverse to the

16  client.'" *Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2013 WL 5609333, at *2 (N.D. Cal. Oct. 11,

17  2013) (Ryu, J.) (interpreting California law and quoting *Ins. Co. of N. Am. v. Superior Court*, 108

18  Cal.App.3d 758, 766 (1980)). Failure to timely claim the privilege (i.e., failure to object at deposition)

19  constitutes consent to disclosure. *See People v. Hayes,* 21 Cal. 4th 1211, 1265  (1999). Further, failure

20  of the privilege holder's attorney to object where a third party discloses attorney-client

21  communications supports a finding of waiver. *See Kerner v. Superior Court*  206 Cal. App. 4th 84,

22  114 (2012), *as modified* (May 21, 2012) (citing *Calvert v. State Bar,* 54 Cal.3d 765, 780 (1991)). For

23  example, waiver has been found where the privilege holder "without objection, testified under cross-

24  examination not only that there was such a[n attorney] letter but went into some detail as to its

25  contents." *Julrik Productions, Inc. v. Chester*, 38 Cal. App. 3d 807, 811 (1974). "Because evidentiary

26  privileges prevent the admission of relevant and otherwise admissible evidence, they should be

27  narrowly construed." *Lord Abbett Mun. Income Fund,* 2013 WL 5609333, at *2.

28

- 6 -

1    California law also recognizes an implied at-issue waiver. A party "seeking to discover

2 privileged information can show waiver by demonstrating that the client has put the otherwise

3 privileged communication directly at issue and that disclosure is essential for a fair adjudication of

4 the action." *S. Cal. Gas Co. v. Public Utils. Comm'n*, 50 Cal.3d 31, 40 (1990). Where the attorney-

5 client communications cover "an essential element" of a claim or defense, they are implicitly waived.

6 *See Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1151 (1985). Similar to federal

7 privilege law, California does not allow litigants to use privilege as both a sword and a shield. *See id.*

8 at 1154 ("CTI is essentially alleging that it detrimentally relied on purported representations by the

9 Bank, it cannot shield its knowledge by raising the curtain of the attorney-client privilege.").

10   **B.  Cashman Waived his Attorney Client Privilege Pursuant to Cal. Evid. Code § 912(a).**

11    Defendant Cashman's deposition testimony and declaration to this court, along with the

12 deposition testimony of his entities' investment manager Mr. Copeman, constitutes a statutory waiver

13 of his attorney-client privilege relating to the formation, and investment strategy related to the

14 formation, of the Arrowside and Perseverus entities as he voluntarily revealed significant details of

15 his communications with and advice from his attorneys regarding the same.

16    Defendant Cashman volunteered at his deposition that legal counsel advised him to form

17 Ventures as a warehouse for the investments with which Plaintiff Chang was involved, in response to

18 her request for compensation and the threat of litigation. Zitrin Decl., Ex. A, Cashman Depo. at 279.

19 Cashman also declared to this Court that his attorneys advised him to create Ventures due to Plaintiff's

20 lawsuit and in order to keep any disputed investments separate from future investments which would

21 be made via Perseverus. Cashman Decl. ¶ 2. These were voluntary disclosures, with no privilege

22 objection from Counsel at any time. Mr. Copeman, as a representative of Cashman's Arrowside

23 entities and also represented by Defendant Cashman's counsel, also testified in detail at his deposition

24 about attorney-client communications regarding the origin of the Perseverus name, the reason for

25 forming Arrowside Ventures and Perseverus separately and at all, and why Copeman was paid the

26 majority of his salary from Perseverus rather than Arrowside. Counsel again made no objection. Zitrin

27 Decl., Ex. D, Copeman Deposition Excerpt.

28

- 7 -

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1    These disclosures are not mere conclusory or generalized disclosures of the attorney-client

2    communications but rather constitute significant disclosures as required by the statute. *See e.g., Julrik*

3    *Productions,* 38 Cal. App. 3d at 811. Cashman's deposition testimony and declaration both describe

4    the details of Cashman's attorneys' advice and the results of that advice, as does Mr. Copeman's

5    testimony. There is no more significant part of an attorney-client communication than the actual

6    advice given and the client's reliance on that advice. Defendant Cashman has voluntarily disclosed

7    both and therefore has waived privilege as to all attorney-client communications regarding the same

8    subject matter. *See, e.g., Lord Abbett*, 2013 WL 5609333, at *5 ("Since [the trustee] purposefully

9    revealed the subject of the communications, the [Defendants] may have the opportunity to question

10   her regarding those specific conversations."); *Garcia v. Progressive Choice Ins. Co.,* 2012 WL

11   3113172, *4-6 (S.D. Cal. July 30, 2012) (applying California privilege law to find subject matter

12   waiver where emails relate to the same subject matter between the same individuals and counsel in

13   or around the same time period).

