WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>                    Plaintiff,<br><br>     v.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC,<br><br>                    Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Araceli Martínez-Olguín<br>San Francisco Courthouse, 19th Floor, Courtroom 10<br>Hearing Date: Thurs March 14, 2024<br>Time: 2:00 p.m.<br>Action filed: March 1, 2022<br>Trial Date: September 17, 2024 |

Pursuant to the Court's Order dated March 1, 2024, Defendants, through their undersigned counsel, provide this supplemental brief to address Plaintiff's failure to establish that good cause exists to amend her Complaint outside of the Court's Scheduling Order, pursuant to Federal Rule of Civil Procedure 16(b).

**ARGUMENT**

Plaintiff's Motion for Leave to Amend the Complaint (the "Motion") should be denied under Rule 16 due to her lack of diligence in seeking the amendment.[1] Even if the Court finds that Plaintiff sought to amend her Complaint with sufficient diligence (which she did not), the Motion should still be denied due to the degree of prejudice the proposed amendment would present to Defendants and the proposed defendants. Specifically, the amendment will be futile and cause undue delay because, if allowed, discovery will be re-opened, thereby extending the trial date once more.

**A. Proposed Additional Defendants**

Perseverus LLC ("Perseverus"): Plaintiff argues without any basis that Defendants improperly "misled Plaintiff as to the existence of documents that would have revealed Perseverus's existence." (Dkt. No. 100) p. 3, 4-5. This is false, and a desperate, thinly veiled attempt to justify Plaintiff's further harassment and annoyance of Carlos Cashman. As outlined in Defendants' Opposition, Perseverus has no relevance to this case. In any event, even if it did, Defendants did not reference Perseverus in their Initial Disclosures because Perseverus is not an "individual likely to have discoverable information . . . that [Defendants] may use to support its . . . defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, documents related to Perseverus were not captured in Defendants' document collection and were therefore not produced in response to document requests because they fell outside of the Parties' agreed-upon ESI protocol.[2] Without any factual basis whatsoever,

---

[1] As further grounds to deny Plaintiff's Motion, Plaintiff still has not filed a Motion to Amend the Scheduling Order. *See* (Dkt. 97) p. 1, 25-28 (requiring Plaintiff to file a motion identifying specific facts that establish good cause to entertain the Motion to Amend outside of the Scheduling Order). *See also E-Z Living LLC v. A10 Cap., LLC*, No. 3:21-CV-1270 W (BLM), 2022 WL 2079446, at *1 (S.D. Cal. June 9, 2022).

[2] The date range for the collection of documents under the Parties' agreed-upon ESI protocol is August 28, 2020 to March 29, 2022. The Perseverus Operating Agreement is dated April 30, 2022 and the Severance Agreement is dated February 9, 2023.

Plaintiff attempts to ascribe nefarious intentions as to the creation of Perseverus as part of her litigation tactic to try to apply pressure to Carlos Cashman in this case. Such an attempt is wholly improper, and a meritless excuse for her failure to timely add the purported new claims and entities, and deserves no credit.

<u>Cashman Opportunity Fund, LLC ("Opportunity Fund")</u>: Plaintiff falsely stated in the Motion that she learned of the existence of the Opportunity Fund in discovery, (Dkt. 80) p. 5, 25-27, which Defendants disproved in their Opposition. (Dkt. 85-2) p. 2. Plaintiff then falsely stated in her Reply that the Opportunity Fund's "specific tie" to Arrowside Ventures only became clear to her when Defendants produced Arrowside Ventures' Operating Agreement. (Dkt. 87) p. 4, 24-26. Plaintiff was well aware that Opportunity Fund funded an Arrowside Ventures investment as early as October 2021, (Dkt. 85-2) p. 2, yet she neglected to name the Opportunity Fund as a Defendant. In any event, the Opportunity Fund *does not* hold any Arrowside Ventures investments, despite Plaintiff's false claims to the contrary. *See* (Dkt. 85-3), pp. 1-2, 27-28 and 1-5.

