

P (617) 523-6666   F (617) 367-3125
200 State Street, Boston, MA 02109

morganbrown.com

May 6, 2024

Chief Magistrate Judge Donna M. Ryu
United States District Court Northern District of California
1301 Clay Street, Oakland, CA 94612

Re:  Stacy Chang v. Carlos Cashman, et al. 3:22-cv-02010-AMO: Show Cause Letter

Dear Judge Ryu:

      The Defendants in the above-captioned case write in response to the Court's May 3, 2024 Order requesting that the Defendants show cause why they should not be sanctioned for not having produced documents responsive to Plaintiff's Third Request for Production of Documents by the Court's deadline in its March 18, 2024 Order. As outlined in more detail below, because the Defendants acted in good faith and without delay or vindictiveness in determining whether to file a motion to dismiss the recently added defendant, Perseverus, and in seeking, shortly thereafter, what it believed (based on established case law) was an appropriate stay of discovery, Defendants maintain, respectfully, that sanctions are not warranted. Moreover, Defendants are complying with the Court's May 3, 2024 Order, and producing responsive, non-privileged documents to Plaintiff without delay (by the Court's May 6, 2024, 5:00 pm deadline).

## I.    Brief Procedural Background

      On March 18, 2024, the Court allowed in part, and denied in part, Plaintiff's motion for leave to amend her First Amended Complaint. In particular, the Court permitted Plaintiff to add the entity Perseverus as a defendant, and amend her complaint to add allegations of successor-in-interest liability as to that entity. The Court further permitted Plaintiff to serve 5 additional requests for production within 2 days of the order, and provided that Defendants' responses shall be due within 30 days of service of the requests.

      On March 20, 2024, Plaintiff filed her Second Amended Complaint, and served Plaintiff's Third Request for Production of Documents on Defendants. On March 22, 2024, Defendants accepted service of Plaintiff's Second Amended Complaint. Pursuant to the Waiver of Service of Summons form, Defendants' deadline to file a responsive pleading is May 21, 2024. After due deliberation, Defendants determined that a Motion to Dismiss as to Defendant Perseverus was warranted. Believing that a stay of the limited discovery the Court had permitted was, therefore, also warranted,[1] counsel for Defendants contacted counsel for Plaintiff by telephone on April 24, 2024 to meet and confer in an effort to come to an agreement with respect to a stay of discovery. After the Parties were unable to reach agreement, Defendants timely

---

[1] Defendants genuinely believed that because the motion is dispositive of both the claim and party for which the Court allowed additional, limited discovery, a stay of discovery was appropriate pending the Court's ruling on the Rule 12 motion.

sought a stay by way of a joint discovery dispute letter filed by the Parties on April 30, 2024. Shortly thereafter, on May 3, 2024, Defendants filed the Rule 12 motion (18 days in advance of the deadline for filing).

## II.     Legal Argument

"A court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). "To award sanctions under its inherent powers, the court must 'specifically find[ ] bad faith or conduct tantamount to bad faith. *Allen v. Cnty. of Lake*, No. 14-CV-03934-TEH, 2015 WL 4747440, at *2 (N.D. Cal. Aug. 11, 2015), quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.2001). "A litigant may be sanctioned for acting for an improper purpose, even if the act was 'a truthful statement or non-frivolous argument or objection.'" *Garces v. Gamboa*, No. 121CV00392JLTEPGPC, 2023 WL 100219, at *2 (E.D. Cal. Jan. 4, 2023), quoting *Fink*, 394 F.3d at 992. "However, courts must exercise their inherent powers 'with restraint and discretion,' and may not invoke them absent 'a specific finding of bad faith.'" *Entrepreneur Media, Inc. v. Smith*, No. 2:10-MC-55-JAM-EFB, 2017 WL 2911644, at *1 (E.D. Cal. July 7, 2017), quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." Fink, 239 at 992. Nonetheless, "the bad faith requirement sets a high threshold." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008).

Defendants respectfully assert that they in no way acted in bad faith (or engaged in conduct tantamount to bad faith), and did not act for any improper purpose, in seeking a stay of discovery beyond the Court's 30-day deadline for Defendants to produce documents responsive to Plaintiff's discovery requests. Neither were Defendants motivated by vindictiveness or any improper purpose. Defendants genuinely believed that given the strength of their arguments in their motion to dismiss, and based on established case law, a stay of discovery was warranted, which would have allowed the Parties to avoid conducting discovery on claims that might be dismissed. Defendants always intended that should the request for stay be denied, they would immediately produce documents to the Plaintiff, and no prejudice to Plaintiff would result.

## III.    Conclusion

Because Defendants did not act in bad faith in seeking a stay of discovery (and therefore not producing responsive documents by the Court's 30-day deadline), and because Defendants have worked diligently, and without delay, overall in litigating this matter, Defendants respectfully maintain that sanctions under these circumstances are not warranted.

Sincerely,

*/s/ Gregory Manousos*

_____
Gregory Manousos for Defendants