WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman,
Arrowside Ventures, LLC Arrowside Capital,
LLC, Arrowside Fund GP, LLC, Cashman
Family Investments II LLC, and Perseverus,
LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACY CHANG,

              Plaintiff,

    v.

CARLOS CASHMAN, ARROWSIDE
CAPITAL, LLC, ARROWSIDE FUND GP,
LLC, ARROWSIDE VENTURES, LLC,
CASHMAN FAMILY INVESTMENTS II
LLC, and PERSEVERUS, LLC

              Defendants.

Case No. 3:22-cv-02010-AMO

**DEFENDANTS' REPLY TO
PLAINTIFF's OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO
DISMISS**

Judge: Hon. Araceli Martinez-Olguin
San Francisco Courthouse, 19th Floor,
Courtroom 10
Hearing Date: Thurs June 20, 2024
Time: 2:00 p.m.
Action filed: March 1, 2022
Trial Date: March 31, 2025

      The Defendants, Carlos Cashman, Arrowside Ventures, LLC ("Arrowside Ventures"),

Arrowside Capital, LLC, Arrowside Fund GP, LLC, Cashman Family Investment II, LLC, and

Perseverus, LLC ("Perseverus") (collectively "Defendants"), by its attorneys, Morgan, Brown &

Joy, LLP, submit this Reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss

("Opposition"), or in the alternative, grant her leave to amend her Second Amended Complaint (the

United States District Court
Northern District of California

"Complaint").

In her Opposition, Plaintiff incorrectly asserts that this Court has independent specific jurisdiction over Plaintiff and that establishing personal jurisdiction is all she needs to do to avoid dismissal.  Although Plaintiff discusses the substance of her successor in interest allegations as an "alternative" ground to avoid dismissal, Plaintiff is required to demonstrate *both* that this Court can assert jurisdiction over Perseverus, and that her Complaint states a claim against Perseverus.  She can do neither.

Plaintiff, in her Opposition, cites no relevant or binding case law in support of her arguments because her claims are wholly unsupported by relevant and applicable legal authority.  Plaintiff endeavors to establish the existence of a transfer of assets between Arrowside Ventures and Perseverus, which she would need to do to establish a successor in interest claim, through wholly novel and legally unsupported means.  Plaintiff does not, and indeed cannot, provide any legal support to demonstrate that the alleged transfers she states occurred can give rise to a successor in interest claim.  Plaintiff similarly fails to cite case law in support of her conclusory allegations that this Court has specific jurisdiction over Perseverus.

In anticipation of this Court agreeing that it lacks jurisdiction over Perseverus and/or Plaintiff cannot state a claim against Perseverus, Plaintiff requests leave to amend her Complaint for a third time.  Defendants respectfully request that the Court deny this request, as Plaintiff's pleading defects cannot be cured by amendment.  Simply stated, Plaintiff cannot bring forth any good-faith allegations that Perseverus ever received assets from Arrowside Ventures, which precludes any possibility of Plaintiff establishing a viable successor in interest claim.  Accordingly, Defendants' Partial Motion to Dismiss should be granted, and the Court should not allow Plaintiff to amend her Complaint for a third time (thereby further delaying this Action).

**A.  This Court Does Not Have Personal Jurisdiction over Perseverus and Plaintiff Cannot Cure This Defect by Amending Her Complaint for a Third Time**

Plaintiff devotes a significant portion of her Opposition to the erroneous assertion that independent of any successor in interest analysis, Perseverus maintains sufficient minimum contacts with the State of California to justify a finding of specific jurisdiction.  Although Defendants submit

1  that the Court and Plaintiff must focus on the substance of Plaintiff's successor in interest

2  allegations, which Plaintiff discusses as an "alternative" to her independent specific jurisdiction

3  argument, Defendants briefly address the deficiencies in Plaintiff's independent specific jurisdiction

4  argument.

5       Plaintiff asserts, without citation to any case law on this point, that Perseverus has sufficient

6  contacts with the State of California because it allegedly made investments (with which Plaintiff had

7  no involvement) based on an "investment strategy" outlined by Plaintiff.  *See* Dkt. No. 118 at pg. 10,

8  lines 15-21.  Although Plaintiff attempts to characterize this as an independent basis to find specific

9  jurisdiction, Plaintiff's Complaint and Opposition make clear that Perseverus had no direct dealings

10  with Plaintiff, and thus this is little more than an improper attempt to bootstrap her successor-in-

11  interest allegations to justify specific jurisdiction.

