UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS CASHMAN, et al.,<br><br>    Defendants. | Case No. 22-cv-02010-AMO<br><br>**ORDER RE PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 114 |

Before the Court is Defendants' partial motion to dismiss all claims against newly-added Defendant Perseverus LLC. ECF 114. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] *Id.* at 2, 5-8. Chang opposes the motion, arguing that personal jurisdiction exists because Perseverus is a successor-in-interest to another named defendant, Arrowside Ventures, LLC, and that Perseverus's contacts with this forum establish specific jurisdiction. ECF 118 at 5-6, 11-15. The Court first takes up the issue of whether successor liability provides a basis for personal jurisdiction.

"Successor liability is a well settled concept in the area of personal jurisdiction determinations." *CenterPoint Energy, Inc. v. Superior Ct.*, 157 Cal. App. 4th 1101, 1120 (2007). "[A] California court will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor, and (2) the successor company

---

[1] Defendants also reference Federal Rule of Civil Procedure 12(b)(6) as a basis for their motion. *See* ECF 114 at 2, 5. They have not, however, sufficiently briefed that standard as applied to the claims asserted against Perseverus in the operative complaint. *See id.* This order thus only addresses the personal jurisdiction arguments raised in the parties' papers, though "the Rule 12(b)(6) analysis would be very similar to, if not the same as, the successor liability personal jurisdiction analysis[.]" *See Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *4-5 (Feb. 11, 2016).

effectively assumed the subject liabilities of the predecessor."[2] *Id.* A successor company assumes its predecessor's liabilities if:

> (1) the successor expressly or impliedly agrees to assume the subject liabilities . . . , (2) the transaction amounts to a consolidation or merger of the successor and the predecessor, (3) the successor is a mere continuation of the predecessor, or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts.

*Id.* (citing *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977)).

Chang first argues that Perseverus has assumed Arrowside Ventures's liabilities because it is a mere continuation of Arrowside Ventures. ECF 118 at 5-6, 11-14. This argument fails.

Successor liability attaches under the mere continuation theory "only upon a showing of one or both of the following factual elements: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations." *Beatrice Co. v. State Bd. of Equalization*, 6 Cal. 4th 767, 778 (1993) (citing *Ray*, 19 Cal. 3d at 29). "These requirements are consistent with the basic premise underlying successor liability that a business should not be allowed to avoid its debts or defraud its creditors by changing its form." *Chan v. ArcSoft, Inc.*, No. 19-CV-05836-JSW, 2020 WL 13891272, at *14 (N.D. Cal. Sept. 16, 2020) (citation omitted).

Though the parties do not dispute the second element, Chang's allegations nonetheless fail to meet the first. Chang asserts, wrongly, that she "does not even need to plead inadequate consideration under *Ray* . . . but rather need only allege identity of people and purpose between Ventures and Perseverus, as she has done." *See* ECF 118 at 13. But courts have rejected this approach. *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004) ("Inadequate consideration is an 'essential ingredient' to a finding that one entity is a mere continuation of another."); *Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 627 (2001) (finding the plaintiffs' sole reliance on the second factor misplaced and noting that while *Ray* listed the two

---

[2] The parties do not dispute that personal jurisdiction exists over the predecessor entity. *See generally* ECF 114, 118, 120.

2

1  additional factors in the disjunctive, all of the cases cited by the Supreme Court involved
2  inadequate consideration). For these reasons, Chang has failed to establish successor liability
3  under the mere continuation theory. Defendants' motion to dismiss is therefore **GRANTED** as to
4  that theory.

5      Chang next argues that successor liability attaches because Perseverus was created for a
6  fraudulent purpose. *See* ECF 118 at 4. Neither party addresses the standard the Court must apply
7  in evaluating that theory, and for that reason, the Court declines to address it as this stage.
8  Additionally, "[t]he successor liability inquiry is highly fact-specific, and thus, courts tend to
9  avoid ruling 'on the substantive merits of plaintiffs' case for successor liability at the pleadings
10 stage.' " *City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 645 (N.D.
11 Cal. 2020) (quoting *Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL
12 4888477, at *10 (E.D. Cal. Oct. 12, 2012)). Here, the underlying facts are hotly disputed, and
13 with the deadline for summary judgment motions quickly approaching, *see* ECF 108 at 1, this
14 issue is better resolved at that stage, at which point the Court will have the benefit of a more
15 fulsome record. *See id.* at 645 (denying motion to dismiss for lack of personal jurisdiction without
16 prejudice to refiling "until after the parties have the benefit of a full trial record."). Perseverus
17 may also renew its minimum contacts arguments at that time, which the Court does not reach here
18 in light of the outstanding question of successor liability. Accordingly, Defendants' motion as to
19 specific jurisdiction and Chang's fraudulent purpose theory of successor liability is **DENIED**
20 **WITHOUT PREJUDICE**.

21     Because Defendants' partial motion to dismiss is granted only in part, the Court **DENIES**
22 **AS MOOT** Chang's request for leave to amend the operative complaint. Should Chang still wish
23 to seek such leave, she must file a notice, not to exceed one page, with the Court by no later than
24 June 18, 2024. Upon receipt of such notice, the Court will schedule a status conference with the
25 parties.
26 ///
27 ///
28 ///

1   The motion hearing currently set for June 20, 2024 is **VACATED**. The parties' request to
2   appear at that hearing via Zoom is **DENIED AS MOOT.**
3   **IT IS SO ORDERED.**
4   Dated: June 11, 2024

_____
**A**RACELI **M**ARTÍNEZ**-O**LGUÍN
**United States District Judge**

4