WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com

MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted pro hac vice)
Jeffrey T. Collins (admitted pro hac vice)
200 State Street, Suite 11A
Boston, MA 02109
Telephone: (617) 523-6666
gmanousos@morganbrown.com
jcollins@morganbrown.com

Attorneys for Defendants CARLOS CASHMAN,
ARROWSIDE CAPITAL, LLC, ARROWSIDE
FUND GP, ARROWSIDE VENTURES LLC,
CASHMAN FAMILY INVESTMENTS II, LLC,
and PERSEVERUS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>               Plaintiff,<br><br>   v.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, CASHMAN FAMILY INVESTMENTS II, LLC, and PERSEVERUS LLC,<br><br>               Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**DEFENDANTS CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, ARROWSIDE VENTURES LLC, CASHMAN FAMILY INVESTMENTS II, LLC AND PERSEVERUS LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br>Judge: Hon. Araceli Martinez-Olguin<br><br>SAC filed: March 20, 2024 |

Defendants, Carlos Cashman, Arrowside Ventures, LLC, Arrowside Capital, LLC, Arrowside Fund GP, Cashman Family Investments II LLC, and Perseverus, LLC ("Defendants"), hereby answer the First Amended Complaint filed by Plaintiff Stacy Chang ("Plaintiff"), and state as follows:

## NATURE OF THE CLAIMS

1.      Defendants deny that Carlos Cashman made any false promises to Plaintiff, or that he in any way derailed her career. Defendants state that Plaintiff and Cashman, who did not know each other previously, only explored investment opportunities and whether there *might* arise an opportunity to create an investment platform and raise a fund, and work together in the future. Cashman never made any promises of partnership or employment to Plaintiff. In fact, during the majority of the brief time that they collaborated, Plaintiff remained employed full-time with Founders Fund, and shared investment opportunities with Founders Fund as she did with Defendants. Plaintiff even stated during this time that she was bored at Founders Fund and was using side interests, including her investment projects with Copeman and Cashman, as a creative outlet. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

2.      Defendants admit that Chang was introduced to Cashman by a mutual connection, Tom Copeman, that Cashman is the Co-Founder and CEO of Thrasio, an aggregator of Amazon third-party sellers, and that Copeman was an early investor in Thrasio. Defendants admit that at times, Chang, Copeman, and sometimes Cashman, would trade notes on investment opportunities. Defendants admit that in or around May 2021, Copeman told Chang he had discussed with Cashman the possibility of creating an investment platform and raising a fund. Copeman mentioned the possibility that Cashman might provide approximately $10 million of capital, and the potential that additional capital would be raised from other parties. They also discussed potential fundraising. Further answering, Defendants state that these conversations were just that, conversations. Nothing more. No new business was formed, no such fund had been established, and no promises had been made by anyone to Plaintiff. At times,

Plaintiff, Copeman, and sometimes, Cashman, were simply exchanging ideas and exploring the realm of possibilities, which is not at all unusual in the investment space. Defendants deny the remaining allegations

3.    The Defendants admit that Cashman has a well-earned reputation in the financial industry, and that at times he has described himself as "an MIT grad with a visionary mind, a huge personality, and an even bigger heart" and "a people-first leader and top-tier motivator. Defendants state that from her allegations in the Complaint, it is clear that Plaintiff either woefully misunderstood or has willfully misinterpreted the conversations she was engaged in with Copeman and Cashman, and has wrongly characterized and misrepresented them to pursue her baseless claims. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

4.    The Defendants admit that in or around June 2021, Plaintiff made a presentation to Cashman and Copeman concerning the venture capital industry, and that they applauded her insights and efforts. Defendants admit that conversations concerning investment opportunities continued during this time, and that, at times, Plaintiff, Copeman and sometimes Cashman, exchanged ideas and explored the possibility of creating an investment platform and raising a fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

5.    The Defendants admit that in late September 2021, Chang traveled to Boston to meet with Cashman, Copeman and others to continue their conversations about potentially working together, and to continue exploring the possibility of creating an investment platform and raising a fund. Defendants state that the meeting was productive, but that there was no partnership, or other organization or fund formed, and at no time did Copeman or Cashman discuss with Plaintiff formalizing a partnership or any offer of employment. Their discussions were still very much in the exploratory phase, and each was deriving his/her own personal benefit from the investment opportunities they had exchanged. In actuality, the three were still contemplating what opportunities, if any, may lie ahead. Defendants state that Cashman was still trying to determine whether and to what extent he might commit

financially to a potential future fund, but had not yet made any concrete decisions. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

