GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California St., Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, CASHMAN FAMILY INVESTMENT II, LLC, and PERSEVERUS, LLC<br><br>Defendants | Case No. 3:22-cv-02010-AMO (DMR)<br><br>**DECLARATION OF ASHLEY ZITRIN ON BEHALF OF PLAINTIFF STACY CHANG IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:    Hon. Araceli Martínez-Olguín |

1   I, Ashley Zitrin, hereby declare as follows.

2   1. I am a member of the State Bar of California. I am also a member of the law firm of Glenn, Agre, Bergman & Fuentes LLP and counsel for Plaintiff Stacy Chang in the above-captioned matter. If called as a witness, I could and would testify to the facts stated in this declaration.

3   2. Pursuant to Civil L.R. 79-5 and the Court's Civil Standing Order, I submit this declaration on behalf of Plaintiff as the "Designating Party" under Civil L.R. 79-5 in response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") (ECF No. 133).

4   3. Defendants' Motion to Seal identifies portions of approximately fifty-three lines of text in Defendants' Motion for Summary Judgment or Partial Summary Judgment (ECF No. 134) ("Defendants' MSJ"), portions of six paragraphs of the Declaration of Greg Manousos in support of Defendants' MSJ, four pages of Exhibit L attached thereto, and the entirety of Exhibits C, N, O, P, and R (ECF No. 134-1, -4, -13, -15 to -17, -19), as containing material derived from documents that Plaintiff has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("AEO") under the Protective Order (ECF No. 73).

5   4. Having reviewed the information in the identified lines of text and being mindful of the Court's strong preference to avoid sealing filed materials, Plaintiff confirms that she does not seek to seal any of the text identified in Defendants' Motion to Seal.

6   5. However, Plaintiff states that the "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designation for the documents from which all such identified text was derived or obtained should remain unchanged. The reason for this is that all such documents, including the complete contents of such documents, remain subject to the applicable protections of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 14th day of August, 2024 at Benicia, California.

By: __/s/Ashley Zitrin_____

Ashley Zitrin

ZITRIN DECL.IN RESPONSE TO MOT. TO SEAL
CASE NO.: 3:22-CV-02010-AMO (DMR)