LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
John Frost (CA Bar No. 302134)
jfrost@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
FOUNDERS FUND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC, <br><br> Defendants. | Case No. 3:22-cv-02010-AMO <br><br> **FOUNDERS FUND LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN INFORMATION THAT IS THE SUBJECT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIALS SHOULD BE SEALED** |

**INTRODUCTION**

Founders Fund LLC ("Founders Fund") submits this statement in support of its request that the Court seal a discreet portion of Exhibit G to the Declaration of Gregory A. Manousos, which was submitted by Defendants in support of their motion for summary judgment as Docket Number 134-8. Specifically, Paragraph 82 of Exhibit G discloses Founders Fund's confidentially provided testimony. Founders Fund makes this request because the material it seeks to seal meets the standards set forth under *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, (9th Cir. 2003) and Civil Local Rule 79-5(c) and (f).

**BACKGROUND**

Founders Fund is a leading venture capital company. Through various funds, Founders Fund raises private capital and invests that capital in private companies, usually startup technology companies. Lauren Gross is a partner at and the Chief Operating Officer of Founders Fund. *See* Decl. of Lauren Gross ("Gross Decl.") at ¶ 1. Neither Founders Fund nor Ms. Gross are parties to the underlying lawsuit.

Since this case's inception, Founders Fund and Ms. Gross have been served with, combined, five subpoenas seeking documents and testimony, two from Plaintiff and three from Defendants. Through those subpoenas, the Parties sought documents and information pertaining to Founders Fund's nonpublic business operations, including confidential, closely held, and sensitive financial and investment information. After extensive meet and confer efforts with the Parties to ensure its confidential information would be protected, including agreeing on a two-tier protective order, Founders Fund produced documents and Ms. Gross provided testimony, both on her behalf and as Founders Fund's corporate representative. Founders Fund and Ms. Gross designated various documents and testimony as confidential pursuant the Court-entered protective orders. To date, no Party has challenged Founders Fund's confidentiality designations.

On July 29, 2024, Defendants filed a motion for summary judgment. *See* Decl. of John F. Frost ("Frost Decl."), Ex. 1 at 11. Founders Fund reviewed that motion and discovered that it contained materials that Founders Fund designated confidential pursuant to the protective order. *See id.* at 10–11. Prior to filing this motion, Defendants did not request that Founders Fund de-designate

1  those confidential materials or otherwise notify Founders Fund that Defendants intended to file the
2  confidential materials publicly.  *See id.* at 9.
3  　　　After making this discovery, Founders Fund immediately notified Defendants that they
4  improperly disclosed Founders Fund's confidential materials through the summary judgment
5  motion, and Founders Fund initiated meet and confer discussions to try to reach a practical solution.
6  *See id.* at 10–11.  During those meet and confer efforts, Founders Fund de-designated certain
7  materials in an attempt to reduce the burdens imposed on the Court and the parties.  *See id.*
8  Defendants acknowledged their inclusion of Founders Fund's confidential materials, reviewed the
9  summary judgment motion to determine whether other materials were disclosed, identified
10 additional confidential materials contained in their summary judgment motion, and had their
11 summary judgment motion removed from the docket.  *See id.* at 7–8; *see also* Frost Decl., Ex. 2
12 at 2–3.  Defendants also indicated their intention of re-filing their motion, and Founders Fund
13 identified the limited information that it wanted to seal in the refiled motion.  *See* Frost Decl., Ex. 2
14 at  3.
15 　　　On August 13, Defendants filed the pending summary judgment motion (the "MSJ," Dkt.
16 No. 134), along with an administrative motion to consider whether Founders Fund's materials
17 should be sealed (the "Administrative Motion," Dkt. No. 132).  On August 16, Founders Fund
18 emailed Defendants because they had not served Founders Fund with a copy of the Administrative
19 Motion and MSJ, and the Administrative Motion appeared to identify de-designated materials.  *See*
20 Frost Decl., Ex. 2 at 1–2.  On August 19, Defendants served Founders Fund with the Administrative
21 Motion.  *See id.* at 1.  Defendants and Founders Fund stipulated to a deadline within which Founders
22 Fund could respond to the Administrative Motion, and the Court issued an order confirming that
23 deadline.  *See* Dkt. No. 139.
24 　　　The Administrative Motion is inconsistent with Founders Fund's de-designations and
25 discussions with Defendants.  Founders Fund seeks to seal just one paragraph—Paragraph 82—of
26 Exhibit G to the Declaration of Gregory A. Manousos (Dkt. Nos. 132-9 at ECF pp. 38, 134-8 at ECF
27 pp. 38 (hereinafter, "Manousos Decl.")) as it constitutes a disclosure of internal, confidential
28 financial and investment information.  Founders Fund does not object to the disclosure of any other

information in the MSJ or its exhibits.

