GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California St., Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>  Plaintiff,<br><br>  vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, CASHMAN FAMILY INVESTMENT II LLC, and PERSEVERUS LLC<br><br>  Defendants | Case No. 3:22-cv-02010-AMO (DMR)<br><br>**DECLARATION OF PLAINTIFF STACY CHANG IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Araceli Martínez-Olguín |

I, Stacy Chang, hereby declare as follows.

1. I am the Plaintiff in the above-captioned matter. If called as a witness, I could and would testify to the facts stated in this declaration.

2. For background, I am a graduate of the University of California at Berkeley and Parsons School of Design.

3. Following school, I designed for fashion brand Elie Tahari, and then left to start my own eponymous fashion line. In so doing, I learned the details of manufacturing a product and how to run a consumer-facing business. I later moved on from that profitable enterprise in order to return to my hometown in the Bay Area to pursue career growth in the e-commerce and tech space.

4. I then secured an executive assistant position at Founders Fund ("Founders"), and was promoted a year later to Chief of Staff based on the quality of my contributions. At that time, Founders had approximately $6 billion in assets under management with eight investment partners and three Chiefs of Staff. I led and sourced a series of investments, conducted deep dives into potential investment industries, and maintained relationships with investment targets. I was also asked to opine on potential investments, particularly in consumer-facing businesses based on my expertise, and learned how a highly successful venture capital firm is run and organized. This is a non-exhaustive list of my duties at Founders.

5. I was well-compensated at Founders, receiving an annual salary of approximately $150,000, generous benefits, and .1% carry on profits from the funds that were deployed during my tenure. I was also granted the opportunity to invest individually on a fee-free, carry-free basis in those funds and in special purpose vehicles such as those for SpaceX and Anduril.

6. I would not have left my position at Founders Fund except for a step up to a secure position as a partner at a venture capital fund, and I relayed this to Thomas Copeman when he approached me to join as a partner at an investment platform with Defendant Cashman to be called Arrowside, as I testified at my deposition. Deposition of Stacy Chang, dated September 8, 2023, at 49:02-20, ("Chang Depo"), a true and correct excerpt of which is attached hereto as Exhibit A. I did not tell Defendants I was leaving no money on the table when I resigned from Founders Fund to join Arrowside.

7. I have read Defendants' Motion for Summary Judgment or Partial Summary Judgment ("Defendants' Motion"), and it is my understanding that Defendants contend they did not make a clear promise to me that I would be a partner at Arrowside.

8. To avoid any doubt, Thomas Copeman directly promised me a partnership position in the venture capital arm of the Arrowside investment platform over Zoom in June 2021, as I testified at my deposition. Ex. A at 173:04 to 174:01. Copeman continued to seek my assistance in starting the fund, and he and Cashman requested that I meet with them in Boston, MA in September. The promise of partnership was reiterated and much of the fund operations agreed upon at the September 22, 2021 in-person meeting with Copeman, Defendant Cashman and myself, as I also testified. Id. at 174:18 to 182:11. As partner, I would make investment decisions on behalf of the Arrowside venture capital vehicle and shape the overall strategy and branding. Id. at 180:09-19. I was to be compensated with salary and carry.

9. At the September 22, 2021 meeting, Defendant Cashman assured me the fund would be raised and promised anchor funding, with the only contingency being that his anchor funding was reliant on his anticipated secondaries transaction in connection with the Series D funding round for his company, Thrasio. Ex. A at 129:01 to 130:21. It is my understanding that Defendant Cashman received this liquidity a few weeks later as anticipated.

10. I agreed to take the partnership position at Arrowside at the September 22, 2021 meeting.

11. I informed Defendant Cashman and Copeman over Zoom on or about October 31, 2021, that I would be putting in my notice at Founders Fund soon, and they reacted with excitement. I gave notice at Founders Fund on November 11, 2021 and my last day was November 30, 2021.

12. While working for Arrowside, I evaluated and passed on numerous investments on behalf of Cashman and Ventures, including ALL3D, Canal, Open Market, Honest Stand, Mayvenn, Unbridaled, Selldash, June Homes, Onside, Glo Pals, and COR. I spent more than 400 hours working for Arrowside in 2021.

13. Since being ousted from Arrowside, I have not been able to find full-time

1 | employment in the venture capital industry.

3 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of September 6th, 2024 at Burlingame, California.

By: *s/ Stacy Chang*
Stacy Chang

CHANG DECL. IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO.: 3:22-CV-02010-AMO (DMR)
2