LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
John Frost (CA Bar No. 302134)
jfrost@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
FOUNDERS FUND, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC,<br><br>    Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**FOUNDERS FUND, LLC'S STATEMENT IN SUPPORT OF SEALING THE INFORMATION THAT IS THE SUBJECT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIALS SHOULD BE SEALED REGARDING PLAINTIFF'S OPPOSITION TO DEFENDANTS' DAUBERT MOTION** |

## INTRODUCTION

Founders Fund, LLC ("Founders Fund") submits this statement in support of *Plaintiff's Administrative Motion to Consider Whether Other Parties' Materials Should Be Sealed* (the "Administrative Motion," Dkt. No. 167).[1] Accordingly, Founders Fund requests that the Court seal the parts of *Plaintiff's Opposition to Defendants' Daubert Motion* (the "*Daubert* Opposition," Dkt. No. 166) and the Exhibits to the Declaration of Declaration of Ashley Zitrin filed in support of the *Daubert* Opposition (the "Exhibits," Dkt. Nos. 163-1–163-4, 163-6, 163-8–163-9) identified in the Administrative Motion.

In short, the *Daubert* Opposition seeks to establish that the opinion and expert report of Plaintiff's expert (Mr. Gatrell) should not be excluded. Mr. Gatrell extensively analyzed Founders Fund's confidential business information and, in his expert report, discusses that analysis of confidential business information at length. Because it is a response to Defendants' *Daubert* Motion, Plaintiff's *Daubert* Opposition necessarily includes discussion of and citation to the same kinds of confidential information, including:

- Estimated performance metrics and calculations that are based on Founders Fund's confidential financial information pertaining to the historical performance of its venture funds.

- The confidential testimony of Founders Fund's partner and Chief Operating Officer Lauren Gross regarding confidential financial information pertaining to Founders Fund's venture funds.

- Confidential financial and business information, including the contents of confidential business records, pertaining to and conveying key characteristics of Founders Fund's venture funds.

- Its confidential business information pertaining to its employees and employee compensation policies, as well as confidential matters pertaining to individual personnel.

Further, the Exhibits include Mr. Gatrell's expert report and rebuttal report, as well as two other

---

[1] To the extent that the Court is disinclined to grant *Plaintiff's Motion to Remove Incorrect Papers from Court Docket and Replace with Proper Filings*, Docket Number 165, Founders Fund requests that this Statement also apply to *Plaintiff's Administrative Motion to Consider Whether Other Parties' Materials Should Be Sealed*, Docket Number 164, as the information that Founders Fund requests to seal constitutes the same kinds of information for that administrative motion and the Administrative Motion discussed herein. Founders Fund also notes that the Exhibits relate to both administrative motions.

expert rebuttal reports, all of which include their analysis of that confidentially produced business information. *See* Exs. B, F, H, I. The Exhibits also include the deposition testimony of Mr. Gatrell, who discusses his expert opinion, and Ms. Lauren Gross, the partner and Chief Operating Officer of Founders Fund, who provided confidential testimony regarding Founders Fund's business operations. *See* Exs. A, D. Finally, the Exhibits include Founders Fund's quarterly reports, highly confidential documents that provide internal Founders Fund information, and that includes watermarks noting that the information is Confidential and Trade Secret. *See* Ex. C. All this information constitutes or otherwise reveals closely held, confidential business information that Founders Fund produced in this litigation. Accordingly, Founders Fund requests that this information be sealed because it meets the standards set forth under *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, (9th Cir. 2003) and Civil Local Rule 79-5(c) and (f).

## BACKGROUND

Founders Fund is a leading venture capital company. Through various funds, Founders Fund raises private capital and invests that capital in private companies, usually startup technology companies. Founders Fund also makes investments in particular companies through special purpose vehicles, or "SPVs."

Lauren Gross is a partner at and the Chief Operating Officer of Founders Fund. *See* Decl. of Lauren Gross ("Gross Decl.") at ¶ 1. Neither Founders Fund nor Ms. Gross are parties to the underlying lawsuit.

Since this case's inception, Founders Fund and Ms. Gross have been served with, combined, five subpoenas seeking documents and testimony, two from Plaintiff and three from Defendants. Through those subpoenas, the Parties sought documents and information pertaining to Founders Fund's nonpublic business operations, including confidential, closely held, and sensitive financial and investment information. After extensive meet and confer efforts with the Parties to ensure its confidential information would be protected, including agreeing on a two-tier protective order, Founders Fund produced documents and Ms. Gross provided testimony, both on her behalf and as Founders Fund's corporate representative. Founders Fund and Ms. Gross designated various documents and testimony as confidential pursuant the Court-entered protective orders. To date, no

Party has challenged Founders Fund's confidentiality designations.

Through this statement, Founders Fund seeks to protect the portions to be filed under seal set forth in the Administrative Motion. *See* Dkt. No. 167 at 2 (Administrative Motion); Dkt. No. 167-9 at 2–3 (Proposed Order). This redacted information constitutes internal, confidential financial and investment and employee compensation information that should not be publicly disclosed.

## ARGUMENT

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the common law right of access to court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. To determine whether a judicial record should be shielded from public access, a district court considers "all relevant factors, including . . . the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*; *see also* Civil L.R. 79-5(c)(1). The district court then determines whether to seal a judicial record based on a compelling reason supported by an articulable factual basis. *Foltz*, 331 F.3d at 1135; Civil L.R. 79-5(c)(1). This "compelling reasons" standard applies to dispositive motions, and it has been applied to a *Daubert* motion that is connected to a summary judgment motion and that is otherwise considered "critical" to a case's outcome.[2] *See In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012). The Court should apply this standard to the redacted parts of the *Daubert* Opposition and its Exhibits and find that the information should be sealed.

