1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    STACY CHANG,                              Case No. 22-cv-02010-AMO

                    Plaintiff,
8
                                               **ORDER RE MOTION FOR SUMMARY**
9         v.                                   **JUDGMENT AND ALTERNATIVE**
                                               **MOTION FOR PARTIAL SUMMARY**
10   CARLOS CASHMAN, et al.,                    **JUDGMENT**

                    Defendants.                Re: Dkt. No. 132
11

12

13        In this employment action arising out of an alleged failed joint investment venture,

14   Plaintiff Stacy Chang sues Defendants Carlos Cashman, Arrowside Capital, LLC, Arrowside Fund

15   GP, LLC, Arrowside Ventures, LLC, Cashman Family Investments II LLC, and Perseverus LLC[1]

16   (collectively, "Defendants") for (1) fraudulent inducement, (2) negligent misrepresentation,

17   (3) misrepresentations in violation of California Labor Code § 970, (4) breach of contract,

18   (5) promissory estoppel, (6) unjust enrichment, (7) failure to pay wages upon separation of

19   employment in violation of California Labor Code §§ 201, 202, and 2926, (8) violation of

20   California Business and Professions Code § 17200 (the "UCL"), and (9) failure to reimburse

21   expenses and losses in violation of California Labor Code § 2802.  ECF 109 ("SAC") ¶¶ 87-144.

22   In connection with her Labor Code claims, Chang also seeks related statutory penalties under

23   Sections 203, 210, and 972 and civil penalties under the Private Attorneys General Act of 2004,

24   California Labor Code §§ 2698, *et seq.* ("PAGA*"). Id.* ¶¶ 108, 111, 130-131, 133, 144.

25        Defendants move for summary judgment, arguing that all of Chang's causes of action fail.

26   ECF 132-1 ("MSJ") at 6.  Alternatively, Defendants seek partial summary judgment on two issues

27

28   _____
     [1] On November 7, 2024, the parties stipulated to a dismissal with prejudice as to Perseverus.
     ECF 177.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   specific to two of Chang's Labor Code claims: first, that even if Chang prevailed on the merits of

2   her seventh cause of action for failure to pay wages upon separation, she would not be entitled to

3   penalties under Labor Code §§ 203 and 210; second, that even if Chang prevailed on her UCL

4   claim, she is not entitled to attorney's fees.  *Id.*  Chang opposes and raises objections to

5   Defendants' reply evidence.  ECF 146-1 ("Opp."); ECF 158 ("Objs.").

6       **A.    Legal Standard**

7       A party may move for summary judgment on a "claim or defense" or "part of [a] claim or

8   defense."  Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when there is no genuine

9   dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *Id.*

10  The party seeking summary judgment bears the initial burden of informing the court of the basis

11  for its motion and identifying those portions of the pleadings and discovery responses that

12  demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

13  317, 323 (1986).  Material facts are those that might affect the outcome of the case.  *Anderson v.*

14  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there

15  is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

16     Where the moving party will have the burden of proof at trial, it must affirmatively

17  demonstrate that no reasonable trier of fact could find other than for the moving party.

18  *Soremekun v. Thrifty Payless*, *Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the

19  nonmoving party will bear the burden of proof at trial, the moving party may carry its initial

20  burden of production by submitting admissible "evidence negating an essential element of the

21  nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party

22  does not have enough evidence of an essential element of its claim or defense to carry its ultimate

23  burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d

24  1099, 1106 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 325 (moving party can prevail merely by

25  pointing out to the district court that there is an absence of evidence to support the nonmoving

26  party's case).

27     When the moving party has carried its burden, the nonmoving party must respond with

28  specific facts, supported by admissible evidence, showing a genuine issue for trial.  Fed. R. Civ. P.

56(c), (e).  But disputed facts must be material – the existence of only "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]"  *Anderson*, 477 U.S. at 247-48.  When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Id.* at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).  However, when a non-moving party fails to produce evidence rebutting the moving party's showing, then an order for summary adjudication is proper.  *Nissan Fire*, 210 F.3d at 1103 ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").  The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact.  *See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

      **B.**      **Analysis**

      With the above framework in mind, the Court first addresses Chang's objections to portions of Defendants' reply before turning to the merits of Defendants' summary judgment motion.

      **1.**      **Objections to Reply Evidence**

      When a party "raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond."  *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (citations omitted).  However, " '[e]vidence submitted in direct response to evidence raised in [the preceding brief] . . . is not new.' "  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 11505721, at *3 (N.D. Cal. Mar. 9, 2016) (quoting *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) (modifications in original)).  "Moreover, when new evidence is presented to the court '[t]he opportunity for rebuttal . . . need not be in writing; an opportunity for oral rebuttal may be sufficient.' "  *Id.* (quoting *Gray v. Cnty. of Riverside*, No. EDCV 13-00444-VAP (OPx), 2014 WL 5304915, at *15 n.7 (C.D. Cal. Sept. 2, 2014)).

