DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Joshua.Hess@dechert.com
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS CASHMAN, et al.,<br><br>Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANT CASHMAN**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

Pursuant to the Pretrial Order (Dkt. No. 185), Defendants Carlos Cashman, Arrowside Ventures, LLC, Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investment II, LLC ("Defendants") hereby submit Defendants' Motion in Limine No. 1 to Exclude

Evidence of Other Litigation Involving Defendant Cashman (the "Motion"), to be heard at the pretrial conference on February 27, 2025.

Defendants seek to exclude evidence of other litigation involving Defendant Cashman, including but not limited to, Plaintiff's proposed Exhibits 233 and 234, which involve *In re Thrasio Holdings, Inc., et al.*, i.e., Thrasio's bankruptcy case. Defendants seek to exclude these Exhibits as well as other similar evidence and testimony Plaintiff may seek to introduce at trial on the grounds that they constitute improper habit evidence, improper character evidence, lack relevance, and will be unfairly prejudicial and confusing to the jury.

## POINTS AND AUTHORITIES

Plaintiff included two documents concerning the *In re Thrasio Holdings, Inc., et al.*, bankruptcy proceedings to her portion of the Parties' Joint Exhibit List. *See* Dkt. No. 204-1 at p. 25. These documents include a Complaint filed against Defendant Cashman, Cashman Family Investment II, LLC, and other defendants in the proceeding, as well as a summary prepared by "Disinterested Directors of Thrasio Holdings, Inc." concerning potential causes of actions against Related Parties to the proceedings. *Id*. In her Trial Brief, Plaintiff indicated that she seeks to introduce evidence concerning these proceedings to establish "Mr. Cashman's pattern of perpetuating frauds against unsuspecting parties by leveraging his superior knowledge." *See* Dkt. No. 199 at 16:22 – 17:7. The Court should exclude this evidence because it is improper character evidence, the evidence lacks relevance, and the evidence will be unfairly prejudicial and confusing to the jury.

"A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually offered at trial." *Rivera Martinez v. GEO Grp.*, No. ED CV 18-1125-SP, 2020 WL 2496064, at *1 (C.D. Cal. Jan. 23, 2020), citing *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984). Motions in limine are an important tool to ensure the expeditious and evenhanded management of trial proceedings and reduce the likelihood that unduly prejudicial evidence will ever reach the jury. *Id*. (citations omitted).

Evidence concerning other litigation involving Cashman is impermissible "other act evidence" barred by Federal Rule of Evidence 404. Rule 404 prohibits "[e]vidence of any other . . . act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Ninth Circuit employs a four-part test to determine the admissibility of evidence pursuant to Rule 404(b). "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (internal quotation omitted). Plaintiff cannot satisfy the requirements of this test where there is "[in]sufficient evidence from which the jury could reasonably conclude that [Cashman] actually committed the allegedly-similar bad acts." *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). As in *Bailey*, none of the facts in the documentation Plaintiff seeks to introduce has been admitted to by Cashman or proven in court. Indeed, as in *Bailey*, Plaintiff seeks to merely introduce a Complaint – mere allegations -- to establish the truth of the Complaint in the present action. *Id*. In addition, Plaintiff also cannot establish that the evidence she seeks to introduce tends to prove any material point, or that the acts alleged in the bankruptcy proceedings are similar to the claims in the instant action.[1] Accordingly, evidence of other litigation involving Cashman should be excluded on the grounds that it is improper character evidence.

The proffered evidence should also be excluded because it lacks relevance and will be unduly prejudicial if heard by the jury. "It is a well-established principle that in order to be properly admitted, other-acts evidence, like all evidence, must be relevant." *Bailey*, 696 F.3d at 800 n.8, citing Fed. R. Evid. 401. "Admitting prior conduct charged but [unproven] is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct

---

[1] The Thrasio bankruptcy complaint alleges that the defendants breached their fiduciary duties in connection with their management of Thrasio (e.g., failure to have sufficient financial and inventory controls) and engaged in secondary sales of Thrasio shares that competed with the company's efforts to raise money from investors. None of the claims relate to (or even resemble) the issues presented in this case.

