DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Joshua.Hess@dechert.com
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>        Plaintiff,<br><br>    v.<br><br>CARLOS CASHMAN, et al.,<br><br>        Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PUNITIVE DAMAGES EVIDENCE**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

Pursuant to the Pretrial Order (Dkt. No. 185), Defendants Carlos Cashman, Arrowside Ventures, LLC, Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investment II, LLC ("Defendants") hereby submit Defendants' Motion in Limine No. 4 to Exclude

Punitive Damages Evidence (the "Motion"), to be heard at the pretrial conference on February 27, 2025.

Defendants seek to exclude all evidence Plaintiff intends to bring relating to punitive damages because she did not seek punitive damages in her Complaint and because she cannot demonstrate an entitlement to punitive damages based on the facts in the record.

## POINTS AND AUTHORITIES

Rule 9(b) of the Federal Rules of Civil Procedure require "damages elements of [Plaintiff's] claims [to] be pled with particularity." *See Wayne Merritt Motor Co. v. New Hampshire Ins. Co.*, No. 11-CV-01762-LHK, 2011 WL 5025142, at *12 (N.D. Cal. Oct. 21, 2011), citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (where a plaintiff claims fraud, the "*entire* complaint must . . . be pleaded with particularity.") (emphasis added). Plaintiff did not request punitive damages in her Complaint, and thus, Defendants were not on notice that Plaintiff is seeking punitive damages until late in this litigation. Accordingly, Plaintiff should be precluded from bringing any evidence concerning punitive damages.

DEFENDANTS,

CARLOS CASHMAN,
ARROWSIDE VENTURES, LLC,
ARROWSIDE CAPITAL, LLC,
ARROWSIDE FUND GP, LLC, and
CASHMAN FAMILY INVESTMENTS II, LLC,

By their attorneys,
*Jeffrey T. Collins*
Gregory A. Manousos (admitted *pro hac vice*)
Jeffrey T. Collins (admitted *pro hac vice*)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com

Dated: January 23, 2025                jcollins@morganbrown.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, a copy of the foregoing document, was served on all parties by email.

                                            */s/ Jeffrey T. Collins*
                                            Jeffrey T. Collins

DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS CASHMAN, et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PUNITIVE DAMAGES EVIDENCE**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 4 TO
EXCLUDE PUNITIVE DAMAGES EVIDENCE                                           3:22-cv-02010-AMO

**[PROPOSED] ORDER**

The Court heard Defendants' Motion in Limine No. 4 to Exclude Punitive Damages Evidence on February 27, 2025.  Having considered the arguments and evidence submitted in connection with the Motion, the Court hereby GRANTS the Motion.

IT IS SO ORDERED



Dated: _____            _____
                                    Hon. Araceli Martínez-Olguín
                                    UNITED STATES DISTRICT COURT JUDGE

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hoc vice*)
Ashley Zitrin (SBN 262238)
580 California St., Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>          Plaintiff,<br><br>     vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC,<br><br>          Defendants. | Case Number: 3:22-cv-02010-AMO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PUNITIVE DAMAGES EVIDENCE**<br><br>Judge: Hon. Araceli Martínez-Olguín<br>Dep't: Courtroom 10, 19th Floor<br>Pretrial Conf.: Feb. 27, 2025 at 11 a.m.<br>Action filed: March 29, 2022<br>Trial Date: March 24, 2025 |

Plaintiff respectfully submits this opposition to Defendants' Motion in Limine No. 4, which seeks to exclude evidence of punitive damages. Defendants argue that this basis for damages was insufficiently pled, attempting to manufacture another summary judgment motion. Defendants' motion is meritless.

# ARGUMENT

Similar to Defendants' meritless Motion in Limine No. 2, Plaintiff does not have to plead punitive damages with particularity, as it is not a category of "special" damages. *See* Fed. R. Civ. P. 9(g). "[D]espite section 3294's specific requirement that a pleading allege oppression, fraud or malice, these 'may be averred generally.'" *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) (quoting *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1354 (N.D. Cal. 1997)). "Rule 8, which governs the general pleading rules, does not require that punitive damages claims be pleaded with heightened specificity." *Nw. Pipe Co. v. Travelers Indem. Co. of Conn.*, 2003 WL 24027882, at *2 (N.D. Cal. Feb. 12, 2003).

