GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC, <br><br> Defendants. | Case Number: 3:22-cv-02010-AMO <br><br> **PLAINTIFF'S MOTION IN LIMINE NO. 3 TO PRECLUDE THE AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE** <br><br> Dep't: Courtroom 10, 19th Floor <br> Judge: Hon. Araceli Martínez-Olguín <br> Pretrial Conference: Feb. 27, 2025 at 11 a.m. <br> Action filed: March 29, 2022 <br> Trial Date: March 24, 2025 |

Plaintiff respectfully submits this motion in limine seeking an order precluding Defendants from asserting their inadequately pleaded and legally irrelevant affirmative defense of comparative negligence.

**PRELIMINARY STATEMENT**

Defendants have indicated that they intend to raise the affirmative defense of comparative negligence. *See* Defendants' Trial Brief ("Defs.' Trial Br.") (ECF No. 203) at 12. They should be precluded from doing so for two straightforward reasons. First, Defendants failed to plead this affirmative defense adequately. Second, California law is clear that comparative negligence is not a viable defense to claims sounding in misrepresentation and fraud. Defendants should, therefore, not be allowed to reference comparative negligence at trial, whether it be in proposed jury instructions, attorney argument, or elicited testimony.

**STATEMENT OF RELEVANT FACTS**

Defendants assert that "[t]he evidence at trial will show that if Plaintiff can succeed on her misrepresentation or fraud claims, her recovery should be reduced in accordance with her negligence in unreasonably relying on any alleged misrepresentations." Defs.' Trial Br. at 12. Furthermore, Defendants assert that they "plainly raised the comparative negligence defense in the Twelfth Affirmative Defense of their Answer." Defendants' Memorandum of Law in Support of Defendants' Positions on Disputed Jury Instructions ("Defs.' Mem. Jury Instr.") (ECF No. 206) at 10. Defendants' Twelfth Affirmative Defense states: "Plaintiff's claims are barred in whole or in part because any damages suffered by Plaintiff were caused by Plaintiff's own acts, omissions, and course of culpable conduct." Defendants' Answer to the Second Amended Complaint ("Defs.' Answer") (ECF No. 127) at 21.

**LEGAL STANDARD**

In order to adequately plead the affirmative defense of contributory negligence, Defendants must do so with the requisite detail to put Plaintiff on notice. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (quoting *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010)). "Simply stating [the affirmative defense] is insufficient to provide notice of a specific affirmative defense." *Id.* at 1008.

Further, comparative negligence is not available under California law as an affirmative defense to "claims based on intentional deception." *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 827 (N.D. Cal. 2019) (collecting cases). With respect to negligent misrepresentation, a comparative negligence defense is only even arguably available where, unlike here, "plaintiff's conduct, in the light of his intelligence and information, is preposterous or irrational." *Van Meter v. Bent Const. Co.*, 297 P.2d 644, 648 (1956).

## ARGUMENT

Defendants' Twelfth Affirmative Defense is a broad and generic statement that neither affirmatively alleges comparative negligence, nor provides enough detail to put Plaintiff on notice of the same. Defendants' conclusory defense summarily states that Plaintiff caused her own damages through "culpable conduct." Defs' Answer at 21. Nowhere do the words "negligence" or "fault" appear in Defendants' Answer. District courts in the Ninth Circuit routinely find such conclusory language to be insufficient to plead the affirmative defense of comparative negligence. *See e.g., Fed. Deposit Ins. Corp. v. Mahan*, 2011 WL 13220717, at *4 (C.D. Cal. Nov. 22, 2011) (collecting cases and barring Defendants' inadequately pled comparative negligence affirmative defense). Defendants should be precluded from asserting the affirmative defense of comparative negligence at trial on that basis alone.

