LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
John Frost (CA Bar No. 302134)
jfrost@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
FOUNDERS FUND, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHANG, | Case No. 3:22-cv-02010-AMO |
| Plaintiffs, | **FOUNDERS FUND, LLC'S STATEMENT IN SUPPORT OF SEALING THE INFORMATION THAT IS THE SUBJECT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER OTHER PARTIES' MATERIALS SHOULD BE SEALED** |
| v. | |
| CARLOS CASHMAN, ARROWSIDE CAPITAL, LLC, ARROWSIDE FUND GP, LLC, ARROWSIDE VENTURES, LLC, and CASHMAN FAMILY INVESTMENTS II LLC, | |
| Defendants. | |

**INTRODUCTION**

Founders Fund, LLC ("Founders Fund") submits this statement in support of *Plaintiff's Administrative Motion To Consider Whether Other Parties' Materials Should Be Sealed* (the "Administrative Motion," Dkt. No. 221).  Founders Fund respectfully requests that the Court seal parts of the *Rebuttal Report of Expert Jim Timmins* (the "Timmins Rebuttal Report") (Dkt. No. 221.02) attached to the Declaration of Ashley Zitrin in Support of Plaintiff's Motion in Limine Number 2 to Preclude Improper Expert Testimony From Mr. Timmins as Exhibit A ("Exhibit A to MIL No. 2") and enter the Proposed Order on Plaintiff's Administrative Motion.

**BACKGROUND**

Founders Fund is a leading venture capital company.  Through various funds, Founders Fund raises private capital and invests that capital in private companies, usually startup technology companies.  Founders Fund also makes investments in particular companies through special purpose vehicles, or "SPVs."

Lauren Gross is a Partner at and the Chief Operating Officer of Founders Fund.  *See* Decl. of Lauren Gross ("Gross Decl.") at ¶ 1.  Founders Fund and Ms. Gross are not parties to this lawsuit.

Since this case's inception, Founders Fund and Ms. Gross have been served with, combined, five subpoenas seeking documents and testimony, two from Plaintiff and three from Defendants.  Through those subpoenas, the Parties sought documents and information pertaining to Founders Fund's nonpublic business operations, including confidential, closely held, and sensitive financial and investment information.  After extensive meet and confer efforts with the Parties to ensure its confidential information would be protected, including agreeing on a two-tier protective order, Founders Fund produced documents and Ms. Gross provided testimony, both on her behalf and as Founders Fund's corporate representative.  Founders Fund and Ms. Gross designated various documents and testimony as confidential pursuant the Court-entered protective orders.  To date, no Party has challenged Founders Fund's confidentiality designations.

Through this Statement, Founders Fund seeks to protect the portions of the Timmins Rebuttal Report that Plaintiff filed under seal.  This redacted information constitutes internal, confidential financial and investment and employee compensation information that Founders Fund

2

1  keeps closely guarded, and it should not be publicly disclosed.

2  **ARGUMENT**

3       In the Ninth Circuit, courts "start with a strong presumption in favor of access to court

4  records." *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1135 (9th

5  Cir. 2003); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

6  However, the common law right of access to court records "can be overridden given sufficiently

7  compelling reasons for doing so." *Foltz*, 331 F.3d at 1135.  To determine whether a judicial record

8  should be shielded from public access, a district court considers "all relevant factors, including . . .

9  the public interest in understanding the judicial process and whether disclosure of the material could

10  result in improper use of the material for scandalous or libelous purposes or infringement upon trade

11  secrets."  *Id.*; *see also* Civil L.R. 79-5(c)(1).  The district court then determines whether to seal a

12  judicial record based on a compelling reason supported by an articulable factual basis.  *Foltz*,

13  331 F.3d at 1135; Civil L.R. 79-5(c)(1).  This "compelling reasons" standard applies to dispositive

14  motions, and it has been applied to a *Daubert* motion that is connected to a summary judgment

15  motion and that is otherwise considered "critical" to a case's outcome.[1]  *See In re Midland Nat. Life*

16  *Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012).  Further, the Ninth

17  Circuit has opined that this standard applies to routine motions in limine because they "are strongly

18  correlative to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099

19  (9th Cir. 2016).  Thus, the Court should apply this standard to the redacted parts of the Exhibit A to

20  MIL No. 2 and its Exhibits and find that the information should be sealed.

21       ***Founders Fund has a legitimate private interest in protecting the redacted information***

22  ***from public disclosure because the information constitutes trade secrets, confidential business***

23  ***information, private employee information, and employee policies that should be protected from***

24  ***disclosure.***  *See* Civil L.R. 79-5(c)(i).  "In general compelling reasons exist to seal materials that are

25  'sources of business information that might harm a litigant's competitive standing.'"  *King v. Nat'l*

26

27  _____

28  [1] Founders Fund is not aware of the importance that the parties to this case ascribe to MIL No. 2 but assumes that this standard would apply in light of the Ninth Circuit's holding in *Midland*.  *See Midland*, 686 F.3d at 1119–20.

1    *Gen. Ins. Co.*, No. 15-CV-00313-DMR, 2024 WL 405045, at \*2 (N.D. Cal. Feb. 2, 2024) (quoting

2    *Ctr. For Auto Safety*, 447 F.3d at 1097).  In determining whether to seal a judicial record, "[a] trade

3    secret may consist of any formula, pattern, device or compilation of information which is used in

4    one's business, and which gives him an opportunity to obtain an advantage over competitors who do

5    not know or use it."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotation

6    marks omitted).  Similarly, "[c]ourts have found that 'confidential business information' in the form

7    of 'license agreements, financial terms, details of confidential licensing negotiations, and business

8    strategies' satisfies the 'compelling reasons' standard."  *Baird v. BlackRock Institutional Tr. Co.,*

9    *N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019).  Courts further recognize that employees have an

10   informational privacy interest in matters related to their employment that is protected by the

11   California Constitution.  *Doyle v. Galderma, Inc.*, No. 19-CV-05678 (TSH), 2021 WL 4926999,

12   at \*1 (N.D. Cal. Apr. 27, 2021) (citing *Board of Registered Nursing v. Sup. Ct.*, 59 Cal. App.