14       **C. Cashman Also Created an At-Issue Waiver by Relying on the Privileged**
            **Communications to Justify his Corporate Form Malfeasance.**
15

16       Defendant Cashman insists that Ventures and Perseverus's formation was done above-board

17   and for the allegedly proper purpose of segregating the investments that Plaintiff Chang worked on

18   at Ventures and holding new investments in Perseverus. Whether the purpose of this allocation

19   scheme was proper is a critical and disputed factual issue. In fact, Plaintiff is aware of at least two

20   investments attributed to Ventures that were never legally transferred to it, and rather are still held

21   by other Cashman entities. Having put the purpose of the formation as discussed with his attorneys

22   at issue, Defendant Cashman cannot now force Plaintiff to take his representation that the purpose

23   was proper at face value without further investigation. Allowing Defendant Cashman to do so

24   would be fundamentally unfair to Plaintiff as his claims of reasonable corporate formation go to an

25   essential element of his defense against Plaintiff's allegations of alter ego liability. *See S. Cal. Gas*

26   *Co.,* 50 Cal.3d at 40; *Chicago Title Ins.*, 174 Cal. App. at 1151.

27       In their statement in the Joint Discovery Dispute Letter to this Court, dated November 17,

28

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1   2023, (Dkt. No. 64). Defendants argue that finding privilege waiver here would be an "extraordinary

2   remedy" and that Plaintiff needs no further information than the operating agreements of Perseverus

3   and Arrowside Ventures. However, Plaintiff is entitled to documents showing *why* the entities were

4   formed now that Defendant Cashman has claimed they were formed for a proper purpose. *See Jensen*

5   *v. Charon Sols., Inc.*, No. B276050, 2017 WL 6505615, at \*10 (Cal. Ct. App. Dec. 20, 2017), *as*

6   *modified on denial of reh'g* (Jan. 11, 2018) (finding selective redactions by plaintiff were an implied

7   waiver because it unfairly prevented defendants from challenging testimony). Not only is this

8   information relevant, but Plaintiff asserts that Defendant Cashman is the alter ego of all of the

9   Defendant entities. As such, the reasonableness of the entity formation is essential to Defendants'

10  defense that Defendant Cashman formed these entities for a proper purpose instead of, as Plaintiff

11  contends, as liability avoidance vehicles.

12  **D.  The Challenged Privilege Log Documents**

13      Plaintiff challenges Defendants' claim of attorney-client privilege on the documents

14  highlighted on Defendants Privilege Log, Zitrin Decl. Ex. C. Plaintiff challenges the following

15  numbers on the following pages of the Privilege Log:

16      Pages 1 to 4: REV_0000051 to 52, REV_0000158 to 172, REV_0000396, REV_0000413 to

17          414, REV_0000493, and REV_0000664;

18      Page 8: REV_0001423 to 1424;

19      Pages 11 to 18: REV_0002219 to 2494, REV_0002793 to 2789, REV_0002800 to 2809 and

20          REV_0002855 to 3257;

21      Pages 42 to 43: REV_0006044 to 6045, and REV_0008213 to 8214;

22      Page 50:  REV_0011248.

23  The basis for this challenge is that each of the challenged documents involve Mr. Copeman and/or

24  Defendant Cashman communicating with Defendant Cashman's attorneys about the formation, and

25  investment strategy related to the formation, of the Arrowside entities or Perseverus a/k/a Arrowside

26  Ventures II after Plaintiff was pushed out of Arrowside on December 10, 2021. For the reasons set

27

28

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1  forth above, Defendants have waived any claims to attorney-client privilege with respect to these

2  documents.

3  **CONCLUSION**

4  Defendant Cashman discussed the purpose and formation of the Arrowside and Perseverus

5  entities with his attorneys in direct response to Plaintiff's threat of litigation, and he testified to the

6  same, as did his investment manager Mr. Copeman. Having explicitly disclosed significant portions

7  of his attorney-client communications relating to entity formation, he has waived his attorney-client

8  privilege regarding the same. Further, he created an at-issue privilege waiver by claiming in response

9  to Plaintiff's allegations of alter ego liability that the entity formation was reasonable and proper.

10  Plaintiff respectfully requests this Court compel Defendants to produce all documents relating to the

11  formation of the Arrowside and Perseverus entities regardless of claimed attorney-client privilege.

12

13  Dated March 5, 2024          */s/ Ashley Zitrin*
             Ashley Zitrin (Cal. Bar No. 262238)

14               L. Reid Skibell (admitted *pro hac vice*)
             Glenn Agre Bergman & Fuentes LLP

15               44 Montgomery Street, Suite 2410
             San Francisco, CA 94104

16               Telephone: 415.599.0880
             rskibell@glennagre.com

17               azitrin@glennagre.com

18               *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
Case Number: 3:22-cv-02010-AMO (DMR)

1

**[PROPOSED] ORDER**

2    The Court finds Defendant Cashman waived attorney-client privilege relating to the formation

3  of the Arrowside and Perseverus entities. The Court orders Defendants to produce to Plaintiff all

4  documents and communications relating to the same, including but not limited to those documents

5  highlighted on Defendants' privilege log attached to the Declaration of Ashley Zitrin.

6

7  IT IS SO ORDERED.

8  Dated:

9

10

11                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**
Case Number: 3:22-cv-02010-AMO (DMR)