<u>Arrowside Fund LP and Cashman Family Investment LLC ("Cashman Family Investment")</u>: Plaintiff knew of Cashman Family Investment's funding of Arrowside Fund LP and Arrowside Fund LP's relationship with Arrowside Fund GP, LLC since Defendants' document production over a year ago on February 15, 2023. Plaintiff's meritless assertion that Defendants engaged in a shell game to shield assets from liability – when Defendants disclosed these entities all along -- is a groundless excuse for her lack of diligence in seeking to amend the Complaint. Plaintiff has long possessed all the information she possibly could need to timely add Arrowside Fund LP and Cashman Family Investment to this Action, yet she failed to do so.

**B. Proposed Additional Theories of Liability**

<u>Civil Conspiracy</u>: Plaintiff seeks to hold Defendants and the proposed defendant entities liable for civil conspiracy for her fraudulent inducement and negligent misrepresentation claims. In her Motion, Plaintiff makes clear that the root of her conspiracy allegations arise entirely from the groundless fact pattern she has alleged from the beginning of this case, i.e., that Defendants offered her a partnership position in a yet-to-be-formed investment platform and then improperly withdrew that offer. Plaintiff astonishingly asserts that she could not understand this to be a civil conspiracy

3

until she learned of Perseverus's existence and her (meritless) allegation that Arrowside Ventures is a sham entity. *See* (Dkt. 80) p. 20, 4-24. In reality, Plaintiff from the outset could have attempted to allege a civil conspiracy, yet she chose not to until this late juncture. Accordingly, she should not be allowed to add civil conspiracy as an alternative theory of liability. *See Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *3 (N.D. Cal. Apr. 2, 2008), citing *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (A party that contends it learned "new" facts to support a claim should assert a claim it could have pleaded in previous pleadings).

<u>Alter-Ego Liability and Veil-Piercing Allegations</u>: Plaintiff has long known the structures of all Defendant and proposed defendant entities, contrary to her allegations in the Motion. Defendants early in discovery produced Operating/Partnership Agreements of several Defendant and proposed defendant entities, including a near-final copy of Arrowside Ventures' Operating Agreement, which Plaintiff received on February 15, 2023. Plaintiff has long possessed sufficient facts to pursue her (meritless) alter-ego and veil-piercing claims if she wished to but failed to move to add these claims to her Complaint until seven months after her deadline to amend the Complaint lapsed. Accordingly, Plaintiff should not be allowed to add her alter-ego and veil-piercing allegations.

## CONCLUSION

In her Motion, Reply, and Supplemental Brief, Plaintiff attempts to shift blame away from her lack of diligence in seeking to amend her Complaint onto Defendants by alleging without any basis whatsoever that Defendants obstructed her ability to seek the information required for her to amend her Complaint. Plaintiff has long possessed the information required to pursue her claims and the ones she wishes to add, but her lack of diligence in moving to amend her Complaint precludes her Motion to Amend under Rule 16. Nevertheless, even if the Court finds that Plaintiff sought to amend her Complaint with sufficient diligence, her Motion still fails due to the futility of her claims and the undue delay in litigation the amendment would cause. Accordingly, Plaintiff's Motion should be denied in its entirety.

| | |
|---|---|
| 1 | DEFENDANTS, |
| 2 | |
| 3 | CARLOS CASHMAN, <br> ARROWSIDE VENTURES, LLC, <br> ARROWSIDE CAPITAL, LLC, |
| 4 | ARROWSIDE FUND GP, LLC, and <br> CASHMAN FAMILY INVESTMENTS II, LLC |
| 5 | By their attorneys, |
| 6 | *Jeffrey T. Collins* |
| | Gregory A. Manousos (admitted *pro hac vice*) |
| 7 | Jeffrey T. Collins (admitted *pro hac vice*) |
| 8 | MORGAN, BROWN & JOY, LLP <br> 200 State Street, Suite 11A |
| 9 | Boston, MA 02109 <br> P: (617) 523-6666 |
| 10 | F: (617) 367-3125 |
| 11 | E: gmanousos@morganbrown.com <br> jcollins@morganbrown.com |

Dated: March 7, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2024, a copy of the foregoing was sent by e-mail to all parties of record.

                                                              /s/ Jeffrey T. Collins
                                                              Jeffrey T. Collins