12       In anticipation of the instant Motion being granted, Plaintiff cites Defendants' recent

13  document productions in support of her request that the Court allow her to amend her Complaint for

14  a third time to add new allegations to attempt to establish an independent basis for personal

15  jurisdiction.  However, her new allegations are insufficient as a matter of law to establish that the

16  Court has specific jurisdiction over Perseverus.  For example, Plaintiff states that this Court has

17  specific jurisdiction over Perseverus because it maintains a single bank account in California.

18  However, established case law makes clear that this is insufficient to establish specific jurisdiction.

19  *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1167 (N.D. Cal. 2014) (declining to assert personal

20  jurisdiction over a defendant that maintained investment accounts in California but did not travel to

21  California to open the accounts). Plaintiff also asserts that attenuated contacts with the State of

22  California, such as one isolated investment in a company headquartered in California and a wire

23  transfer to a California bank to invest in a foreign corporation, are sufficient to establish specific

24  jurisdiction. *See* Dkt. No. 118, pg. 11, lines 6-14.  Plaintiff, however, cites no case law in support of

25  her baseless personal jurisdiction arguments, and indeed, hailing Perseverus into a California court

26  based on these sporadic and attenuated contacts would offend traditional notions of fair play and

27  substantial justice.

28       In any event, Plaintiff's personal jurisdiction arguments are ultimately immaterial to the

instant Motion, as Plaintiff cannot establish that Perseverus is a successor in interest to Arrowside

Ventures.  As any amendments Plaintiff might make to her Complaint with respect to personal

jurisdiction will not cure her Complaint's other defects, the Court should deny her request for leave

to amend her Complaint for a third time.

### B.  Plaintiff Cannot Demonstrate that Perseverus is a Successor in Interest to Arrowside Ventures

In her Opposition, Plaintiff states that her successor in interest allegations can survive a

Motion to Dismiss where she pleads only the second factor outlined in *Beatrice Co. v. State Bd. of*

*Equalization*, 6 Cal.4th 767, 778 (1993) and *Ray v. Alad Corp.*, 19 Cal.3d 22, 29 (1977), namely that

"one or more persons were officers, directors, or stockholders of both corporations."  In making this

assertion, Plaintiff completely ignores a developed body of case law, which includes a holding

featured *on the same page of Beatrice she relies on*, stating that ***this factor alone is not enough to***

***establish successor in interest liability***.  *See* 6 Cal.4th at 778 ("Beatrice may not rely on a suggestion

that because the second element is present here, Standard Dry Wall was liable for the liabilities

covered by the assumption agreement. As the authorities cited in support of this statement confirm,

even when the same persons are officers or directors of the two corporations, liability is not imposed

on the acquiring corporation when recourse to the debtor corporation is available and the two

corporations have separate identities.").  *See also CenterPoint Energy, Inc. v. Superior Ct*., 157 Cal.

App. 4th 1101, 1121, 69 Cal. Rptr. 3d 202, 219 (2007) ("[I]t is not dispositive that some of the same

persons may serve as officers or directors of the two corporations. The relevant inquiries are whether

the two corporations have preserved their separate identities and whether recourse to the debtor

corporation is available.").

In support of her argument that a transfer of assets is not required to state a successor in

interest claim, Plaintiff cites a single unpublished case, *Lowenthal v. Quicklegal, Inc.,* 2016 WL

5462499, at *10–11 (N.D. Cal., Sept. 28, 2016), which is inapposite to the instant matter and

inconsistent with binding authority.  Plaintiff asserts that *Quicklegal* provides a basis for her to

proceed under a successor in interest theory without there being any transfer of assets between

Perseverus and Arrowside Ventures because the entities share common personnel and have a similar

business model.[1]  In *Quicklegal*, in addition to the successor directly receiving assets from its predecessor, the predecessor was also insolvent, and the successor assumed the predecessor's brand and identity.  Put differently, not only was the plaintiff in *Quicklegal* able to establish both elements of the *Beatrice/Ray* tests, but the plaintiff also established that "the two corporations [did not] preserve their separate identities . . . and [that] recourse to the [plaintiff was not] available."  *See CenterPoint*, 157 Cal. App. 4th at 1121.

Here, Perseverus and Arrowside Ventures only shared some common personnel (i.e., a mere 2 individuals), but they did not share business models (Plaintiff alleges that Arrowside Ventures was merely formed as a "dead" "warehouse" to store the investments made by Cashman in 2021, and had no specific business model, *see* Complaint, ¶¶ 17, 77, whereas Perseverus was formed "to make new investments," *see id.* at ¶ 19), and Perseverus did not acquire any assets from Arrowside Ventures.  Plaintiff notably fails to contest that Arrowside Ventures and Perseverus maintain separate identities and that she has recourse available to her from the other defendants.  Accordingly, for the foregoing reasons, Plaintiff cannot establish that Perseverus is a successor in interest to Arrowside Ventures by only demonstrating the second element of the *Beatrice/Ray* test.