6.      Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

7.      Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

8.      Defendants state that the allegations in this paragraph reference an email communication which speaks for itself; therefore, any factual allegations or characterizations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

9.      Defendants admit that for privacy and ease of communications surrounding the investment opportunities that were being discussed and explored, Plaintiff and others were issued an @arrowside.com email mail address in or around October 2021. Defendants admit that conversations surrounding financial prospects and investment opportunities continued, and that Plaintiff, Copeman and Cashman talked about ways to build and strengthen relationships in the investment community where the three could continue to individually reap benefits. Defendants state that nonetheless, Plaintiff, Copeman and Cashman were still in the exploratory phase of their working relationship, and had made no commitment to enter any type of formal business arrangement. Further answering, Defendants state that allegations in this paragraph reference an email communication which speaks for itself; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

10.     Defendants admit that Plaintiff, Copeman and Cashman talked about and collaborated on investment opportunities, referred to one another as a "team" and benefitted from each other's skills base and knowledge as they approached investments. Defendants admit that Cashman playfully quipped in one communication that Copeman and Plaintiff "run my investing brain :)." Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

11.     Defendants admit that on or about October 25, 2021, Thrasio announced publicly that it had closed a Series D funding round of over $1 billion. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind concerning her employment with Founders Fund, and therefore such allegations are denied. Defendants state that Cashman was unaware of Plaintiff's compensation arrangement with Founders Fund, and did not know her plans with respect to her employment there. Plaintiff also did not share with Cashman that she was quitting her job with Founders Fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

13.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint. Further answering, Defendants state unequivocally that Cashman never promised Plaintiff a partnership in any Arrowside entity. Plaintiff and Cashman had only briefly known and worked with each other at the time Plaintiff alleges she quit the Founders Fund job with which she was dissatisfied, and it defies logic that Cashman, an astute businessperson, would have extended such a promise. Simply put, he did not.

14.     Defendants state that the allegations in this paragraph reference documents which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

15.     Defendants admit that Cashman ultimately determined that establishing a new fund was not feasible or desirable, and communicated his thoughts to Plaintiff and others. Defendants state this did not represent a change of heart for Cashman as he had not to this point made any determination, which Plaintiff knew. He, Plaintiff and Copeman had only ever been engaged in conversation about the possibility of working together at a new fund, but no final determination had been made, and Cashman certainly never promised Plaintiff a partnership in any venture, much less in one that no one was certain

would be feasible or ever come to fruition. Plaintiff made the decision, of her own volition, to leave a job with which she was unsatisfied and disliked, and to now attempt to point blame and compensate herself for a decision she apparently regrets is disingenuous and an abuse of the legal system. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff gave notice to and left Founders Fund, and therefore such allegations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

16.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

17.     Defendants admit that Arrowside Ventures was formed on January 1, 2022.  Defendants deny the remaining allegations in this Paragraph of Plaintiff's Complaint.

18.     Defendants admit that the investments listed in Ventures' Operating Agreement have not yet formally been transferred. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

19.     Defendants admit that Perseverus, LLC, was formed on April 30, 2022.  Defendants deny the remaining allegations in this Paragraph of Plaintiff's Complaint.

20.     Defendants deny the allegations in this Paragraph of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in this Paragraph on the basis that the document referenced speaks for itself.  To the extent this Paragraph contains any additional factual allegations that require a response, they are denied.

## PARTIES AND JURISDICTION

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are denied.

23.     Defendants admit the allegation in this paragraph of Plaintiff's Complaint.

24.     Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

25.     Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

26.     Defendants admit that Arrowside Ventures, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Massachusetts and that it was incorporated in or around December 2021.  Defendants further admit that the investments listed in Ventures' Operating Agreement have not yet formally been transferred. Defendants further state that documents referenced in this paragraph speak for themselves.  Defendants deny the remaining allegations contained in this paragraph.