## ARGUMENT

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records. *Foltz.*, 331 F.3d at 1135; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the common law right of access to court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. To determine whether a judicial record should be shielded from public access, a district court considers "all relevant factors, including . . . the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*; *see also* Civil L.R. 79-5(c)(1). The district court then determines whether to seal a judicial record based on a compelling reason supported by an articulable factual basis. *Foltz*, 331 F.3d at 1135; Civil L.R. 79-5(c)(1). This "compelling reasons" standard applies to dispositive motions, including a motion for summary judgment. *See Foltz*, 331 F.3d at 1136. The Court should apply this standard to Paragraph 82 of Exhibit G to the Manousos Declaration ("Paragraph 82") and find that it material should be sealed.

***Founders Fund has a legitimate private interest in protecting that excerpt from public disclosure because the information constitutes a trade secret.*** *See* Civil L.R. 79-5(c)(i). For the purposes of determining whether to seal a judicial record, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotation marks omitted). Paragraph 82 constitutes a trade secret for the purposes of sealing: it references Ms. Gross's testimony regarding "the estimated value of future carried interest" in certain Founders Fund that "is not available to the public and is highly sensitive." *See* Gross Decl. ¶ 3. Furthermore, Paragraph 82 "omits important context related to" Ms. Gross's testimony, "which is also confidential. *Id.* Sealing such information is appropriate permissible and appropriate. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x at 569 (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement fell within the definition of a trade secret); *Ebay Inc. v. Boch*, 2022

WL 1131720, at *2 (N.D. Cal. March. 21, 2022) (granting an administrative motion to seal "confidential internal financial and business information" that could "harm a party's competitive standing.")

**Founders Fund will suffer injury if sealing is denied.** *See* Civil L.R. 79-5(c)(ii). As Ms. Gross explained:

> If this information were released publicly, Founders Fund's competitors could gain unfair insight into Founders Fund's market position and an unfair competitive advantage over Founders Fund. Furthermore, public disclosure of confidential, decontextualized statements regarding the potential values for carried interest in certain nascent Founders Fund entities, some of which had no investments at the time of the statements, could affect those entities' and Founders Fund's internal and external operations.

*Id.* ¶ 4. This injury is sufficient to warrant sealing. *See Ebay*, 2022 WL 1131720, at *2.

***A less restrictive alternative to sealing is not sufficient to protect Founders Fund.*** *See* Civil L.R. 79-5(c)(iii). Founders Fund has made a narrowly tailored request to protect its most sensitive confidentially maintained information. As discussed above, Founders Fund affirmatively de-designated all but a single paragraph of an expert report. This paragraph, Paragraph 82, discloses certain highly sensitive testimony related to Founders Fund's internal and confidential valuations. Anything less restrictive than redaction of this paragraph would disclose the closely held information that Founders Fund seeks to protect from public disclosure.

Further, Founders Fund is a nonparty to this case. It has no interest in the outcome of this litigation, and this evidence is not being presented in furtherance of any Founders Fund claim or defense. As a result, Founders Fund's interest in maintaining the confidentiality of its business information should be accorded more weight, and the public disclosure of the information through this litigation would be particularly inequitable.

Finally, it bears noting that Paragraph 82 does not appear to be cited or otherwise relied upon by Defendants in the MSJ. Thus, Paragraph 82 appears to be immaterial to the MSJ's determination, and it does not contribute to the public's ability to understand the judicial process or relate to any other cognizable public interest related to the outcome of the underlying lawsuit. As a result, Founders Fund's compelling interest in this information's nondisclosure should be accorded

even more weight, and the Court should seal Paragraph 82.

## CONCLUSION

For the foregoing reasons, Founders Fund respectfully requests that the Court find that there are compelling reasons to seal Paragraph 82 and issue an Order sealing Paragraph 82 of Exhibit G to the Declaration of Gregrory A. Manousos.

Dated: August 26, 2024

Respectfully submitted,

LEWIS & LLEWELLYN LLP

By: */s/ John F. Frost*
    Evangeline A.Z. Burbidge
    John F. Frost
    Attorneys for Nonparty
    FOUNDERS FUND, LLC