***Founders Fund has a legitimate private interest in protecting the redacted information from public disclosure because the information constitutes trade secrets, confidential business information, private employee information, and employee policies that should be protected from disclosure.*** *See* Civil L.R. 79-5(c)(i). "In general compelling reasons exist to seal materials that are

---

[2] Founders Fund is not aware of the importance that the parties to this case ascribe to the Motion but assumes that this standard would apply in light of the Ninth Circuit's holding in *Midland*. *See Midland*, 686 F.3d at 1119–20.

'sources of business information that might harm a litigant's competitive standing.'" *King v. Nat'l Gen. Ins. Co.*, No. 15-CV-00313-DMR, 2024 WL 405045, at *2 (N.D. Cal. Feb. 2, 2024) (quoting *Ctr. For Auto Safety v. Chrysler Group, LLC*, 447 F.3d 1092, 1097 (9th Cir. 2016)).  For the purposes of determining whether to seal a judicial record, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotation marks omitted).  Similarly, "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019).  Courts further recognize that employees have an informational privacy interest in matters related to their employment that is protected by the California Constitution.  *Doyle v. Galderma, Inc.*, No. 19-CV-05678 (TSH), 2021 WL 4926999, at *1 (N.D. Cal. Apr. 27, 2021) (citing *Board of Registered Nursing v. Sup. Ct.*, 59 Cal. App. 5th 1011, 1039, *review denied* April 21, 2021).

      Here, as in *Baird*, the information that Founders Fund seeks to seal, contains confidential business and financial information relating to Founders Fund's operations, which alone is a sufficiently compelling reason for the Court to seal it.  *See Baird*, 403 F. Supp. 3d at 792 ("the information contains 'confidential business and financial information relating to the operations of BlackRock,' constituting a sufficiently compelling reason to seal.").  The *Daubert* Opposition focuses on an expert's opinion and analysis of how closely held, confidential business information maintained by Founders Fund relates to the damages alleged in this case.  As a result, the redacted information necessarily consists of business information—including trade secrets, confidential business information, private employee information, and confidential employee policies—the disclosure of which would harm Founders Fund's competitive standing.  *See* Decl. of L. Gross ("Gross Decl.") ¶¶ 3–6.  For example, Exhibit B filed in support of the Motion includes a chart of weighted average gross multipliers that calculate individualized performance for each of Founders

Fund's funds from inception. *See* Dkt. No. 163-2 at 24.[3] These calculations, which are clearly based on Founders Fund's closely held, internal financial information, should not be publicly disclosed as Founders Fund otherwise protects this information. *See* Gross Decl. ¶ 3–6; *see also, e.g.*, *In re Elec. Arts*, 298 F. App'x at 569 (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" in a licensing agreement fell within the definition of a trade secret); *Ebay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. March. 21, 2022) (granting an administrative motion to seal "confidential internal financial and business information" that could "harm a party's competitive standing."); *Doyle*, 2021 WL 4926999, at *1 (holding that "[t]he constitutionally-protected privacy interests of [an] employee present compelling reasons to justify a sealing order."). In fact, Plaintiff has appended some of that highly confidential information to the *Daubert* Opposition as Exhibit C, which is a Founders Fund-produced document reflecting its confidential and trade secret information.

**Founders Fund will suffer injury if sealing is denied.** *See* Civil L.R. 79-5(c)(ii). As Ms. Gross explained:

> If this information were released publicly, Founders Fund's competitors could gain unfair insight into Founders Fund's market position and an unfair competitive advantage over Founders Fund, which could be detrimental to Founders Fund. Furthermore, public disclosure of confidential, uncontextualized information regarding Founders Fund's various funds, including the potential values for carried interest in certain nascent Founders Fund funds (some of which had no investments at the time the information was produced in this case) as well as other SPVs could affect those funds' and Founders Fund's internal and external operations. Likewise, public disclosure of confidential employee compensation information would impact the privacy of Founders Fund's employees, and it would also affect Founders Fund's meritocratic approach to employee compensation in the future.

Gross Decl. ¶ 6. This injury is sufficient to warrant sealing. *See See Baird*, 403 F. Supp. 3d at 792; *see also Ebay*, 2022 WL 1131720, at *2; *Doyle*, 2021 WL 4926999, at *1.

**A less restrictive alternative to sealing is not sufficient to protect Founders Fund.** *See* Civil L.R. 79-5(c)(iii). Throughout this case, Founders Fund has sought to comply with its discovery obligations, and it has only made narrowly tailored requests to protect its most sensitive

---

[3] Pages cited herein refer to the ECF page number.

confidentially maintained information. Now, because the *Daubert* Opposition is focused on an expert's extensive analysis of Founders Fund's closely held, confidential business information, Founders Fund has no choice but to ask the Court to seal all the information that is subject to the Administrative Motion. Disclosing the redacted information to the public would harm Founders Fund's competitive standing. In this instance, there is not a less restrictive option.

Further, Founders Fund is a nonparty to this case. It has no interest in the outcome of this litigation, and this evidence is not being presented in furtherance of any Founders Fund claim or defense. As a result, Founders Fund's interest in maintaining the confidentiality of its business information should be accorded more weight, and the public disclosure of the information through this litigation would be particularly inequitable.

## CONCLUSION

For the foregoing reasons, Founders Fund respectfully requests that the Court find that there are compelling reasons to seal the information that is the identified in Defendants' Administrative Motion and Proposed Order.

Dated: October 11, 2024

Respectfully submitted,

LEWIS & LLEWELLYN LLP

By: _____
Evangeline A.Z. Burbidge
John F. Frost
Attorneys for Nonparty
FOUNDERS FUND, LLC