      Chang seeks to strike certain portions of Defendants' reply or alternatively, permission to

United States District Court
Northern District of California

file a sur-reply in response.[2]  Objs. at 1.  She contends that "[w]hile Defendants did not include a new affidavit or cite documents not previously identified as part of their Reply, they make several factual assertions without any citations that are equivalent of presenting new evidence."  *Id.* at 2.  Chang describes the unsupported factual assertions as pertaining to two topics: first, whether Tom Copeman, who initially approached Chang about working with Defendants, could legally act on Cashman's behalf and, if so, when any such agency relationship arose; second, whether Chang expected remuneration for her work and qualifies as an employee under California law.  *See id.*

Chang's objections are **OVERRULED** for two reasons.  First, the arguments Defendants raise on reply are not "new."  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 11505721, at \*3.  Defendants' assertions about whether Copeman had authority to act on Cashman's behalf respond to Chang's own unsupported contention that "Defendants do not dispute that Cashman is responsible for Copeman's actions. . . ."  Opp. at 22 n.5.  Similarly, Defendants' contentions that Chang does not meet the definition of an employee respond to her arguments that she does.  *See id.* at 26-27.

Second, in asserting her objections, Chang ignores that Rule 56 does not permit parties to rely on bare assertions at the summary judgment stage.  Rule 56(c)(1) provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  In keeping with this directive, the Court does not credit unsupported

---

[2] The Court notes that Chang's request for a sur-reply is procedurally improper.  One of the cases Chang cites in her objections – *Reyes v. Fed. Express Corp.*, No. 23-CV-00693-AMO, 2023 WL 4183473, at \*5 (N.D. Cal. June 23, 2023) – makes it clear that an administrative motion pursuant to Civil Local Rule 7-11 is the proper vehicle for seeking leave to file a sur-reply.  Chang has not done so here, and her request for a sur-reply, even if properly directed at "new" arguments, would be rightly denied for this reason alone.

1    assertions of fact in ruling on the pending motion for summary judgment.  Nor does the Court

2    credit the evidentiary citations Chang offers with her objections to rebut the unsupported

3    assertions she challenges.  *See* Objs. at 3-4.  For this reason, Chang's objections are moot.

4         Having resolved Chang's evidentiary objections, the Court now turns to the merits of

5    Defendants' motion.  Because each side proffers its own version of the relevant facts, the Court

6    focuses on the specific facts that, in the context of each cause of action Chang asserts, either

7    present a genuine dispute of material fact that precludes summary judgment in Defendants' favor

8    or entitle Defendants to judgment as a matter of law.  The Court begins with Chang's first cause of

9    action.

10                        **2.      Fraudulent Inducement**

11        Chang's first cause of action is for fraudulent inducement.  SAC ¶¶ 87-94.  To prevail on

12   this claim, Chang must prove the following elements: "(a) misrepresentation (false representation,

13   concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e.,

14   to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Ct.*, 12

15   Cal. 4th 631, 638 (1996) (citations omitted).

16        Defendants argue that Chang fails to satisfy each of these elements.  MSJ at 19-21.  First,

17   they contend that Chang has failed to "demonstrate that any misrepresentations were made about

18   the prospect of a partnership position at a venture fund because the parties knew that any potential

19   partnership position was contingent on a venture fund being raised, which was never guaranteed."

20   *Id.* at 19.  Next, Defendants argue that even if such misrepresentations were made, "there is simply

21   no evidence that the offer was a misrepresentation with the requisite level of intent . . . . " *Id.*

22   Defendants further contend that Chang cannot demonstrate Defendants intended to induce reliance

23   or that such any reliance by Chang was reasonable.  *Id.* at 17, 20.  Finally, Defendants argue that

24   Chang cannot show damages.[3]  *Id.* at 20.

25   _____

26   [3] Defendants mount an across-the-board challenge to damages, arguing that, as to all claims,
     Chang has suffered no damages.  MSJ at 21.  This argument is not persuasive.  At oral argument,

27   Defendants conceded that "it's essentially a damages issue more than a summary judgment issue."
     The Court therefore leaves it to the jury to determine what amount of damages, if any, Chang has

28   sustained as a result of not being able to secure full-time employment in the venture capital
     industry since December 2021.  To the extent Defendants challenge Chang's ability to establish

United States District Court
Northern District of California

Chang sets forth the following contrary facts in her declaration.[4]  With respect to the representations made, she declares that "Thomas Copeman directly promised [her] a partnership position in the venture capital arm of the Arrowside investment platform over Zoom in June 2021."  ECF 147-1 ("Chang Decl.") ¶ 8.  That promise "was reiterated and much of the fund operations agreed upon at the September 22, 2021 in-person meeting," at which Copeman, Cashman, and Chang were present.  *Id.*  She "was to be compensated with salary and carry."  *Id.*  Chang "agreed to take the partnership position at Arrowside at the September 22, 2021 meeting."  *Id.* ¶ 10.

During that meeting, Cashman also "assured [Chang] the fund would be raised and promised anchor funding, with the only contingency being that his anchor funding was reliant on his anticipated secondaries transaction in connection with the Series D funding found for his company, Thrasio."  *Id.* ¶ 9.  According to Chang, Cashman received funds from that transaction "a few weeks later as anticipated."  *Id.*

This, combined with the examples Chang raised during oral argument, including the December 16, 2021 email in which Cashman tells Copeman that he failed to communicate to Chang that the potential venture was not set in stone, instead pitching it to Chang as "her next thing[;]" communications in which Cashman held Chang out as a partner in Arrowside; and the November 11, 2021 text in which Chang informs Copeman that she is resigning, to which Copeman responds with enthusiasm – present a genuine dispute for trial.  "Intent is 'always a question of fact' under California law[,]" *see Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1151 (E.D. Cal. 2017), and Chang has presented sufficient evidence from which a jury

_____

damages based on the statement that she was not leaving anything on the table by leaving Founder's Fund, that is disputed.  In her declaration, Chang states: "I did not tell Defendants I was leaving no money on the table when I resigned from Founders Fund to join Arrowside."  Chang Decl. ¶ 6.