in question. There is no logical relevancy to admitting this type of evidence." *Id*. The information Plaintiff seeks to introduce regarding the bankruptcy proceedings has little, if any, probative value because the facts of the bankruptcy proceedings "do not involve the facts of this case." *See Jones v. Mora*, No. 20-CV-04093-TSH, 2022 WL 17365253, at *1 (N.D. Cal. Dec. 1, 2022). To the contrary, admitting evidence concerning unrelated and impertinent litigation involving Cashman may confuse the jury and permit it "to succumb to the impermissible inference and simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred." *Bailey*, 696 F.3d at 801. Evidence of other litigation involving Cashman has no probative value to the instant matter, and even if Plaintiff were to establish a scant probative value, any such value would be vastly outweighed by the risk of prejudice. Accordingly, this evidence should be excluded.[2]

Finally, to the extent Plaintiff asserts to introduce these Exhibits as habit evidence under Federal Rule of Evidence 406, such an assertion is improper. Rule 406 permits "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. However, evidence of a prior wrongful act is not the sort of repeated conduct sufficient to establish habit conduct covered by Rule 406. *See, e.g., McCarrick v. New York City Off-Track Betting Corp.*, No. 91 CIV. 5626 (SWK), 1995 WL 261516, at *5 (S.D.N.Y. May 3, 1995) (evidence of employer's alleged discrimination against different individuals under varying circumstances is not the sort of repeated conduct covered by Rule 406), cited with approval by *Mattingly v. California Dep't of Parks & Recreation*, No. 23-CV-03754-VKD, 2024 WL 4654447, at *3 (N.D. Cal. Nov. 1, 2024).

Accordingly, for the reasons discussed, Exhibits 233 and 234, in addition to any other evidence concerning other litigation involving Cashman, should be excluded, and Defendants' Motion should be granted.

---

[2] The potential prejudice this evidence presents is amplified by the fact that counsel for Plaintiff is also counsel for another defendant in the Thrasio bankruptcy litigation.

4
DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER
LITIGATION INVOLVING DEFENDANT CASHMAN                    3:22-cv-02010-AMO

|   |   |
|---|---|
|   | DEFENDANTS, |
|   | CARLOS CASHMAN, |
|   | ARROWSIDE VENTURES, LLC, |
|   | ARROWSIDE CAPITAL, LLC, |
|   | ARROWSIDE FUND GP, LLC, and |
|   | CASHMAN FAMILY INVESTMENTS II, LLC, |
|   | By their attorneys, |
|   | *Jeffrey T. Collins* |
|   | Gregory A. Manousos (admitted *pro hac vice*) |
|   | Jeffrey T. Collins (admitted *pro hac vice*) |
|   | MORGAN, BROWN & JOY, LLP |
|   | 200 State Street, Suite 11A |
|   | Boston, MA 02109 |
|   | P: (617) 523-6666 |
|   | F: (617) 367-3125 |
|   | E: gmanousos@morganbrown.com |
| Dated: January 23, 2025 | jcollins@morganbrown.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, a copy of the foregoing document, was served on all parties by email.

                                           */s/ Jeffrey T. Collins*
                                           Jeffrey T. Collins

DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman,
Arrowside Ventures, LLC Arrowside Capital,
LLC, Arrowside Fund GP, LLC, and Cashman
Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>   Plaintiff,<br><br>v.<br><br>CARLOS CASHMAN, et al.,<br><br>   Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANT CASHMAN**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

**[PROPOSED] ORDER**

The Court heard Defendants' Motion in Limine No. 1 to Exclude Evidence of Other Litigation Involving Defendant Cashman on February 27, 2025. Having considered the arguments and evidence submitted in connection with the Motion, the Court hereby GRANTS the Motion.