Indeed, as a matter of settled law Ninth Circuit law, "[n]o specific prayer for emotional distress or punitive damages is needed." *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) (citing Fed. R. Civ. P. 54(c)) (holding that complaint alleging breach of implied covenant was sufficient notice of punitive damages). It is enough that the pleadings contain a claim that would support the existence of punitive damages. *See id.*; *Red Rock Comm'ns, Inc. v. Am. Telecasting, Inc.*, 2006 WL 2432628, at *5 (D. Nev. Aug. 21, 2006) ("Courts have interpreted [Rule 54(c)] to mean a plaintiff need not specifically claim punitive damages in the complaint so long as the complaint alleges conduct that would support a claim for punitive damages, and the evidence at trial supports sending the issue to the trier of fact.").

Here, Plaintiff has sufficiently pled a claim for intentional fraud supporting a finding of punitive damages precisely because she has sufficiently pled her fraudulent inducement claim. The existence of that claim put Defendants on notice that punitive damages could be an issue at trial. *See Inzerillo v. Green Tree Servicing, LLC*, 2014 WL 6660534, at *8 (N.D. Cal. Nov. 24, 2014) (explaining that "fraudulent conduct" can "support an award of punitive damages"). There can be no good faith dispute that Defendants received adequate notice because in their own Answer to Plaintiff's Second Amended Complaint, Defendants' sixteenth and seventeenth affirmative defenses specifically address their *defenses to an award of punitive damages*. *See* Defs.' Answer 21 (ECF No. 127). Accordingly, Plaintiff has adequately pled allegations supporting punitive damages since initiating

1  this case, and Defendants have been well aware of the same. *See, e.g.*, *Preayer v. Ryan*, 2017 WL
2  2351601, at *6 (D. Ariz. May 31, 2017) ("Defendants' answer included an affirmative defense to
3  punitive damages, showing that they recognized well over a year ago that punitive damages could be
4  an issue in this case.").

## CONCLUSION

6  For the foregoing reasons Plaintiff respectfully requests the Court DENY Defendants' fourth
7  motion in limine.

9  DATED: January 30, 2025                Respectfully submitted,

10                                        By:    *s/ L. Reid Skibell*
                                             L. Reid Skibell (admitted *pro hac vice*)
11                                           Trevor J. Welch (admitted *pro hac vice*)
                                             Ashley Zitrin (Cal. Bar No. 262238)
12                                           Lyn R. Agre (Cal. Bar No. 178218)
                                             Edward E. Shapiro (Cal. Bar No. 326182)
13                                           Glenn Agre Bergman & Fuentes LLP
                                             580 California Street, Suite 1420
14                                           San Francisco, CA 94104
                                             Telephone: (415) 599-0880
15                                           rskibell@glennagre.com
                                             twelch@glennagre.com
16                                           azitrin@glennagre.com
                                             lagre@glennagre.com
17                                           eshapiro@glennagre.com
18
                                          *Attorneys for Plaintiff Stacy Chang*

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>  Plaintiff,<br><br>  vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC,<br><br>  Defendants. | Case Number: 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE PUNITIVE DAMAGES EVIDENCE**<br><br>Dep't: Courtroom 10, 19th Floor<br>Judge: Hon. Araceli Martínez-Olguín<br>Pretrial Conference: Feb. 27, 2025 at 11 a.m.<br>Action filed: March 29, 2022<br>Trial Date: March 24, 2025 |

**[PROPOSED] ORDER**

The Court heard Defendants' Motion in Limine No. 3 to Exclude Punitive Damages Evidence (the "Motion") on February 27, 2025. Having considered the arguments, briefing and evidence submitted in connection with the Motion, the Court DENIES the Motion.

IT IS SO ORDERED.

Dated: _____   _____
Hon. Araceli Martínez-Olguín
UNITED STATES DISTRICT COURT JUDGE