Moreover, and in any event, Defendants should be precluded from asserting the affirmative defense of comparative negligence because it does not apply to the claims at bar. "[A]s to intentional misrepresentation and fraudulent concealment, California courts have definitively held that negligence is not a defense to claims based on intentional deception." *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 827 (N.D. Cal. 2019) (collecting cases). With a narrow inapplicable exception, comparative negligence is not a defense to a negligent misrepresentation claim because it is a "species of the tort of deceit." *Id.* (quoting *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992)). Comparative negligence is, likewise, not a defense to breach of contract claim. *See F.D.I.C. v. Straub*, 2012 WL 1965621, at *3 (N.D. Cal. May 31, 2012) ("contractual breaches are generally excluded from comparative fault allocations") (quoting *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 2 P.3d

1, 10 (Cal. 2000)). "Affirmative defenses based on a theory of comparative fault are, therefore, not only legally insufficient but also unnecessary." *F.D.I.C. v. Luping Lai*, 2012 WL 50370, at *2 (N.D. Cal. Jan. 9, 2012) (citing *Van Meter v. Bent Const. Co.*, 297 P.2d 644, 647-48 (1956)). Defendants are barred from asserting comparative negligence as a matter of law.

While a few courts have cited *dicta* in the California Supreme Court's decision in *Van Meter* to allow a comparative negligence defense to be asserted against a negligent misrepresentation claim "where the plaintiff's reliance is 'preposterous or irrational'" (*Loskutoff*, 362 F. Supp. 3d at 829 (citation omitted)), *Van Meter* discussed that narrow exception in the unusual circumstance where "*both parties* are under a mistake." *Van Meter*, 297 P.2d at 647 (emphasis added). In other words, in that case, unlike this case, the misrepresentation claim unambiguously sounded in mutual negligence, not unilateral deceit. Here, "just as with Plaintiff's other claims for deceit, the affirmative defense of comparative fault appears to be merely duplicative of Defendant's argument that Plaintiff fails to satisfy its burden of proving the element of reasonable reliance," which is why it is "not appropriate here." *Loskutoff*, 362 F. Supp. 3d at 829. Finally, even if the narrow exception were available, Defendants have not even asserted, much less adduced evidence to establish, the factual predicates necessary to invoke it, *i.e.*, that Plaintiff's reliance on their misrepresentations was "irrational and preposterous." *See F.D.I.C. v. O'Hanlon*, 2012 WL 12533796, at *1 (C.D. Cal. Jan. 19, 2012) (striking affirmative defense because defendant did "not sufficiently allege conduct [by plaintiff] that was 'irrational' or 'preposterous' and no facts [were] provided that would support such a conclusion").

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests the Court GRANT Plaintiff's motion in limine to preclude Defendants' from asserting the affirmative defense of comparative negligence or making any argument, or offering any evidence in support of it.

DATED: January 23, 2025            Respectfully submitted,

By:  *s/ L. Reid Skibell*
L. Reid Skibell (admitted *pro hac vice*)

|   |   |
|---|---|
| 1 | Trevor J. Welch (admitted *pro hac vice*) |
| 2 | Ashley Zitrin (Cal. Bar No. 262238) |
|   | Lyn R. Agre (Cal. Bar No. 178218) |
| 3 | Edward E. Shapiro (Cal. Bar No. 326182) |
|   | Glenn Agre Bergman & Fuentes LLP |
| 4 | 580 California Street, Suite 1420 |
|   | San Francisco, CA 94104 |
| 5 | Telephone: (415) 599-0880 |
| 6 | rskibell@glennagre.com |
|   | twelch@glennagre.com |
| 7 | azitrin@glennagre.com |
|   | lagre@glennagre.com |
| 8 | eshapiro@glennagre.com |

*Attorneys for Plaintiff Stacy Chang*

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG,<br><br>   Plaintiff,<br><br>vs.<br><br>CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC,<br><br>   Defendants. | Case Number: 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 3 TO PRECLUDE THE AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE**<br><br>Dep't: Courtroom 10, 19th Floor<br>Judge: Hon. Araceli Martínez-Olguín<br>Pretrial Conference: Feb. 27, 2025 at 11 a.m.<br>Action filed: March 29, 2022<br>Trial Date: March 24, 2025 |

**[PROPOSED] ORDER**

The Court heard Plaintiff's Motion in Limine No. 3 to Preclude the Affirmative Defense of Comparative Negligence, on February 27, 2025. Having considered the arguments, briefing and evidence submitted in connection with the Motion, the Court hereby GRANTS the Motion.