13   5th 1011, 1039, *review denied* April 21, 2021).

14         Here, as in *Baird*, the information that Founders Fund seeks to seal contains confidential

15   business and financial information relating to Founders Fund's operations, which alone is a

16   sufficiently compelling reason for the Court to seal it.  *See Baird*, 403 F. Supp. 3d at 792 ("the

17   information contains 'confidential business and financial information relating to the operations of

18   BlackRock,' constituting a sufficiently compelling reason to seal.").  The redacted portions of

19   Exhibit A to MIL No. 2 focus on an expert's opinion and analysis of how closely held, confidential

20   business information maintained by Founders Fund relates to the damages alleged in this case and

21   discusses and discloses closely held information regarding Founders Fund's business strategy and

22   fund performance, among other things.  As a result, the redacted information necessarily consists of

23   business information—including trade secrets, confidential business information, private employee

24   information, and confidential employee policies—the disclosure of which would harm Founders

25   Fund's competitive standing.  *See* Decl. of L. Gross ("Gross Decl.") ¶¶ 3–4, 6.  For example,

26   Exhibit A to MIL No. 2 includes the expert's analysis of Ms. Gross's testimony regarding the

27   estimating potential multiples for future carried interest in Founders Fund's venture funds in the

28   context of the size of those funds.  *See* MIL No. 2, Ex. A ¶ 12 (redacted in Dkt. No. 218 at ECF

1  pp. 17).  This discussion, which is in part based on Ms. Gross's unique understanding of Founders

2  Fund's closely held, internal financial information, should not be publicly disclosed as Founders

3  Fund otherwise protects this information.  Gross Decl. ¶ 3–4; *see also, e.g.*, *In re Elec. Arts*, 298 F.

4  App'x at 569 (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms"

5  in a licensing agreement fell within the definition of a trade secret); *Ebay Inc. v. Boch*, 2022

6  WL 1131720, at *2 (N.D. Cal. March. 21, 2022) (granting an administrative motion to seal

7  "confidential internal financial and business information" that could "harm a party's competitive

8  standing."); *Doyle*, 2021 WL 4926999, at *1 (holding that "[t]he constitutionally-protected privacy

9  interests of [an] employee present compelling reasons to justify a sealing order.").

10        ***Founders Fund will suffer injury if sealing is denied.***  *See* Civil L.R. 79-5(c)(ii).  As Ms.

11  Gross explained:

12        If this information were released publicly, Founders Fund's
         competitors could gain unfair insight into Founders Fund's
13        market position and an unfair competitive advantage over
         Founders Fund, which could be detrimental to Founders Fund.
14        Furthermore, public disclosure of confidential, uncontextualized
         information regarding Founders Fund's various funds, including
15        the potential values for carried interest in certain nascent
         Founders Fund funds (some of which had no investments at the
16        time the information was produced in this case) as well as other
         SPVs could affect those funds' and Founders Fund's internal
17        and external operations. Likewise, public disclosure of
         confidential employee compensation information would impact
18        the privacy of Founders Fund's employees, and it would also
         affect Founders Fund's meritocratic approach to employee
19        compensation in the future.

20

21  *Id.* ¶ 6.  This injury is sufficient to warrant sealing.  *See Baird*, 403 F. Supp. 3d at 792; *see also*

22  *Ebay*, 2022 WL 1131720, at *2; *Doyle*, 2021 WL 4926999, at *1.

23        ***A less restrictive alternative to sealing is not sufficient to protect Founders Fund.***  *See*

24  Civil L.R. 79-5(c)(iii).  Throughout this case, Founders Fund has sought to comply with its

25  discovery obligations, and it has only made narrowly tailored requests to protect its most sensitive

26  confidentially maintained information.  Now, because this Motion is focused on an expert's

27  extensive analysis of Founders Fund's closely held, confidential business information, Founders

28  Fund has no choice but to ask the Court to seal all the information that is subject to the

1    Administrative Motion, as set forth in the accompanying Proposed Order.  Disclosing the redacted

2    information to the public would harm Founders Fund's competitive standing.  In this instance, there

3    is not a less restrictive option.

4          Further, Founders Fund is a nonparty to this case.  It has no interest in the outcome of this

5    litigation, and this evidence is not being presented in furtherance of any Founders Fund claim or

6    defense.  As a result, Founders Fund's interest in maintaining the confidentiality of its business

7    information should be accorded more weight, and the public disclosure of the information through

8    this litigation would be particularly inequitable.

9                                    **CONCLUSION**

10         For the foregoing reasons, Founders Fund respectfully requests that the Court find that there

11   are compelling reasons to seal the information that is the subject of the Administrative Motion and

12   enter the Proposed Order that Plaintiff filed with that Motion.

13

14                                     Respectfully submitted,

     Dated: February 7, 2025            LEWIS & LLEWELLYN LLP
15

16                                     By: */s/ John F. Frost*
                                           Evangeline A.Z. Burbidge
17                                         John F. Frost
                                           Attorneys for Nonparty
18                                         FOUNDERS FUND, LLC

19

20

21

22

23

24

25

26

27

28

FOUNDERS FUND'S STATEMENT IN SUPPORT OF SEALING
CASE NO. 3:22-CV-02010-AMO