Plaintiff, in a futile attempt to establish the first element of the *Beatrice/Ray* test, argues that her Complaint "definitively alleges that Perseverus took several assets from Ventures."  *See* Dkt. No. 118 at pg. 12, line 27.  In particular, Plaintiff argues that "Perseverus received *other* assets from Ventures, namely intellectual property, funding, and an investment manager."  *Id*. at pg. 13, lines 10-11.  A plain reading of her Complaint shows that this is untrue.  Moreover, Plaintiff cites no case law in support of her conclusory argument that Perseverus' receipt of these "other," non-tangible assets is sufficient to state a successor in interest claim.  Indeed, Plaintiff once again ignores a lengthy line

[1] In addition to being factually distinguishable from the present Action, to the extent this case can be interpreted as holding that prong one of the *Beatrice/Ray* test is not required, this one, unpublished, case from a Federal District Court applying California law is inconsistent with binding authority from California state courts such as the California Supreme Court, a more recent decision from the same Federal District Court, and a published case from a different California Federal District Court, among others.  *See e.g., Beatrice*, 6 Cal.4th at 778; *CenterPoint*, 157 Cal. App. 4th at 1121, *Chan v. ArcSoft*, Inc., No. 19-CV-05836-JSW, 2020 WL 13891272, at *14 (N.D. Cal. Sept. 16, 2020); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1040 (C.D. Cal. 2015).  Notably, *Quicklegal* entirely fails to address *Beatrice* and *CenterPoint*.

5

of cases brought to this Court's attention demonstrating that a transfer of *tangible* assets is required to establish that an alleged successor in interest is a mere continuation of its alleged predecessor. *See* Dkt. 114, pp. 6-7, lines 24-28 and 1-18.

Further, Plaintiff attempts an improper end-around by alleging that Cashman's funding of Perseverus constitutes a transfer between Perseverus and Arrowside Ventures. This assertion by Plaintiff, in and of itself, makes clear that a transfer between Perseverus and Arrowside Ventures never occurred. To establish successor in interest liability under a 'mere continuation' theory, the successor must receive the predecessor's assets. This fact is present in the only other case Plaintiff cites to substantively discuss the successor in interest theory's transfer requirement, although such a transfer is not present here. In *Cleveland v. Johnson,* 209 Cal. App. 4th 1315 (2012), successor in interest liability was found where the successor directly received assets from the predecessors and the predecessor companies were insolvent, making recourse to the plaintiff without finding successor in interest liability impossible. However, those elements are completely absent here. No assets were removed from Arrowside Ventures. Instead, Perseverus was formed and operated completely independently from Arrowside Ventures, and did not receive any of Arrowside Ventures' assets. Further, recourse is available to Plaintiff through the multiple claims against multiple other defendants in this Action. Accordingly, Perseverus is not a mere continuation of Arrowside Ventures.

Plaintiff also cannot establish that Perseverus received assets from Arrowside Ventures for the fraudulent purpose of escaping liability. As previously stated, Perseverus did not receive any assets from Arrowside Ventures, precluding any finding that it received assets to escape liability for Arrowside Ventures' debts.

Simply stated, no transfer of assets ever occurred between Arrowside Ventures and Perseverus, which precludes a finding of successor in interest liability, and Plaintiff cannot bring forth any non-frivolous allegations stating otherwise. As the defects in Plaintiff's Complaint cannot be cured by amendment, this Court should deny Plaintiff's request for leave to amend her Complaint for a third time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, and the reasons stated in Defendants' Partial Motion to Dismiss, Defendants respectfully request that the Court grant the Motion in its entirety.  Defendants also request that the Court deny Plaintiff's request for leave to file a third amended Complaint, as such an amendment would not change the fact that Perseverus never received assets from Arrowside Ventures, which entirely precludes her successor in interest claim.

DEFENDANTS,

CARLOS CASHMAN,
ARROWSIDE VENTURES, LLC,
ARROWSIDE  CAPITAL, LLC,
ARROWSIDE FUND GP, LLC,
CASHMAN FAMILY INVESTMENTS II, LLC,
and PERSEVERUS, LLC

By their attorneys,
  *Gregory Manousos*
Gregory A. Manousos (admitted *pro hac vice*)
Jeffrey T. Collins (admitted *pro hac vice*)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com
jcollins@morganbrown.com

Dated: May 23, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, a copy of the foregoing was sent by e-mail to all parties of record.

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins

7