27.     Defendants admit that Cashman Family Investments II LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Massachusetts. Defendants admit that certain investments in which Plaintiff, Copeman, Cashman and others were involved were established in Cashman Family Investments II LLC.  Defendants further state that the documents referenced in this paragraph speak for themselves. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

28.     Defendants admit that Perseverus, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Massachusetts, and that it was incorporated on or about April 4, 2022.  The remainder of this paragraph sets forth legal conclusions to which no response is required.  To the extent this paragraph sets forth additional factual allegations requiring a response, such allegations are denied.

29.     Defendants admit that none of the Cashman Entities have members that are citizens of California.

30.     Paragraph 30 sets forth legal conclusions to which no response is required.  To the extent that Paragraph 30 sets forth factual allegations requiring a response, such allegations are denied.

31.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

32.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

33.     Defendants admit that Plaintiff was employed and/or compensated by Founders Fund. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

34.     Defendants admit that Plaintiff was employed and/or compensated by Founders Fund. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

35.     Defendants admit that in or around November 2019, a mutual acquaintance introduced Plaintiff to Copeman, and that Plaintiff and Copeman communicated from time to time after their initial introduction. Defendants admit that Copeman told Plaintiff that he wanted to introduce her to Cashman, which he did in or around January 2020 purely for purposes of a potential Founders Fund investment in Thrasio. Defendants admit that Plaintiff and Cashman exchanged emails and connected in an introductory telephone call in or around March 2020. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

36.     Defendants admit that throughout 2020 and early 2021, Plaintiff and Copeman traded notes on the market and co-invested in a deal that was unrelated to any of the Defendants. Defendants admit that Plaintiff and Cashman exchanged emails periodically in 2020 on topics related to Thrasio and investing. Defendants state that it is not unusual in the investment space for unaffiliated individuals to share investment information and to co-invest, for their own mutual benefit which is exactly what Plaintiff, Copeman and Cashman did during this time. Consummating deals does not establish any formal business arrangement or agreement between the co-investors, nor does it necessarily bind them in any legally actionable way; and the mutually beneficial investments in which Plaintiff, Copeman and Cashman participated did not so bind the parties here, as Plaintiff asserts. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

37.     Defendants admit that Copeman discussed with Plaintiff that Cashman was contemplating expanding his portfolio and profile, including possibly creating a new investment

platform and raising a fund to work with early-stage founders. Defendants admit that Cashman contemplated providing $10 million of capital in a new fund, and perhaps raising additional capital from other parties. Defendants state that these were ideas Cashman was exploring, not absolutes, and certainly not promises to Plaintiff. As an astute businessperson and investor, Cashman was doing what many in the investment world do: he was brainstorming and considering his options and potential next moves. Unfortunately, in an opportunistic moment, and in the wake of quitting a job in which she was unsatisfied, Plaintiff has attempted to contort what were only mutually beneficial dealings and exploratory conversations into legally binding assurances and promises, all for her own financial gain.

38.   Defendants admit that Copeman and Plaintiff engaged in conversations about the possibility of Cashman creating an investment platform and raising a fund, and the possibility of the three working together. However, these were just conversations. At no time did Cashman or Copeman promise plaintiff a partnership, or make any offer of employment to her. The three simply explored possibilities, and discussed their respective strengths in the investment space. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff participated in conversations with Copeman from California. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

39.   Defendants admit that Copeman arranged for Plaintiff to meet with Cashman to explore Cashman's idea of possibly creating an investment platform and raising a fund, and whether there might be an opportunity for Plaintiff to play a role. Defendants deny the allegation that Copeman "pitched" an offer of employment or partnership in any new entity or fund to Plaintiff. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

40.   Defendants admit that a meeting took place between Plaintiff, Copeman and Cashman by Zoom on or about June 25, 2021, that Plaintiff made a presentation regarding the state of the venture capital industry and whether there was a potential space for a fund like the one Cashman had been contemplating and which, at times, Plaintiff, Copeman and sometimes Cashman, had been discussing.