[4] The Court rejects Defendants' contention that Chang's declaration is a sham affidavit that must be disregarded.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (instructing that "the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment[]") (citations and quotations omitted).

6

1    may find that Defendants acted with intent to defraud.  *See, e.g.*, *Swafford v. IBM Corp.*, 408 F.

2    Supp. 3d. 1131, 1146 (N.D. Cal. 2019) (finding a genuine dispute of material fact as to whether

3    the defendant made certain representations about its compensation structure with the intent to

4    defraud where circumstantial evidence showed that defendant would not be able to recruit sales

5    representations if the defendants had been truthful about capping commission).  The

6    reasonableness of Chang's reliance is also a matter reserved for the jury.  *See id.* at 1146.

7    Accordingly, Defendants' motion for summary judgment is **DENIED** as to Chang's first cause of

8    action for fraudulent inducement.

9                          **3.        Negligent Misrepresentation**

10         Chang's second cause of action is for negligent misrepresentation.  SAC ¶¶ 95-102.  To

11    prevail on this claim, Chang must prove: " '(1) a misrepresentation of a past or existing material

12    fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's

13    reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by

14    the party to whom the misrepresentation was directed, and (5) damages.' "  *Colgate v. JUUL Labs,*

15    *Inc.*, 345 F. Supp. 3d 1178, 1195 (N.D. Cal. 2018) (quoting *Fox v. Pollack*, 181 Cal. App. 3d 954,

16    962 (1986)).

17         As they did in connection with Chang's fraudulent inducement claim, Defendants argue

18    that Chang cannot establish any of the above elements.  MSJ at 17-21.  The negligent

19    misrepresentation claim survives for the same reason the fraudulent inducement claim does.  Even

20    if a jury does not find that Defendants acted with the scienter required for a fraudulent inducement

21    claim, the record in this case, and the December 16 email in particular, may lead a reasonable jury

22    to conclude that Defendants nonetheless made misrepresentations without reasonable grounds for

23    believing them to be true.  *See Golden Gate Way, LLC v. Enercon Servs., Inc.*, 572 F. Supp. 3d

24    797, 827 (N.D. Cal. 2021) (explaining that "[t]he elements of a negligent misrepresentation . . . are

25    the same as those of actual fraud, except that there is no scienter requirement[]").  Accordingly,

26    Defendants' motion for summary judgment is **DENIED** as to Chang's second cause of action for

27    negligent misrepresentation.

28    ///

United States District Court
Northern District of California

United States District Court
Northern District of California

**4.      Labor Code § 970**

Chang's third cause of action is for misrepresentations made in violation of California Labor Code § 970.  SAC ¶¶ 103-111.  In connection with the alleged violation, Chang seeks double damages under Labor Code § 972 and civil penalties under PAGA.[5]  SAC ¶¶ 110-111.

Section 970 prohibits individuals from "directly or indirectly . . . influenc[ing], persuad[ing], or engag[ing] any person to change from . . . any place outside to any place within the State, . . . for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form[.]" *S.S. v. Ali*, No. 3:23-CV-05074-JSC, 2024 WL 150728, at *9 (N.D. Cal. Jan. 11, 2024) (quoting Cal. Lab. Code § 970).

Defendants argue that they are entitled to summary judgment on Chang's Section 970 claim for two reasons.  MSJ at 19-20.  First, Chang cannot establish that the requisite misrepresentation was made.  *Id.* at 19.  Second, Chang cannot show that she was required to relocate her residence.  *Id.*

In opposition, Chang offers no evidence of any relocation of residence.  *See generally* Opp. Instead, she contends:

> Defendants induced Plaintiff to temporarily change her location by traveling from San Francisco to other places in California, Boston, and New York on behalf of Arrowside.  MSJ at 8, 15.  That Plaintiff combined certain trips for Arrowside with personal meetings does not negate the fact that Defendants induced her to travel.  For example, when Defendants informed Plaintiff of her ouster, Plaintiff was in New York to meet with potential LP investors on behalf of Arrowside, a trip Copeman approved and encouraged.  Ex. VV.

---

[5] "PAGA provides for civil penalties for various Labor Code violations and authorizes 'aggrieved employees, acting as private attorneys general, to recover [those] penalties.' " *Estrada v. Royalty Carpet Mills, Inc.*, 15 Cal. 5th 582, 598-99 (2024) (quoting *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 379 (2014), *abrogated in part on other grounds by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022)) (modifications in original).  Those penalties are "$100 for any initial violation, and $200 for each subsequent violation per pay period." *Taylor v. Interstate Grp., LLC*, No. 15-CV-05462-YGR, 2016 WL 861020, at *5 (N.D. Cal. Mar. 7, 2016) (citing Cal. Lab. Code § 2699(f)(2)).  The "penalties recovered on a PAGA claim are split between the state and aggrieved employees." *Estrada*, 15 Cal. 5th at 599.  "[I]f the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 25% of the civil penalties recovered," plus reasonable attorney's fees and costs, and the state labor law enforcement agency "is entitled to 75%." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1043 (N.D. Cal. 2014); *see also* Cal. Lab. Code § 2699(g)(1), (i).