IT IS SO ORDERED

Dated: _____        _____
                                    Hon. Araceli Martínez-Olguín
                                    UNITED STATES DISTRICT COURT JUDGE

2

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANT CASHMAN
3:22-cv-02010-AMO

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hoc vice*)
Ashley Zitrin (SBN 262238)
580 California St., Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC,<br><br>　　　　Defendants. | Case Number: 3:22-cv-02010-AMO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANT CASHMAN**<br><br>Judge: Hon. Araceli Martínez-Olguín<br>Dep't: Courtroom 10, 19th Floor<br>Pretrial Conf.: Feb. 27, 2025 at 11 a.m.<br>Action filed: March 29, 2022<br>Trial Date: March 24, 2025 |

At this time, Plaintiff is not opposing Defendants' Motion in Limine No. 1 which requests the exclusion of evidence regarding "other litigation involving Defendant Cashman, including but not limited to, Plaintiff's proposed Exhibits 233 and 234, which involve *In re Thrasio Holdings, Inc., et al.,* i.e., Thrasio's bankruptcy case." While Plaintiff will currently forgo any evidence covered by Defendants' Motion in Limine No. 1, Plaintiff reserves all rights to introduce such evidence should

Defendants open the door at trial. *See Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, 2019 WL 6481307, at *2 (C.D. Cal. Aug. 27, 2019), *aff'd*, 826 F. App'x 916 (Fed. Cir. 2020) (excluding evidence of other litigation with the reservation that certain arguments would "open[] the door"); *Avocent Huntsville Corp. v. ClearCube Tech., Inc.*, 2006 WL 7132021, at *2 (N.D. Ala. July 28, 2006) (excluding evidence of other litigation "subject to reconsideration if [defendant] should open the door to such subject matter during trial"); *Zimmer, Inc. v. Howmedica Osteonics Corp.*, 2018 WL 1062681, at *5 (N.D. Ind. Feb. 27, 2018) ("As with any orders in limine, if circumstances change at trial, [plaintiff] may raise the issue with the Court outside the presence of the jury to seek permission to use this evidence.").

Plaintiff thus respectfully requests that the Court reserves ruling on this motion in limine for specific objections at trial, should they arise. *See Donehue v. Apache Corp.*, 2023 WL 8580102, at *6–7 (W.D. Okla. Dec. 11, 2023).

DATED: January 30, 2025             Respectfully submitted,

By:   *s/ L. Reid Skibell*
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (Cal. Bar No. 262238)
Lyn R. Agre (Cal. Bar No. 178218)
Edward E. Shapiro (Cal. Bar No. 326182)
Glenn Agre Bergman & Fuentes LLP
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com
lagre@glennagre.com
eshapiro@glennagre.com

*Attorneys for Plaintiff Stacy Chang*

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>    Plaintiff,<br><br>vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC,<br><br>    Defendants. | Case Number: 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER RESERVING RULING ON DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LITIGATION INVOLVING DEFENDANT CASHMAN**<br><br>Dep't: Courtroom 10, 19th Floor<br>Judge: Hon. Araceli Martínez-Olguín<br>Pretrial Conference: Feb. 27, 2025 at 11 a.m.<br>Action filed: March 29, 2022<br>Trial Date: March 24, 2025 |

**[PROPOSED] ORDER**

The Court heard Defendants' Motion in Limine No. 1 to Exclude Evidence of Other Litigation Involving Defendant Cashman (the "Motion") on February 27, 2025. Having considered the arguments, briefing and evidence submitted in connection with the Motion, the Court reserves ruling on the Motion pending specific, if any, objections at trial.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Araceli Martínez-Olguín
UNITED STATES DISTRICT COURT JUDGE

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| STACY CHANG, | ) | Case Number: 3:22-cv-02010-AMO |
|---|---|---|
| Plaintiff, | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC, | ) | |
| Defendants. | ) | |

I, Ashley Zitrin, am an attorney at Glenn Agre Bergman & Fuentes LLP, and counsel of record representing Plaintiff Stacy Chang in the above-captioned matter. I served the following documents on all of Defendants counsel of record on January 30, 2025:

1) Plaintiff's Opposition to Defendants' Motions in Limine Nos. 1 to 4,

2) Proposed Orders for Plaintiff's Opposition to Defendants' Motion in Limine Nos. 1 to 4, and

3) Declarations of Ashley Zitrin in support of Plaintiff's Opposition to Defendants' Motions in Limine Nos. 2 and 3.

<u>/s/ Ashley Zitrin</u>