IT IS SO ORDERED

Dated: _____    _____
    Hon. Araceli Martínez-Olguín
    UNITED STATES DISTRICT COURT JUDGE

GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Edward E. Shapiro (SBN 326182)
L. Reid Skibell (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
eshapiro@glennagre.com
rskibell@glennagre.com
twelch@glennagre.com
azitrin@glennagre.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STACY CHANG, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENT II LLC, <br><br> Defendants. | Case Number: 3:22-cv-02010-AMO <br><br> **CERTIFICATE OF SERVICE** |

I, Ashley Zitrin, am an attorney at Glenn Agre Bergman & Fuentes LLP, and counsel of record representing Plaintiff Stacy Chang in the above-captioned matter. I served Plaintiff's Motions in Limine Nos. 1 to 4 on all counsel of record for all Defendants listed above via e-mail on January 23, 2025.

*/s/ Ashley Zitrin*

CERTIFICATE OF SERVICE
Case Number: 3:22-cv-02010-AMO

DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
45 Fremont Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 262-4500
Joshua.Hess@dechert.com
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>   Plaintiff,<br><br> v.<br><br>CARLOS CASHMAN, et al.,<br><br>   Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

  Pursuant to the Pretrial Order (Dkt. No. 185), Defendants Carlos Cashman, Arrowside Ventures, LLC, Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investment II, LLC ("Defendants") hereby submit Defendants' Opposition to Plaintiff's Motion in Limine No. 3 (the "Motion").

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
                                   3:22-cv-02010-AMO

Plaintiff's Motion argues that Defendants' Twelfth Affirmative Defense in its Answer to Plaintiff's Second Amended Complaint, where Defendants stated that "Plaintiff's claims are barred in whole or in part because any damages suffered by Plaintiff were caused by Plaintiff's own acts, omissions, and course of culpable conduct" does not sufficiently plead comparative negligence merely because it does not contain the "magic words" of comparative negligence. Plaintiff provides no basis for this assertion. She also baselessly argues that comparative negligence cannot be asserted as an affirmative defense for her negligent misrepresentation claim because: (1) she disagrees that she was negligent; and (2) she falsely claims that Defendants have not asserted that her reliance on any alleged misrepresentation was irrational or preposterous. Finally, Plaintiff has not sought to challenge *any* of Defendants' affirmative defenses until this late stage, practically on the eve of trial, and thus has waived her right to challenge the sufficiency of Defendants' pleading of this affirmative defense. Plaintiff's Motion is entirely without merit and should be denied.

## POINTS AND AUTHORITIES

### A. Plaintiff Failed to Timely Object to the Affirmative Defense at Issue

Defendants stated, as its Twelfth Affirmative Defense to its Answer to Plaintiff's Second Amended Complaint, that "Plaintiff's claims are barred in whole or in part because any damages suffered by Plaintiff were caused by Plaintiff's own acts, omissions, and course of culpable conduct." *See* Dkt. No. 127 at p. 21. Plaintiff has long been on notice of this defense; Defendants raised an identical affirmative defense as its Twelfth Affirmative Defense to its Answer to Plaintiff's Amended Complaint on August 8, 2022, which at this point was nearly two and a half years ago. *See* Dkt. No. 35 at p. 19. Plaintiff did not seek to strike any of Defendants' affirmative defenses, nor did she seek summary judgment against any of Defendants' affirmative defenses. Instead, she brings an 11th-hour challenge to Defendants' comparative negligence affirmative defense in this Motion, practically on the eve of trial.