Defendants admit that the presentation was well-received by Copeman and Cashman. Defendants admit that in the meeting Cashman and Copeman shared their thoughts on the potential for a fund like the one Cashman had been contemplating. Defendants state that at no time was Plaintiff offered a partnership, or any specific role in any such potential fund. These were simply exploratory conversations, with the three assessing the marketplace and whether, by Plaintiff's own admission, "there was the potential space for a fund." Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

41.     Defendants admit that at the conclusion of the June 2021 Zoom meeting, Copeman, Cashman and Plaintiff agreed to continue their conversation, and to explore the possibility of working together and raising a fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

42.     Defendants admit that Cashman did not send Plaintiff an offer letter, and that no fund had been created. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

43.     Defendants admit that Plaintiff, Copeman and Cashman discussed meeting in person to continue their conversations about the possibility of starting a new fund, including possibly meeting in Boston. Defendants admit that Plaintiff and Copeman participated in periodic telephone calls from June to September 2021 to discuss marketplace conditions and potential future investments. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's understanding and beliefs, and therefore such allegations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

45.     Defendants state that the allegations in this paragraph reference email communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

46.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

47.     Defendants admit that on or around September 17, 2021 Plaintiff traveled to the East Coast primarily for business that did not involve Copeman or Cashman, but which included an in-person meeting with Cashman, Copeman, and others, including Tucker Walsh and Scott Briggs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff spent weeks preparing a presentation in advance of the meeting, and therefore such allegations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

48.     Defendants admit that Plaintiff shared her presentation during the meeting, and that the group continued their discussions surrounding the possibility of creating an investment platform and raising a fund. Defendants state further that allegations in this paragraph reference an email communication which speaks for itself; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

49.     Defendants admit that Copeman and Cashman continued to communicate with Plaintiff, including via email, following their in-person meeting in September 2021, and that those email communications speak for themselves. Defendants state that at this time, despite Plaintiff, Copeman and Cashman continuing to talk about a potential future together, including via @arrowside.com email accounts, at no time was a fund established, nor was Plaintiff offered a partnership or any employment by Cashman. Simply put, the parties at this time continued to advance their conversations, and continued to explore the universe of possibilities with respect to creating an investment platform and raising a fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

50.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

51.     Defendants admit that following the in-person meeting in September 2021, Plaintiff, Copeman and Cashman continued to discuss potential deals, and that Plaintiff attended meetings and explored deals for her own benefit, as well as for the potential benefit of Copeman and Cashman. Defendants admit that Plaintiff wrote pass notes on potential investments, participated in sourcing three potential deals involving Versicolor Tech., Remi and Nishe, and kept notes on the status of her dealings.

Defendants admit that Plaintiff set up tools to facilitate the flow of information and communications between her, Copeman and Cashman, including Slack and Trello. Further answering, Defendants state that Plaintiff also continued her full-time work with Founders Fund during this time. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

52.     Defendants admit that while continuing her exploratory conversations with Copeman and Cashman, Plaintiff evaluated potential deals for the benefit of herself and Cashman. Defendants state further that allegations in this paragraph reference an email communication which speaks for itself; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

53.     Defendants state that allegations in this paragraph reference written correspondence which speaks for itself; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

54.     Defendants state that the allegations in this paragraph reference email communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny any remaining allegations in this paragraph of Plaintiff's Complaint.

55.     Defendants state that the allegations in this paragraph reference email communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

56.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

57.     Defendants admit that at some point, Plaintiff informed Copeman and Cashman that she was resigning her position with Founders Fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's workload, whether she was overwhelmed, and whether she was experiencing conflicts in the work with which she was involved, and therefore such allegations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

59.     Defendants admit that Thrasio closed a $1 billion round of funding. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

60.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

61.     Defendants admit that on or around November 10, 2021 Plaintiff was introduced to attorney as the law firm of Foley & Lardner. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

62.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

63.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

64.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

65.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

66.     Defendants deny that on or around November 28, 2021, Plaintiff informed Copeman that she would be traveling from San Francisco to New York in early December for initial Arrowside fundraising discussions with potential limited partners and would stop in Boston for a working session afterwards. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are denied.