1    Opp. at 30.

2    The type of temporary business travel Chang describes is not sufficient to establish a

3    violation of Section 970 as a matter of law. The California Supreme Court has explained that the

4    statute covers "temporary as well as permanent *relocation of residence*, as contrasted with a mere

5    change in the site of employment." *See Collins v. Rocha*, 7 Cal. 3d 232, 239 (1972) (emphasis

6    added). Absent evidence of such a relocation, Chang's Section 970 claim is not viable.

7    *See Asnaashari v. PNY Techs., Inc.*, No. C 13-1308 PJH, 2013 WL 2403605, at *2 (N.D. Cal. May

8    31, 2013) (applying *Collins* and granting motion to dismiss because "even if for a short duration,

9    section 970 still requires a relocation of residence, and not merely a site visit[]"); *see also Stevens*

10    *v. Thomas Keller Rest. Grp.*, No. C-09-0622 EMC, 2009 WL 3841879, at *3 (N.D. Cal. Nov. 17,

11    2009) (stating, in deciding a motion to dismiss, that the purpose of Section 970 "is protecting

12    employees who have been induced to move[]") (internal quotations omitted).

13    The sole case Chang cites in support of a contrary conclusion – *Miller v. Unified Sci., LLC*,

14    No. 3:19-cv-02004-BEN-DEB, 2020 WL 6161634 (S.D. Cal. Oct. 20, 2020) – is both

15    procedurally and factually inapposite. In that case, the plaintiff's claim under Section 970

16    survived the defendants' motion to dismiss. *Id.* at *4-5. The plaintiff plausibly alleged that

17    although he was hired to fill a position based in California, he was induced to go to Wisconsin for

18    a project then told he would have to stay there because the position in California was no longer

19    available. *Id.* Chang has brought forth no comparable facts here.

20    For the reasons explained above, Defendants' motion for summary judgment is

21    **GRANTED** as to Chang's third cause of action for violation of California Labor Code § 970.

22    ### 5.    Breach of Contract

23    Chang's fourth cause of action is for breach of contract. SAC ¶¶ 112-116. To prevail on

24    this claim, Chang must prove: "(1) existence of the contract; (2) plaintiff's performance or excuse

25    for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."

26    *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (citation omitted).

27    Defendants argue that Chang's breach of contract claim fails because she cannot

28    demonstrate the existence of an enforceable offer, that any alleged offer "was rife with

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1   contingencies and ambiguities," and that essential terms – such as the fund's carry structure and

2   salary – "were not agreed upon."  MSJ at 15-16.

3         Chang offers contrary evidence.  According to her declaration, she was promised a

4   partnership position in Arrowside in September 2021, and she accepted.  Chang Decl. ¶¶ 8, 10.

5   The only contingency was that Cashman's anchor funding was dependent on a transaction

6   involving one of his company's.  *Id.* ¶ 9.  That transaction proceeded as planned, and Cashman

7   received the funds as anticipated.  *Id.*  At deposition, Chang testified that Cashman approved a

8   salary of $225,000 and carried interest of 25%, along with the fund's structure.  Chang Dep.

9   128:8-12; 154:8-156:17; *see also* Chang Decl. ¶ 8 (promised compensation included salary and

10  carry).

11        It is not for the Court to weigh this conflicting evidence but for the jury to determine which

12  account to believe.  Accordingly, Defendants' motion for summary judgment is **DENIED** as to

13  Chang's fourth cause of action for breach of contract.

14        **6.      Promissory Estoppel**

15        Chang's fifth cause of action is for promissory estoppel.  SAC ¶¶ 117-120.  To recover

16  under a theory of promissory estoppel, Chang must prove the following elements: "(1) a promise

17  clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made;

18  (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel

19  must be injured by [such] reliance."  *Flintco Pac., Inc. v. TEC Mgmt. Consultants, Inc.*, 1 Cal.

20  App. 5th 727, 734 (2016) (citations omitted; modification in original).

21        Defendants argue that Chang cannot establish that there was a clear and unambiguous

22  promise, that Chang reasonably relied on such a promise, or that she suffered damages as a result.

23  MSJ at 15-16, 17, 21.  Defendants point to Copeman's deposition testimony in support.  He

24  testified that he, Chang, and Cashman "started looking at deals together in the summer of 2021

25  while everybody had their day jobs exploring the possibility of what-ifs and raising a fund and

26  seeing if the group – the collective enjoyed working together."  ECF 132-2 ("Manousos Decl.")

27  ¶ 5; ECF 132-4 ("Copeman Dep.") at 10:15-20.  He also testified that he could "recall and say

28  that if [they] were to raise a fund, [Chang] would have been a general partner[,]" though he

10

couldn't "recall anything specifically, everybody sitting around a group and discussing those things specifically." *Id.* at 16:20-17:9.

Defendants also rely on a portion of Chang's deposition testimony, quoted below:[6]

> He [Cashman] told me that the -- when we met on September 22nd, he said that the capital that was going to be associated with funding this platform was going to be directly connected from the Series D Thrasio round. And he believed -- I mean, I -- I remember very distinctly, like, nothing is done until it's done, but we are, like, 99 percent there. But he's like, you understand there's, like -- you know, it's not done until it's, like, wired. And I was like, got it.

Manousos Decl. ¶ 3; ECF 132-3 ("Chang Dep.") at 27:5-14. In addition, Defendants point to a text chain between Chang to Cashman from December 2021:



[6] Chang disputes whether Defendants characterize her testimony correctly. The Court need not decide which characterization is correct. It is for the jury to decide which version of the disputed events is credible. *See Chan v. ArcSoft, Inc.*, No. 19-CV-05836-JSW, 2023 WL 8260886, at *14 (N.D. Cal. Nov. 29, 2023).

11

United States District Court
Northern District of California

1    Manousos Decl. ¶ 21; ECF 132-18 ("December 2021 Chain") at 2.

2          In response, Chang offers facts from which a reasonable jury could decide in her favor.

3    Chang declares that she was promised a partnership position in Arrowside in September 2021.

4    Chang Decl. ¶ 8.  In October 2021, she told Cashman and Copeman that she would be giving

5    notice to her prior employer.  *Id.* ¶ 11.  She tendered that notice to her prior employer on

6    November 11, 2021, and her position there ended on November 30, 2021.  *Id.*  She would not have

7    left that position "except for a step up to secure position as a partner at a venture capital fund[,]"

8    which she had communicated to Copeman when he first approached her.  *Id.* ¶ 6.

9          Whether Chang's actions were reasonable given the nature of the promised partnership is

10   for a jury to decide.  *See Flintco Pac., Inc.*, 1 Cal. App. 5th at 734 (explaining that "whether the

11   reliance was reasonable is a question of fact unless reasonable minds could reach only one

12   conclusion based on the evidence, in which case the question is one of law[]").  It is also for the

13   jury to decide whether Defendants ever made promise of a partnership position as Chang

14   contends, and if so, whether it was as concrete as Chang believed it to be.  *See Zetwick v. Cnty. of*

15   *Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (instructing that "where evidence is genuinely disputed on

16   a particular issue – such as by conflicting testimony – that issue is inappropriate for resolution on

17   summary judgment[]") (internal quotations and citation omitted).  Accordingly, Defendants'

18   motion for summary judgment is **DENIED** as to Chang's promissory estoppel claim.

19                    **7.    Unjust Enrichment**

20         Chang's sixth cause of action is for unjust enrichment.  SAC ¶¶ 121-125.  To prevail on

21   this claim, Chang must prove that: "defendant[s] received and unjustly retained a benefit at the

22   [her] expense."  *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citation

23   omitted).

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
Northern District of California

As to this claim, Defendants argue:

> Initially, Plaintiff vastly overstates and speculates on the "significant monetary benefit" her efforts conferred upon Defendants. "Arrowside" as allegedly conceptualized was never created, so to the extent Plaintiff alleges that she worked to found "Arrowside," the efforts were for naught. What remains is only a handful of investments for which Plaintiff provided feedback, and a few investments funded exclusively by Cashman that Plaintiff helped to source. However, those investments in early stage companies (many of which fail) have not realized, and may never realize, any return, much less a significant return to which Plaintiff would have been entitled carry had the venture fund been raised. The retention of such benefits, to the extent they even exist, is clearly not unjust particularly where Cashman made the investments with his own capital – bearing the full risk of the investment – and offered Plaintiff compensation for her time and carry for the deals she was involved with, which she declined. *See* Ex. E at 227:14-21, 234:9-21; Ex. V at 29:1-11. Plaintiff also cannot demonstrate that either Arrowside Ventures' or Perseverus' investments were made due to any unique "investment thesis" created by Plaintiff. Accordingly, Plaintiff cannot state a claim for unjust enrichment.

MSJ at 22.[7]

These arguments do not establish that, as a matter of law, Defendants received no benefit or that they have not retained a benefit at Chang's expense. To the contrary, the evidence in the record presents a genuine dispute for trial. Chang declares that "[w]hile working for Arrowside, [she] evaluated and passed on numerous investments on behalf of Cashman and Ventures . . . ." Chang Decl. ¶ 12. She "spent more than 400 hours working for Arrowside in 2021." *Id.* She also worked on economic models for Arrowside, which she sent to Cashman at his request (made during an email exchange) after the venture fell apart in December 2021. December 2021 Text Chain at 2. In that same exchange, Cashman told Chang that he had been "impressed with what [Chang had] done." *Id.* A reasonable jury may conclude that the work Chang performed conferred a benefit on Defendants and that by failing to compensate Chang for that work, they have unjustly retained a benefit at her expense. Accordingly, Defendants' motion for summary judgment is **DENIED** as to Chang's sixth cause of action for unjust enrichment.

///

---

[7] Defendants offer no caselaw in support of their legal arguments on this point.

United States District Court
Northern District of California

1    **8.    Failure to Pay Wages Upon Separation**

2    Chang's seventh cause of action is for failure to pay all wages due upon separation of

3    employment, in violation of California Labor Code §§ 201, 202, and 2926.  SAC ¶¶ 126-133.

4    Chang also seeks statutory penalties under Labor Code §§ 203 and 210 and civil penalties under

5    PAGA.  *Id.* ¶¶ 130, 131, 133.  The Court first addresses the parties' arguments with respect to the

6    underlying wage claim before turning to their arguments about related penalties.

7    **a.    <u>Whether Chang was an employee</u>**

8    Defendants first argue that Chang cannot establish that she was their employee.  MSJ at

9    16-17.  They contend:

10    [T]here was no understanding between the parties that an
      employment relationship was being created (and, indeed, Plaintiff
11    retained her job at FF for virtually the entire time), there was no
      written employment agreement, no agreement about salaries and the
12    fund carry structure, and the parties were not anywhere near close to
      raising the fund for which she purportedly would have worked.
13

14    MSJ at 17.  In support of this argument, Defendants point to portions of Chang's deposition

15    testimony, which confirms that there never was "any kind of written employment agreement with

16    Arrowside Ventures" and that, by December 10, 2021, there was no final written agreement

17    reached "as to what the carry structure would be overall for Arrowside Ventures[.]"  Manousos

18    Decl. ¶ 3; Chang Dep. at 25:5-8, 31:7-13.  Defendants also point to a draft budget Cashman

19    redlined, presumably to show that relevant documents had not been finalized.  Manousos

20    Decl. ¶ 15; ECF 132-12 ("Redlined Budget").  Defendants further rely on the opinion of their

21    industry expert, Jim Timmins, who opines that the parties did not have the foundational

22    documents necessary to approach institutional investors for funding for their venture.  Manousos

23    Decl. ¶ 12; ECF 132-9 at 24, 28-31.

24    Defendants also argue, without citation to the record or any legal authority, that they "did

25    not employ or exercise control over [Chang's] wages, hours, or working conditions."  MSJ at 17.

26    They describe Chang's "efforts to participate in the potential raising of a fund" as being "done in

27    the spirit of entrepreneurship and a potential business partnership, as happens all of the time in the

28    venture capital industry[.]"  *Id.*  According to Defendants, Chang "participated voluntarily and

United States District Court
Northern District of California

14

1   during her free time while she maintained full-time employment." *Id.*

2   Defendants' arguments fail. "[T]he ABC test remains the operative test for determining

3   whether a worker is an employee for purposes of the Labor Code, the Unemployment Insurance

4   Code, and all wage orders." *Becerra v. McClatchy Co.*, 69 Cal. App. 5th 913, 935 (2021)

5   (citations omitted). That test is codified in Labor Code § 2775, which provides, in part:

6
7   (b)(1) For purposes of this code and the Unemployment
    Insurance Code, and for the purposes of wage orders of the
    Industrial Welfare Commission, a person providing labor or services
8   for remuneration shall be considered an employee rather than an
    independent contractor unless the hiring entity demonstrates that all
9   of the following conditions are satisfied:
    (A) The person is free from the control and direction of the
10  hiring entity in connection with the performance of the work, both
    under the contract for the performance of the work and in fact.
11  (B) The person performs work that is outside the usual
    course of the hiring entity's business.
12  (C) The person is customarily engaged in an independently
    established trade, occupation, or business of the same nature as that
13  involved in the work performed.

14  Cal. Lab. Code § 2775(b)(1). "The ABC test places the burden on the hiring entity to establish

15  that a worker is an independent contractor, and the hiring entity's failure to establish any one of

16  the ABC factors will be sufficient in itself to establish that the worker is an employee . . . ." *Olson*

17  *v. California*, 104 F.4th 66, 73 (9th Cir. 2024), *cert. denied*, --- S.Ct. ----, 2024 WL 4486406 (U.S.

18  Oct. 15, 2024).

19  Defendants' arguments, which are devoid of legal authority or citation to the record, do not

20  satisfy this burden. Accordingly, because Defendants seek summary judgment on Chang's claim

21  under California Labor Code §§ 201, 202, and 2926 on the basis that Chang has not shown she is

22  an employee, their motion is **DENIED.**

23  Having denied Defendants' motion for summary judgment as to Chang's wage claim, the

24  Court now turns to Defendants' alternative motion for partial summary judgment on the issue of

25  whether Chang would be entitled to recover waiting time penalties under Labor Code § 203 and

26  statutory penalties under Labor Code § 210 if she prevailed on her underlying claim. The Court

27  addresses each issue in turn.

28  ///

United States District Court
Northern District of California

1

### b.    Penalties under Labor Code § 203

2      California Labor Code § 203 states:

3          If an employer willfully fails to pay, without abatement or reduction,
           in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9,
4          202, and 205.5, any wages of an employee who is discharged or who
           quits, the wages of the employee shall continue as a penalty from the
5          due date thereof at the same rate until paid or until an action therefor
           is commenced; but the wages shall not continue for more than 30
6          days.

7    Cal. Lab. Code § 203(a).  The provision allows the court to:

8          award an employee who is discharged or who quits a penalty equal
           to up to 30 days' worth of the employee's wages if an employer
9          willfully fails to pay the employee his full wages immediately (if
           discharged) or within 72 hours (if he or she quits).  It is called a
10         waiting time penalty because it is awarded for effectively making
           the employee wait for his or her final paycheck.  A waiting time
11         penalty may be awarded when the final paycheck is for less than the
           applicable wage – whether it be the minimum wage, a prevailing
12         wage, or a living wage.

13   *Diaz v. Grill Concepts Services, Inc.*, 23 Cal. App. 5th 859, 867 (2018) (internal quotations,

14   citations, and modifications omitted).  "Under long established law, an employer cannot incur civil

15   or criminal penalties for the willful nonpayment of wages when the employer reasonably and in

16   good faith disputes that wages are due."  *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal. 5th 1056,

17   1065 (2024) (citations omitted).

18        Defendants argue that such a good faith dispute exists here because "there was no

19   employment relationship between Defendants and [Chang], which is supported by the lack of an

20   employment agreement, [Chang's] full-time employment during nearly the entirety of the period

21   relevant to this Action, and [Chang's] acknowledgment that there was never a commitment to

22   raising a fund in which she might be a partner."  MSJ at 25.  In their reply, Defendants add that

23   "there is no dispute that the compensation Plaintiff claims she is owed is subject to a good faith

24   legal and factual dispute. . . .  There is substantial evidence in this case that Plaintiff did not, and

25   has never, met the legal definition of an employee, or, an individual providing services for

26   remuneration to an entity or individual."  ECF 155 ("Reply") at 14-15.

27        These arguments fail.  Defendants' assertion that a good faith dispute exists is insufficient.

28   "[I]t cannot be the case that a straight denial of plaintiff's version of the facts always constitutes a

United States District Court
Northern District of California

1    defense that triggers the good faith exception.  Otherwise, the vast majority of defendants would

2    escape liability for waiting time penalties, simply by disputing the facts." *Cuc Dang v. Sutter's*

3    *Place, Inc.*, No. C-10-02181 RMW, 2012 WL 2977223, at *7 (N.D. Cal. July 19, 2012).

4    Moreover, the evidence in the record undermines Defendants' contention.  Plaintiffs point to a

5    December 16, 2021 email, in which Cashman tells Copeman, "I feel like we made a commitment

6    to Stacy, she banked on that, and we should stand by it.  So please figure something out here."

7    ECF 148 ("Zitrin Decl.") ¶ 27; ECF 149-19 ("Dec. 16 Email.") at 2.  At deposition, Cashman also

8    testified that he approved a proposal to Chang that provided three months of backpay.  Manousos

9    Decl. ¶ 10; ECF 132-7 ("Cashman Dep.") at 22:9-21.  In a text exchange from December 2021,

10   Cashman also told Chang that he would make sure she was part of all the deals she had

11   participated in.  December 2021 Chain at 2.

12          Viewing this evidence in the light most favorable to Chang, a jury could conclude that

13   there was no good faith dispute as to whether Defendants owed Chang her wages and as a result,

14   that she should recover waiting time penalties under Section 203.  *See Danko v. O'Reilly*, No.

15   CGC-09-495203, 2012 WL 3279431 (Cal. Super. Apr. 12, 2012) (finding that the defendant's

16   acknowledgment that the plaintiff was entitled to a bonus raised a trial issue on whether the

17   plaintiff was entitled to waiting time penalties).  Accordingly, Defendants' motion for partial

18   summary judgment as to Chang's potential entitlement to waiting time penalties under Section 203

19   is **DENIED**.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2                    c.      **Penalties under California Labor Code § 210**

3        California Labor Code § 210 provides that:

4            (a) In addition to, and entirely independent and apart from, any other
5            penalty provided in this article, every person who fails to pay the
             wages of each employee as provided in Sections 201.3, 204, 204b,
6            204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a
             penalty as follows:

7            (1) For any initial violation, one hundred dollars ($100) for each
             failure to pay each employee.
8
9            (2) For each subsequent violation, or any willful or intentional
             violation, two hundred dollars ($200) for each failure to pay each
10           employee, plus 25 percent of the amount unlawfully withheld.

11           (b) The penalty shall either be recovered by the employee as a
             statutory penalty pursuant to Section 98 or by the Labor
12           Commissioner as a civil penalty through the issuance of a citation or
             pursuant to Section 98.3. The procedures for issuing, contesting, and
13           enforcing judgments for citations issued by the Labor Commissioner
             under this section shall be the same as those set forth in subdivisions
14           (b) through (k), inclusive, of Section 1197.1.

15           (c) An employee is only entitled to either recover the statutory
             penalty provided for in this section or to enforce a civil penalty as
16           set forth in subdivision (a) of Section 2699, but not both, for the
             same violation.

17   Cal. Lab. Code § 210.

18        Defendants argue that Chang is not entitled to penalties under Section 210 for two reasons.

19   MSJ at 26.  First, they argue that penalties under the statute are only recoverable by the Labor

20   Commissioner.  *Id.* at 26.  Second, they argue that Chang "does not allege in her Complaint that

21   she falls under any of these categories, and the record evidence demonstrates that she is not."  *Id.*

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

18

1     In opposition, Chang seeks to avoid summary judgment on this issue by referencing

2   matters not previously raised in the case or those which Defendants do not challenge.  Opp. at 22.

3   She asserts:

> Plaintiff is of the class of employees protected by California
> Labor Code Section 210.  That provision provides for penalties for
> violations of certain Labor Code provisions, including Section 204.
> MSJ at 21.  In turn, Labor Code Section 204(a) applies to the
> salaries of executives of employers, like Defendants, covered by the
> Fair Labor Standards Act, which must be paid monthly.  *Id.*; *see also*
> *On-Line Power, Inc. v. Mazur*, 149 Cal. App. 4th 1079, 1086, 57
> Cal. Rptr. 3d 698, 702 (2007) ("section 204 . . . permits payment of
> wages on a monthly basis to executive, administrative, and
> professional employees").  While Plaintiff's salary was supposed to
> be retroactive to December 1, Exs. FF, WW, it was never paid,
> which qualifies as a violation of Section 204(a).
>
> Although Defendants also claim that there is no private right
> of action under these Labor Code provisions, they overlook the fact
> that Plaintiff has properly asserted a Private Attorneys General Act
> claim, which allows Plaintiff to recover penalties for Defendants'
> Labor Code violations.  *See Nguyen v. Wells Fargo Bank*, 2016 WL
> 5390245, at *10 (N.D. Cal. Sept. 26, 2016) ("a violation of section
> 204 can form the basis for a claim under the UCL or for PAGA
> penalties"); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157,
> 1195 (Cal. Ct. App. 2008) (PAGA allows private recovery of
> penalties previously unavailable under Section 210).

*Id.*

19    Chang's contentions in opposition are insufficient to defeat Defendants' motion on the

20   Section 210 issue.  First, there is no claim in the complaint under Section 204, which is how

21   Chang seeks to belatedly salvage any entitlement to penalties under Section 210.  The Court will

22   not allow Chang to expand the scope of her claims at this late stage.  *See Clark v. Beard*, No. 11-

23   cv-03520-YGR (PR), 2015 WL 4452470, at *4 n.7 (N.D. Cal. July 20, 2015) ("Plaintiff cannot

24   raise new claims [in his summary judgment opposition] that were not previously raised in his

25   amended complaint.").  Second, as confirmed during the hearing, Defendants do not independently

26   move for summary judgment on any civil penalties Chang seeks under PAGA.  Accordingly,

27   Defendants' motion for partial summary judgment on Chang's potential entitlement to penalties

28   under Section 210 is **GRANTED**.

1

### 9.    UCL

Chang's eighth cause of action is for violations of the unlawful and unfair prongs of the UCL.  SAC ¶¶ 134-138.  Chang's UCL claim under the statute's unlawful prong is based on alleged violations of California Labor Code §§ 201, 202, and 970.  *Id.* ¶¶ 134-136.  Chang's UCL claim under the statute's unfair prong is based on Defendants "unfairly competing through violations of state law, including Labor Code Sections 201 and 202."  *Id.* ¶ 136.

Because Defendants' motion for summary judgment fails as to Chang's claim for unpaid wages, which partially serves as the predicate for Chang's claim under the UCL's unlawful prong, Defendants' motion for summary judgment as to this portion of the UCL claim is **DENIED**. *See Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 846 (N.D. Cal. 2020) (denying motion for summary judgment on UCL claim where underlying statutory claim survived).  The motion, however, is **GRANTED** to the extent Chang relies on an alleged violation of Labor Code § 970 as a predicate.  The motion is also **GRANTED** with respect to Chang's UCL claim under the statute's unfair prong.  Chang has failed to respond to the arguments Defendants made in their opening brief that the violations on which she relies cannot, as a matter of law, serve as a predicate act under the UCL's unfair prong.  The claim asserted under that theory is therefore abandoned. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (treating two claims as abandoned when the plaintiff failed to address them in opposition to the defendant's motion for summary judgment).

Defendants' alternative motion for partial summary judgment on the issue of whether Chang can recover attorney's fees in the event she prevails on her UCL claim is **DENIED**. Defendants have pointed to no authority in which a court has resolved this seemingly premature issue on a motion for summary judgment, and absent any such authority, the Court declines to reach it now.

### 10.    Labor Code § 2802

Chang's ninth cause of action is for failure to reimburse expenses and losses in violation of California Labor Code § 2802.  SAC ¶¶ 139-143.  She also seeks interest and PAGA penalties in connection with the violation.  *Id.* ¶¶ 142, 144.

United States District Court
Northern District of California

1    To prevail on this claim, Chang must prove that she: "(1) made expenditures or incurred

2  losses; (2) the expenditures or losses were incurred in direct consequence of the employee's

3  discharge of his or her duties, or obedience to the directions of the employer; and (3) the

4  expenditures or losses were reasonable and necessary." *Arroyo*, 611 F. Supp. 3d at 844-45 (citing

5  *McLeod v. Bank of Am., N.A.*, No. 16-CV-03294-EMC, 2017 WL 6373020, at \*5 (N.D. Cal. Dec.

6  13, 2017)). "[A]n employee's failure to submit a request for reimbursement does not waive his or

7  her rights under Section 2802." *Id.* "Rather, when the employer knows or has reason to know that

8  the employee has incurred an expense, then it has the duty to exercise due diligence and take any

9  and all reasonable steps to ensure that the employee is paid for the expense." *Id.* (internal

10  quotation marks, citation, and alteration omitted).

11    As with the seventh cause of action, Defendants seek summary judgment on Chang's claim

12  for failure to reimburse expenses and losses on the ground that Chang has failed to establish the

13  requisite employee-employer relationship. MSJ at 16-17. The Court has already addressed

14  Defendants' argument on that point, and for the reasons already explained, Defendants' motion for

15  summary judgment on this claim is **DENIED**.

16    **C.    Conclusion**

17    For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**

18  **IN PART AND DENIED IN PART**. Their alternative motion for partial summary judgment is

19  also **GRANTED IN PART AND DENIED IN PART**.

20    **IT IS SO ORDERED.**

21  Dated: November 15, 2024

22

23

24  _____

    **ARACELI MARTÍNEZ-OLGUÍN**
    **United States District Judge**

25

26

27

28

21