Where plaintiffs do not timely move to strike or for summary judgment on a defendant's affirmative defenses, courts consider their argument waived and deny late-raised motions in limine

challenging affirmative defenses on the eve of trial. *See Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 8918902, at *3 (N.D. Cal. June 21, 2019) (denying motion in limine based on insufficiently pled defenses where the plaintiff never moved to strike the affirmative defenses in the two and a half years after the defendant filed its answer, and "'conducted discovery and prepared its case in the face of these insufficiently pled defenses. The time for correcting the injury occasioned by allegedly improperly pled defenses is past.'"), quoting *Capplanco Eleven, Inc. v. Xerox Corp.*, No. 88 C 9565, 1990 WL 51481, at *1 (N.D. Ill. Apr. 11, 1990) (denying motion to strike affirmative defenses as insufficiently pleaded where defendant filed answer containing affirmative defenses eight months earlier and plaintiff did not move to strike them until the eve of trial).

Notably, *every* case cited in Plaintiff's Motion striking or otherwise ruling against an affirmative defense came at earlier stages of litigation, such as a motion to strike portions of an answer or a motion for summary judgment. *See LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 830 (N.D. Cal. 2019) (summary judgment); *Fed. Deposit Ins. Corp. v. O'Hanlon*, No. CV115569RSWLSHX, 2012 WL 12533796, at *1 (C.D. Cal. Jan. 19, 2012) (granting motion to strike but *allowing the defendants to amend their answer*); *F.D.I.C. v. Luping Lai*, No. 5:11-CV-03313 EJD, 2012 WL 50370 (N.D. Cal. Jan. 9, 2012) (granting motion to strike filed less than four months after answer); *Fed. Deposit Ins. Corp. v. Mahan*, No. CV1105414MMMVBKX, 2011 WL 13220717 (C.D. Cal. Nov. 22, 2011) (granting motion to strike filed nine days after answer). Plaintiff could have moved to strike Defendants' affirmative defenses, but she chose not to. She similarly could have sought summary judgment against Defendants' affirmative defenses, but she did not do so. Even if Plaintiff's claim substantively had any merit, her tactical decision to wait until the eve of trial to challenge Defendants' affirmative defenses is unduly prejudicial to Defendants. If Defendants had prior notice of any claimed deficiencies with their affirmative defenses, Defendants could have amended their answer to cure those deficiencies. By waiting nearly *two and a half years* to challenge any affirmative defense pled by Defendants, Plaintiff has waived

her opportunity to do so.

**B. Defendants Have Clearly Pled Comparative Negligence as an Affirmative Defense**

Defendants' affirmative defense – by clearly stating that Plaintiff's claims and damages are barred because they were caused by "Plaintiff's own acts, omissions, and culpable conduct" – could not have been clearer in pleading comparative negligence. Contrary to Plaintiff's baseless argument, courts do not require a defendant to use particular "magic words" in pleading affirmative defenses. *See Montgomery v. United States*, No. 09-CV-1588 JLS WVG, 2012 WL 124854, at *6 (S.D. Cal. Jan. 17, 2012) (discussing a defendant's comparative negligence affirmative defenses in its answer even where the defendant used the words "acts or omissions" rather than the "magic words" of "negligent" or "fault"); *Reid-Ashman Mfg, Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. C-06-4693 JCS, 2007 WL 1394427, at *7 (N.D. Cal. May 10, 2007) (holding that the "magic words" of "bad faith," "improper purpose," and "objectively baseless" are not required to assert unclean hands affirmative defense in a patent infringement action).

**C. Comparative Negligence is a Defense to Plaintiff's Negligent Misrepresentation Claim**

Plaintiff asserts that Defendants should not be permitted to cite comparative negligence because it is purportedly not a defense to her misrepresentation claims, arguing that such a defense is not available because Defendants have not alleged that Plaintiff's reliance on such misrepresentations was irrational or preposterous. This is simply not accurate. In fact, Defendants' argument that Plaintiff's reliance on purported misrepresentations was highly irrational and preposterous is central to its defense of many of Plaintiff's claims. Defendants have argued this throughout the case. *See, e.g.* Dkt. No. 134 at 17:27 – 18:26 ("[A] party plaintiff's *misguided belief or guileless action* in relying on a statement *on which no reasonable person would rely* is not justifiable reliance . . . [i]f the conduct of the plaintiff in light of [her] own reasonable intelligence was *manifestly unreasonable*, . . . she will be denied recovery." "[H]er reliance was unreasonable.") (emphasis added); Dkt. No. 155 at 10:2-3, 11:15-19 (stating in section header and body of argument that Plaintiff did not justifiably or reasonably rely on a position with Defendants).

4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3
3:22-cv-02010-AMO

Plaintiff concedes in her Motion that comparative negligence can be a defense to a negligent misrepresentation, but qualifies it with a baseless assertion that it is only available under a "narrow" exception that is "inapplicable" here.  *See* Mot. at 3:22-24.  There is no dispute that comparative negligence is a defense to a negligent misrepresentation claim where the plaintiff's reliance on a misrepresentation is "preposterous or irrational," *Loskutoff*, 362 F. Supp. 3d at 829.  Whether Plaintiff's reliance was rational or irrational is hardly a narrow exception; indeed, it is a standard defense to claims of reasonable reliance.  Finally, Plaintiff's naked assertion that there was no "mutual negligence" is a question for the jury to decide, not Plaintiff in this Motion.

Accordingly, Plaintiff's Motion should be denied.

DEFENDANTS,

CARLOS CASHMAN,
ARROWSIDE VENTURES, LLC,
ARROWSIDE CAPITAL, LLC,
ARROWSIDE FUND GP, LLC, and
CASHMAN FAMILY INVESTMENTS II, LLC,

By their attorneys,
*Jeffrey T. Collins*
Gregory A. Manousos (admitted *pro hac vice*)
Jeffrey T. Collins (admitted *pro hac vice*)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: gmanousos@morganbrown.com
jcollins@morganbrown.com

Dated: January 30, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, a copy of the foregoing document was served on all parties by email.

                                                */s/ Jeffrey T. Collins*
                                                Jeffrey T. Collins

DECHERT LLP
Joshua D.N. Hess (SBN 244115)
WELTY, WEAVER & CURRIE, P.C.
Jack W. Weaver (Cal. Bar No. 278469)
MORGAN, BROWN & JOY, LLP
Gregory A. Manousos (admitted *pro hac* vice)
Jeffrey T. Collins (admitted *pro hac* vice)
3554 Round Barn Blvd., Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
jack@weltyweaver.com
gmanousos@morganbrown.com
jcollins@morganbrown.com

*Attorneys for Defendants Carlos Cashman, Arrowside Ventures, LLC Arrowside Capital, LLC, Arrowside Fund GP, LLC, and Cashman Family Investments II LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS CASHMAN, et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-02010-AMO<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 3**<br><br>Pretrial Conference: February 27, 2025<br>Location: Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, CA<br>Trial Date: Begins March 24, 2025 |

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 3
　　　　　　　　　　　　　　　　　　　　　　　　　　　3:22-cv-02010-AMO

**[PROPOSED] ORDER**

The Court heard Plaintiff's Motion in Limine No. 3 on February 27, 2025.  Having considered the arguments and evidence submitted in connection with the Motion, the Court hereby DENIES the Motion.

IT IS SO ORDERED

Dated: _____          _____
                                    Hon. Araceli Martínez-Olguín
                                    UNITED STATES DISTRICT COURT JUDGE