67.     Defendants admit that on or about December 8, 2021, Plaintiff and Copeman spoke via Zoom and that Copeman explained to Plaintiff that Cashman had grown concerned with the fund raising

environment, and that the prospect of establishing a new fund remained an open question. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

68.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

69.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants state that at this time, Plaintiff clearly communicated via text message to Copeman that she understood Cashman's concerns about starting a fund, didn't want him to feel any level of obligation, and completely understood if the enthusiasm for such a venture was no longer there. She said nothing of any alleged employment agreement or offer of partnership, and showed no dissatisfaction or acrimony over Cashman's reservations about continuing to explore creating an investment platform and raising a fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

70.     Defendants admit that in December 2021, Copeman and Plaintiff discussed that Cashman had reached the conclusion that the timing was not right to raise a new fund. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

71.     Defendants state that the allegations in this paragraph reference text message communications which speak for themselves; therefore, any factual allegations or characterizations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning Plaintiff's beliefs and state of mind, and therefore such allegations are denied.

72.     Defendants admit that Plaintiff was offered some compensation for the time she, Copeman and Cashman were working together and exploring investment opportunities, and that Plaintiff rejected Defendants offer. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

73.     Defendants state that the allegations in this paragraph reference a text message communication which speaks for itself; therefore, any factual allegations or characterizations are denied.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning Plaintiff's beliefs and state of mind, and therefore such allegations are denied.

74.     Defendants admit that Plaintiff and Cashman met via Zoom in or around December 16, 2021 and that the two discussed payment(s) for Plaintiff for the investment work in which she had been involved. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

75.     Defendants admit that in or around December 2021, Plaintiff and Cashman communicated regarding payment(s) for Plaintiff for the investment work in which she had been involved. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

76.     Defendants admit that in or around December 2021, Plaintiff and Copeman discussed payment(s) for Plaintiff for the investment work in which she had been involved, and that Plaintiff has rejected payment(s) from Defendants. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

77.     Defendants state that the allegations in this paragraph reference a document which speaks for itself; therefore, any factual allegations or characterizations are denied. Further answering, Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

78.     Defendants admit that Ventures was structured in order to hold the investments to which Plaintiff claims an entitlement in escrow. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

79.     Defendants state that the allegations in this paragraph reference a document which speaks for itself; therefore, any factual allegations or characterizations are denied.  To the extent this paragraph contains additional factual allegations requiring a response, they are denied.

80.     Defendants admit that website under the name "Arrowside" was posted online in or around January 28, 2022. Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

81.     Paragraph 81 is description of the Action, to which no answer is required.

82.     Paragraph 82 consists of allegations that have been dismissed by the Court, and accordingly, no answer is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

83.     Defendants deny the allegations contained in this paragraph.

84.     Defendants state that the allegations in this paragraph reference a document which speaks for itself; therefore, any factual allegations or characterizations are denied.

85.     Defendants deny the allegations contained in this paragraph.

86.     Defendants deny the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION

87.     Defendants incorporate their responses to Paragraphs 1 through 86 as if set forth fully herein.

88.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint

89.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

90.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

91.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

92.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

93.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

94.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

95.     Defendants incorporate their responses to Paragraphs 1 through 94 as if set forth fully herein.

96.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

97.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

98.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

99.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

100.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

101.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

102.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

103.    Defendants incorporate their responses to Paragraphs 1 through 102 as if set forth fully herein.

104.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

105.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

106.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

107.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

108.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

109.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

110.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

111.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

112.    Defendants incorporate their responses to Paragraphs 1 through 111 as if set forth fully herein.

113.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

114.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

115.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

116.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

117.    Defendants incorporate their responses to Paragraphs 1 through 116 as if set forth fully herein.

118.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

119.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

120.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

121.     Defendants incorporate their responses to Paragraphs 1 through 120 as if set forth fully herein.

122.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

123.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

124.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

125.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

126.     Defendants incorporate their responses to Paragraphs 1 through 125 as if set forth fully herein.

127.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

128.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

129.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

130.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

131.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

132.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

133.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION

134.     Defendants incorporate their responses to Paragraphs 1 through 133 as if set forth fully herein.

135.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

136.     Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

137.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

138.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

139.    Defendants incorporate their responses to Paragraphs 1 through 138 as if set forth fully

herein.

140.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

141.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

142.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

143.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

144.    Defendants deny the allegations in this paragraph of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief

can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not met all jurisdictional pre-requisites to bringing this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation,

including but not limited to common law; California Code of Civil Procedure sections 338, 340, 343;

California Business & Professions Code section 17208; and California Labor section Code 226(a).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' actions were at all times

proper, lawful, reasonable, and in conformity with all applicable state and federal statutory, regulatory,

and decisional law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust administrative remedies and/or failed to fulfill the procedural and/or administrative and/or jurisdictional prerequisites for maintaining this action, including but not limited to those set forth in California Labor Code Section 2699.3.

## SIXTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because it seeks relief which exceeds that available under applicable law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional, malicious, negligent or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries and is not entitled to damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has suffered no damages.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered damage, any damages suffered by Plaintiff were caused in whole or in part by a person or persons for whose conduct Defendants are not legally responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages suffered by Plaintiff were caused by Plaintiff's own acts, omissions, and course of culpable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, ratification, laches, and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to raise some or all of the claims asserted and/or the relief sought in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Although Defendants expressly deny any liability to Plaintiff, Plaintiff has failed to mitigate her damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims punitive damages, Plaintiff is not entitled to same because Defendants did not engage in any acts or omissions which would rise to the level required to sustain an award of punitive damages. Defendants are not liable to Plaintiff for liquidated or punitive damages, including but not limited to, because of Defendants' good faith efforts to comply with all laws identified in the Complaint; Defendants are also not liable for such damages because they did not act in bad faith and/or did not commit any knowing, wanton, intentional, or malicious act, or authorize or ratify such an act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants undertook good faith efforts to comply with the statute(s) pursuant to which Plaintiff has brought her claims, thus barring Plaintiff's claim for punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of an accord and satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the relief sought would result in Plaintiff's unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unfair or unlawful under the California Labor Code or within the meaning of California Business and Professions Code section 17200. Additionally, the utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any alleged potential harm can be reasonably avoided.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint were not unlawful, in that Defendants fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to meet her burden inasmuch as the Complaint fails to state a claim for waiting time penalties under Section 203 of the California Labor Code, the existence of which is expressly denied.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet her burden inasmuch as Plaintiff fails to satisfy the prerequisites as a representative under the California Private Attorneys General Act ("PAGA") and, therefore, lacks standing.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet her burden inasmuch as Plaintiff's claims for a representative PAGA action are unmanageable. See *Williams v. Superior Court*, 3 Cal. 5th 531, 559 (2017). Accordingly, the allegations are not appropriate for representative treatment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to provide proper notice to the LWDA and/or her employer as required under Labor Code section 2699.3.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's PAGA claims must fail because of the invalidity of Plaintiff's underlying claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims for penalties under PAGA are barred to the extent that private actions seeking PAGA penalties manifest an unlawful delegation of executive or other authority.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to meet her burden inasmuch as the relief sought under the Private Attorney's General Act is inappropriate.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants did not accept the alleged contract or otherwise engage in conduct indicating assert thereto; accordingly, a valid contract does not exist between Plaintiff and Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not receive any valid consideration from Plaintiff and, as a result, a valid contract does not exist between Plaintiff and Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The alleged oral contract is unenforceable because it is required to be in writing. As a result, it violates the statute of frauds and is unenforceable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Although Defendants deny making any particular representations or that any such representations were false, negligent, or misleading, Defendants assert that any such representations were innocent.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendants to Plaintiff, and/or all obligations of Plaintiff owed to Defendants, against any judgment that may be entered against Defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this answer, including without limitation, to add such affirmative defenses as warranted by additional investigation and discovery in this case.

The Defendants demand a trial by jury on all issues allowed to be tried by a jury.

WHEREFORE, Defendants request that:

1. That Plaintiff takes nothing by her Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded costs; and

4. Defendants be granted such other and further relief as the Court deems appropriate.

DEFENDANTS,

CARLOS CASHMAN,
ARROWSIDE VENTURES, LLC,
ARROWSIDE CAPITAL, LLC,
ARROWSIDE FUND GP, LLC,
CASHMAN FAMILY INVESTMENTS II, LLC, and
PERSEVERUS, LLC

By their attorneys,
*Jeffrey T. Collins*
Gregory A. Manousos (admitted *pro hac vice*)
Jeffrey T. Collins (admitted *pro hac vice*)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com
Dated: July 1, 2024          jcollins@morganbrown.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, a copy of the foregoing was sent by e-mail to all parties of record.

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins